UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A & E AUTO BODY, INC., et al.,

    Plaintiffs,

v.                                                      Case No. 6:14-cv-310-Orl-31TBS

21ST CENTURY CENTENNIAL
INSURANCE COMPANY d/b/a FARMERS
INSURANCE GROUP, et al.,

    Defendants.
_____/

## ORDER

Pending before the Court is attorney A. Brent Geohagan's Motion Instanter for Temporary Admission Into the Middle District of Florida Bar (Doc. 2). On February 24, 2014, Mr. Geohagan, who is not a member of the Middle District of Florida bar, simultaneously filed Plaintiffs' complaint (Doc. 1) and this motion. In the past, he has been a member of the bar of this Court. He avers that due to oversight, and because he was not involved in any cases pending in the Middle District of Florida, he failed to pay the dues required to maintain his bar membership. On February 19, 2014, he submitted an application to be readmitted to the Middle District of Florida bar. In the meantime, he asks the Court to admit him instanter so that he may prosecute this action on behalf of his clients.

Middle District of Florida Rule 2.02(d) provides:

> In an extraordinary circumstance (such as the hearing of an emergency matter) a lawyer who is not a member of the Middle District bar may move instanter for temporary admission provided the lawyer appears eligible for membership in the Middle District bar and simultaneously initiates proceedings for general or special admission

>to the Middle District bar. Temporary admission expires in thirty days or upon determination of the application for general or special admission, whichever is earlier.

The motion alleges that lawsuits which are legally and factually similar to this one have been, and will in the near future, be filed in federal courts across the United States. Mr. Geohagan anticipates that eventually, these cases will be consolidated into a single multi-district litigation. To ensure that this occurs, and because like cases have been or are on the cusp of being filed, Mr. Geohagan argues that the Court should find extraordinary circumstances and admit him instanter. The Court disagrees. It does not see any emergency and fails to understand how Plaintiffs will be unfairly prejudiced if Mr. Geohagan is required to go through the normal bar admission process. Accordingly, the motion is DENIED.

DONE AND ORDERED in Orlando, Florida, on March 13, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel