**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

A & E AUTO BODY, INC.,
AMERICAN PAINT & BODY, INC.,
AUTO & COACH WORKS OF CENTRAL
      FLORIDA, INC., D/B/A HI TECH
      AUTO & R.V. PARTS AND REPAIR
AUTO BODY CONCEPTS, INC.,
BOCA'S COURTESY COLLISION, INC.,
C&C AUTOMOTIVE, INC.,
COLLISION CONCEPTS OF DELRAY, LLC,
ELITE EURO CARS COLLISION SERVICES, INC.,
EXPRESS PAINT & BODY, INC.,
GUNDER'S AUTO CENTER, INC.,
HAUSER OF THE PALM BEACHES, INC.
      D/B/A ELITE PAINT AND BODY SHOP
JUSTICE COLLISION, LLC,
MARSHALL'S BODY MASTERS, LLC,
NORTH BAY AUTO SERVICE, INC.,
OLD DIXIE PAINT AND BODY, LLC,
ORLANDO AUTO BODY, INC.,
QUALITY COLLISION REPAIR, INC.,
STEWART AGENCY INC., D/B/A EARL
      STEWART TOYOTA OF NORTH
      PALM BEACH,
STEWART AUTO REPAIR, INC.,
STEWART COLLISION GROUP, LLC, D/B/A
      BERNIE'S BODY SHOP                    **PLAINTIFFS**

VS.                    **CAUSE NO. 6:14-CV-310-ORL-31TBS**

21ST CENTURY CENTENNIAL INSURANCE COMPANY
21ST CENTURY INDEMNITY INSURANCE COMPANY
ACCEPTANCE INDEMNITY INSURANCE COMPANY
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
ALLSTATE INSURANCE COMPANY
BRISTOL WEST INSURANCE COMPANY
DIRECT GENERAL INSURANCE COMPANY
ENCOMPASS INDEMNITY COMPANY
ESURANCE PROPERTY & CASUALTY INSURANCE
      COMPANY
ESURANCE INSURANCE COMPANY,
FIRST ACCEPTANCE INSURANCE COMPANY, INC.
FLORIDA FARM BUREAU GENERAL INSURANCE

COMPANY,
**FLORIDA FARM BUREAU CASUALTY INSURANCE**
    **COMPANY,**
**FOREMOST INSURANCE COMPANY**
**GEICO GENERAL INSURANCE COMPANY**
**HARTFORD ACCIDENT AND INDEMNITY**
    **COMPANY**
**HARTFORD UNDERWRITERS INSURANCE**
    **COMPANY**
**HORACE MANN INSURANCE COMPANY,**
**INFINITY AUTO INSURANCE COMPANY,**
**LIBERTY MUTUAL INSURANCE COMPANY**
**MERCURY INSURANCE COMPANY OF FLORIDA,**
**MGA INSURANCE COMPANY, INC.,**
**NATIONAL GENERAL INSURANCE ONLINE, INC.,**
**NATIONWIDE INSURANCE COMPANY OF**
    **FLORIDA, INC.,**
**NATIONWIDE MUTUAL INSURANCE COMPANY,**
**OCEAN HARBOR CASUALTY INSURANCE COMPANY,**
**OLD REPUBLIC INSURANCE COMPANY,**
**PROGRESSIVE AMERICAN INSURANCE COMPANY,**
**PROGRESSIVE SELECT INSURANCE COMPANY,**
**SAFECO INSURANCE COMPANY OF AMERICA,**
**SECURITY NATIONAL INSURANCE COMPANY,**
**SENTRY INSURANCE, A MUTUAL COMPANY,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE**
    **COMPANY,**
**THE CINCINNATI INSURANCE COMPANY,**
**THE TRAVELERS INDEMNITY COMPANY,**
**USAA CASUALTY INSURANCE COMPANY**
**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
**WESTFIELD INSURANCE COMPANY,**
**WINDHAVEN INSURANCE COMPANY,**
**ZURICH AMERICAN INSURANCE COMPANY**                    **DEFENDANTS**

---

## COMPLAINT

## JURY TRIAL DEMANDED

---

COME NOW, the above-captioned Plaintiffs, pursuant to Federal Rules of Civil Procedure and the local rules of the United States District Court for the Middle District of Florida, as well as previous order of this Court and file this, their Amended Complaint and Demand for Jury Trial against the above-captioned Defendants, and in support thereof, state the following:

## PARTIES

1.      Plaintiff A & E Auto Body, Inc., is a Florida Corporation licensed to do business and is doing business at 12002 Highway 17 North, Eagle Lake, Florida 33839.

2.      Plaintiff American Paint & Body, Inc., is a Florida corporation registered to do business and is doing business at 2210 Garden Street, Titusville, Florida 32796.

3.      Plaintiff Auto & Coach Works of Central Florida, Inc., d/b/a Hi-Tech Auto & RV Collision Center, is a Florida corporation registered to do business and is doing business at 3650 Havendale Boulevard NW., Winter Haven, Florida 33881

4.      Plaintiff Auto Body Concepts, Inc., is a Florida Corporation registered to do business and is doing business at 1000 927 NW. 40th Court, Pompano Beach, Florida 33064.

5.      Plaintiff Collision Concepts of Delray, LLC, is a Florida limited liability corporation registered to do business and is doing business at 1875 SW. 4th Avenue, C-1, Delray Beach, Florida 33444.

6.      Plaintiff Elite Euro Cars Collision Services, Inc., Is a Florida Corporation licensed to do business and is doing business at 15740 County Line Road, Spring Hill, Florida 34610.

7.      Plaintiff Express Paint and Body, Inc., Is a Florida Corporation licensed to do business and is doing business at 706 North Wabash Avenue, Lakeland, Florida 33815.

8.      Plaintiff Gunder's Auto Center, Inc., Is a Florida Corporation licensed to do business and is doing business at 930 Griffin Rd., Lakeland, Florida 33805.

9.      Plaintiff Justice Collision, LLC, is a Florida limited liability Corporation licensed to do business and is doing business at 1190 Wendy Court, Spring Hill, Florida 34607.

10.     Plaintiff Long Wholesale Consultants, is a Florida sole proprietorship licensed to do business and is doing business at 827 Saint Michel Drive, Rockledge, Florida 32955.

11.     Plaintiff Marshall's Body Masters is a Florida sole proprietorship licensed to do business and is doing business at 1825 Canova Street SE., Palm Bay, Florida 32909.

12.     Plaintiff Old Dixie Paint and Body, LLC, is a Florida limited liability corporation licensed to do business and is doing business at 983 12th Street, Suite D, Vero Beach, Florida 32960.

13.     Plaintiff Orlando Auto Body, Inc., Is a Florida corporation licensed to do business and is doing business at 7052 Old Cheney Highway, Orlando, Florida 32807.

14.     Plaintiff Quality Collision Repair, Inc., Is a Florida corporation licensed to do business and is doing business at 989 Kings Post Road, Rockledge Florida 32955.

15.     Plaintiff SPS Business Investments, Inc., d/b/a Babbsco Auto Collision, is a Florida corporation licensed to do business and is doing business at 4453 Todd Street, Lake Worth, Florida 33461.

16.     Plaintiff Stewart Agency, Inc., d/b/a Earl Stewart Toyota of North Palm Beach, is a Florida corporation licensed to do business and is doing business at 1215 Federal Highway, Lake Park, Florida 33403.

17.     Plaintiff Stewart Auto Repair, Inc., Is a Florida corporation licensed to do business and is doing business at 1990 42nd Street, NW., Winter Haven, Florida 33881.

-4-

18.     Plaintiff Stewart Collision Group, LLC, d/b/a Bernie's Body Shop, is a Florida limited liability corporation licensed to do business and is doing business at 1829 East Gary Road, Lakeland, Florida 33801.

19.     Plaintiff Hauser of the Palm Beaches, Inc., d/b/a Elite Paint and Body, is a Florida corporation licensed to do business and is doing business at 3613 Avenue K, Riviera Beach, Florida 33404.

20.     Plaintiff Boca's Courtesy Collision, Inc., Is a Florida corporation licensed to do business and is doing business at 2565 NW. 1st Avenue, Boca Raton, Florida 33431.

21.     Plaintiff C&C Automotive, Inc., is a Florida corporation licensed to do business and is doing business at 111Manatee Lane, Cocoa Beach, Florida 32931.

22.     North Bay Auto Service, Inc., is a Florida corporation licensed to do business and is doing business at 3102 Alt. 19 N., Palm Harbor, Florida 34683.

23.     At all times material hereto, 21st Century Centennial Insurance Company, was and is a Pennsylvania insurance company registered and authorized to do business within the State of Florida.

24.     At all times material hereto, Acceptance Indemnity Insurance Company, was and is a Nebraska insurance company registered and authorized to do business within the State of Florida.

25.     At all times material hereto, 21st Century Indemnity Insurance Company, was and is a Pennsylvania insurance company registered and authorized to do business within the State of Florida.

26.     At all times material hereto, Allstate Fire and Casualty Insurance Company, was and is an Illinois insurance company registered and authorized to do business within the State of Florida.

27.     At all times material hereto, Allstate Insurance Company, was and is an Illinois insurance company registered and authorized to do business within the State of Florida.

28.     At all times material hereto, Direct General Insurance Company, was and is an Indiana  insurance company registered and authorized to do business within the State of Florida..

29.     At all times material hereto, Bristol West Insurance Company, was and is an Ohio insurance company registered and authorized to do business within the State of Florida.

30.     At all times material hereto, Encompass Indemnity Company, was and is a Florida corporation registered as a domestic for-profit corporation with the Florida Secretary of State  The address provided to the Florida Secretary of State as this Defendant's Principal Address is identical to that of the Allstate Defendants in Northbrook, Illinois.  As of the date of the filing of this Amended Complaint, the Florida Department of Insurance Regulation has no record of this Defendant being issued authority to sell and/or issue policies of insurance within the State of Florida.

31.     At all times material hereto, Esurance Property & Casualty Insurance Company was and is a Wisconsin  insurance company registered and authorized to do business within the State of Florida.

32.     At all times material hereto, Esurance Insurance Company, Inc., was and is a Wisconsin corporation registered and authorized to do business within the State of Florida.

33.     At all times material hereto, First Acceptance Insurance Company, Inc., was and is a Texas corporation registered and authorized to do business in Florida.

34.     At all times material hereto, Foremost Insurance Company, was and is a Michigan insurance company registered and authorized to do business within the State of Florida.

35.     At all times material hereto,  GEICO General Insurance Company is a Maryland insurance company registered and authorized to do business within the State of Florida.

36.     At all times material hereto, Hartford Accident and Indemnity Company was and is a Connecticut  insurance company registered and authorized to do business within the State of Florida.

37.     At all times material hereto, Hartford Underwriters Insurance Company was and is a Connecticut insurance company registered and authorized to do business within the State of Florida.

38.     At all times material hereto, Horace Mann Insurance Company was and is an Illinois insurance company registered and authorized to do business within the State of Florida.

39.     At all times material hereto, Infinity Auto Insurance Company was and is an Ohio insurance company registered and authorized to do business within the State of Florida.

40.     At all times material hereto, Liberty Mutual Insurance Company was and is a Massachusetts insurance company registered and authorized to do business within the State of Florida.

41.     At all times material hereto, Florida Farm Bureau General Insurance Company was and is a Florida insurance company registered and authorized to do business within the State of Florida.

42.     At all times material hereto, Mercury Insurance Company of Florida was and is a Florida insurance company registered and authorized to do business within the State of Florida.

43.     At all times material hereto, MGA Insurance Company, Inc., was and is a Texas corporation registered and authorized to do business within the State of Florida.

44.    At all times material hereto, National General Insurance Online, Inc., was and is a Missouri corporation registered and authorized to do business within the State of Florida.

45.    At all times material hereto, upon information and belief, Nationwide Insurance Company of Florida is an Ohio insurance company registered and authorized to do business within the State of Florida.[1]

46.    At all times material hereto, Ocean Harbor Casualty Insurance Company was and is a Florida insurance company registered and authorized to do business within the State of Florida.

47.    At all times material hereto, Old Republic Insurance Company, was and is a Pennsylvania insurance company registered and authorized to do business within the State of Florida.

48.    At all times material hereto, Progressive American Insurance Company was and is an Ohio insurance company registered and authorized to do business within the State of Florida..

49.    At all times material hereto, Safeco Insurance Company of America was and is a New Hampshire insurance company registered and authorized to do business within the State of Florida.

50.    At all times material hereto, Sentry Insurance A Mutual Company was and is a Wisconsin insurance company registered and authorized to do business within the State of Florida..

51.    At all times material hereto, State Farm Mutual Automobile Insurance Company was and is an Illinois insurance company registered and authorized to do business within the State of Florida.

-----

[1]The domicile state of this Defendant is somewhat clouded.  Defendant reported to the Florida Department of Insurance Regulation that its home state is Ohio.  However, the Defendant reported to the Florida Secretary of State's Office that its home state is Iowa.  In both instances, the corporate officers are designated at addresses in Ohio and this forms the basis of Plaintiffs' belief this Defendant is a domestic corporation within the State of Ohio and the filing with the Florida Department of Insurance Regulation is correct.

52.     At all times material hereto, Florida Farm Bureau Casualty Insurance Company is a Florida insurance company registered and authorized to do business within the State of Florida.

53.     At all times material hereto, The Cincinnati Insurance Company is an Ohio insurance company registered and authorized to do business within the State of Florida.

54.     At all times material hereto, Travelers Indemnity Company is a Connecticut insurance company registered and authorized to do business within the State of Florida.

55.     At all times material hereto, USAA Casualty Insurance Company is a Texas insurance company registered and authorized to do business within the State of Florida.

56.     At all times material hereto, United Services Automobile Association is a Texas insurance company registered and authorized to do business within the State of Florida.

57.     At all times material hereto, Westfield Insurance Company is an Ohio insurance company registered and authorized to do business within the State of Florida.

58.     At all times material hereto, Windhaven Insurance Company is a Florida insurance company registered and authorized to do business within the State of Florida.

59.     At all times material hereto, Zurich American Insurance Company is a New York insurance company registered and authorized to do business within the State of Florida.

60.     At all times material hereto, Progressive Select Insurance Company is an Ohio insurance company registered and authorized to do business within the State of Florida.

61.     At all times material hereto, Nationwide Mutual Insurance Company is an Ohio insurance company registered and authorized to do business within the State of Florida.

62.     At all times material hereto, Security National Insurance Company is a Florida insurance company registered and authorized to do business within the State of Florida.

## JURISDICTION AND VENUE

63.     Original jurisdiction and venues exists in this Court pursuant to 28 U.S.C. § 1331, as the Plaintiffs assert causes of action arising under the United States Constitution, and/or laws and treaties of the United States; and 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim(s) occurred.

## FACTS

64.     Each individual Plaintiff is in the business of recovery and/or repair of motor vehicles involved in collisions.

65.     Each individual Defendant is an insurer providing automobile policies to consumers throughout the state of Florida.

66.     Each individual Plaintiff has done business at various times over the course of years with the Defendants' policyholders and claimants by providing to these policyholders and claimants motor vehicle collision repair service. Each Defendant is individually responsible for payment for those repairs for their respective policyholders and claimants. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace

Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

67.     Over the course of several years, the Defendants have engaged in an ongoing, concerted and intentional course of action and conduct with State Farm acting as the spearhead to improperly and illegally control and depress automobile damage repair costs to the detriment of the Plaintiffs and the substantial profit of the Defendants.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace

Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

68.     One of the methods by which the Defendants exert control over Plaintiffs' businesses is by way of entering program agreements with the individual Plaintiffs. Although each Defendant's program agreements have unique titles, such agreements are known generally and generically within the collision repair industry as direct repair program agreements ("DRPs").  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford

Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

69.    DRPs were originally presented to the Plaintiffs as a mutually beneficial opportunity. In exchange for providing certain concessions of price, priority and similar matters, the individual Defendants would list the body shop as a preferred provider.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company,

-13-

Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

70.     However, the concessions demanded by the individual Defendants in exchange for remaining on the direct repair programs were not balanced by the purported benefits. The Defendants, particularly State Farm, have utilized these agreements to exert control over the Plaintiffs' businesses in a variety of manners, well beyond that of an ordinary business agreement. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto

Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

71.     Defendants, particularly State Farm, have engaged in an ongoing pattern and practice of coercion and implied threats to the pecuniary health of the individual Plaintiff businesses in order to force compliance with unreasonable and onerous concessions. Failure to comply results in either removal from the program(s) combined with improper "steering" of customers away from the Plaintiffs' businesses, or simply punishment to decrease the number of customers utilizing the Plaintiffs services, and/or increasing ongoing and improper refusals to pay for certain repair procedures and/or charges without valid or reasonable justification.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance,

-15-

Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

72.     According to the Florida Department of Insurance Regulation's 2013 Annual Report, State Farm holds a market share within the Florida market area of 19.2%.  Its next closest competitor, GEICO, holds a market share of 9.3%, less than half that of State Farm.

73.     Collectively, over **65%** of the market within the market area of the State of Florida is controlled by Defendants State Farm, GEICO, Progressive, Allstate, USAA, United Services Automobile Association, Government Employees Insurance Company, 21st Century and Safeco. Market share information is not available from the State of Florida for the remaining Defendants not specifically named above.  See copy of Florida Department of Insurance Regulation market ahare report-2013, attached hereto as Exhibit "1."

74.     Based upon the most recent information available, it is clearly apparent State Farm holds the unchallenged dominant position within the automobile insurance industry in the Florida market.

76.     The vast majority of the Plaintiffs' business is generated by customers for whom the Defendants are responsible to pay repair costs.  The insurance-paying customers account for between seventy and ninety-five percent of each shop's revenue.  Overall, courts have acknowledged the significant role played by insurance companies in funding automobile collision repairs, as well as the ability and market power to exert substantial influence and control over where consumers will take a wrecked car for repairs.  See, e.g., *Allstate Ins. Co. v. Abbott*, 2006 U.S. Dist. LEXIS 9342 (N.D. Tex. 2006)(aff'd, *Allstate Ins. Co. v. Abbott*, 2007 U.S. App. LEXIS 18336 (5th Cir. 2007). The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance

-17-

Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

77.    As a general proposition, each DRP contains a general statement that the body shop will charge the respective insurance company no more for any particular repair than is the going rate in the market area.

78.    In order to establish the "market rate," State Farm utilizes what it terms "surveys." The geographical boundaries of the market area to be "surveyed" to establish the "market rate" are wholly within the control and direction of State Farm.

79.    Under the terms of its DRP, State Farm is not required to disclose any of the methods by which it establishes either the market area, the market rate, nor any other factual bases for its determination of the "market rate." The agreement contains no provisions for independent and neutral verification of the data utilized, nor any oversight not directly within the control and direction of State Farm.  The shops are simply required to blindly accept State Farm's pronouncements regarding these matters.

80.    Previously this "survey" was conducted by sending written documents to the individual shops.  The owner or designated representative of the shop would fill out the survey and return it to State Farm. In recent years, this process has been transferred to an electronic forum, State Farm's Business to Business portal, whereby the shops go online to complete the "survey."

81.     State Farm does not perform a survey in the traditional, scientifically-accepted sense, where information is obtained and neutral results produced, establishing a baseline of all the shops' information.  With respect to labor rates, as an example, State Farm's methodology does not represent what the majority of shops in a given area charge, quite the contrary.  State Farm's methodology lists the shops in a given market (as determined by State Farm) with the highest rates submitted at the top of the list and descending to the least expensive hourly rates at the bottom.

82.     State Farm then lists how many technicians a shop employs or the number of work bays available, whichever is lesser.  Those are then totaled and State Farm employs it's "half plus one" method.  If, for example, a State-Farm-determined market area has a total of fifty (50) technicians or work bays, State Farm's "half plus one" math equals twenty six (26).  With that number, starting at the bottom of the shop list, State Farm counts each shops' technicians or work bays until the "half plus one" number is reached, twenty six in this example, and whatever that shop's rate happens to be is declared the market rate.

83.     There could, arguably, be some validity to this method, if it accounted for the variance in shop size, skill of technicians and other quality variables, which it does not.  However, the greatest problem with this method is that State Farm can and does alter the labor rates input by the shops, decreasing those arbitrarily deemed too high–or higher than State Farm wishes to pay.

84.     By altering the rates entered, particularly those of the larger shops, those with the most technicians and/or work bays, State Farm manipulates the results to achieve a wholly artificial "market rate."  The results are therefore not that of an actual survey reflecting the designated market area but created from whole cloth by State Farm.

85.     Furthermore, State Farm attempts to prohibit the shops from discussing with each other the information each has entered into the survey, asserting any discussion may constitute illegal price fixing.  State Farm selects the geographical boundaries of the "survey," and State Farm retains the right to alter the "survey" results and does so.  All without disclosure or oversight.

86.     Defendant State Farm is the only Defendant to perform a "survey," inaccurate and manipulated though it is.  No other Defendant conducts any type of survey at all, though all Defendants assert they pay only "market rate."  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity

-20-

Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

87.     Another electronic page on State Farm's business portal is known as the Dashboard/Scorecard. An example of State Farm's Dashboard is attached hereto for descriptive purposes as Exhibit "2."

88.     The Dashboard has substantive impact on several levels.  It serves as the record of an individual shop's survey responses, as determined or amended by State Farm.  It also provides a "report card" and rating of the individual shop based primarily upon three criteria: quality, efficiency and competitiveness.

89.     Within the quality criterion, the shop's reported customer satisfaction, customer complaints, and quality issues identified by an audit are scored.

90.     The efficiency criterion evaluates repair cycle time, number of days a vehicle is in the shop, utilizing information input by the shops on the car's drop-off and pickup dates.

91.     The competitiveness criterion analyzes the average estimate for each State Farm repair, the cost of parts, whether a vehicle is repaired or replacement parts are utilized, the number of hours required to complete repair and similar matters.  An example of a State Farm score card is included within Exhibit "2," second page.

92.     In rating an individual shop, a total score of 1000 is possible. However, State Farm is under no obligation to disclose the weight or total number of points possible given to each factor included in reaching the score, particularly those factors included under the competitiveness criterion. In fact, State Farm has refused to disclose its method of determining competitiveness even to its own team leaders.

93.     Due to this opacity, State Farm maintains complete and unsupervised authority to determine an individual shop's rating. It is therefore possible for a shop to have no customer complaints, high customer satisfaction, no issues identified on an audit, complete compliance with all repair cycle time and efficiency requirements and yet still have a low rating.  It is also possible for a shop to have multiple customer complaints, poor customer satisfaction, numerous issues identified on audit and complete failure to meet efficiency expectations and yet have a very high rating.

94.     The Dashboard rating is very important as a shop's rating determines its position on the list of preferred providers.  When a customer logs on to the State Farm web site seeking a repair shop, those shops with the highest ratings are displayed first.  A shop with a low rating will be at the bottom of the list, often pages and pages down, making it difficult for a potential customer to find it.  If a customer calls State Farm, the representative provides the preferred shops beginning with those holding the highest rating.

### Suppression of Labor Rates

95.     Among the questions asked by the "survey" is the individual shop's hourly labor rate. This information is supposed to be provided by the shop and to accurately reflect that shop's labor rate to allow State Farm to reach a "market rate."  The actual method of determining a "market rate" is described above.

96.     If the labor rate information received is unilaterally deemed unacceptable by State Farm, a State Farm representative will contact the shop and demand the labor rate be lowered to an amount State Farm wishes to pay.

97.     If the body shop advises a labor rate increase is required, State Farm representatives will inform the body shop they are the only shop in the area who has raised its rates, therefore the higher rate does not conform with the "market rate."

98.     At various points in time, State Farm has utilized this method of depressing labor rates, telling each shop they are the only one to demand a higher labor rate when, in fact, multiple shops have attempted to raise their labor rates and advised State Farm of such.

99.     Should a shop persist in its efforts to raise its labor rate, State Farm will take one or more of several "corrective" measures: it will go into the individual shop's survey responses and alter the labor rate listed without the knowledge or consent of the shop and use this lowered rate to justify its determination of the "market rate." It will threaten to remove the shop from the direct repair program to coerce compliance.  It will remove the shop from the direct repair program.

100.     The net effect of this tactic is to allow State Farm to manipulate the "market rate" and artificially suppress the labor rate for the relevant geographic area, an area which, again, is defined solely by State Farm and is not subject to either neutral verification or even disclosure.

101.     The remaining Defendants, intentionally and by agreement and/or conscious parallel behavior, specifically advised the Plaintiffs they will pay no more than State Farm pays for labor. These Defendants have not conducted any surveys of their own in which the Plaintiffs have participated to determine market rates.  These Defendants have agreed to join forces with State Farm, the dominant market holder, and each other to coerce the Plaintiffs into accepting the artificially created less-than-market labor rates through intimidation and threats to the Plaintiffs' financial ability to remain operating.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st

Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

102.    Additionally, the suppressed payment ceilings are enforced across the board. Whether or not a shop is a member of a DRP, any DRP, is irrelevant. Defendants enforce the self-interested, artificially created rates across the board, simply refusing to pay any more while explaining it away as "market rate." The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and

Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

### Suppression of Repair and Material Costs

103.    Through various methods, the Defendants have, independently and in concert, instituted numerous methods of coercing the Plaintiffs into accepting less than actual and/or market costs for materials and supplies expended in completing repairs.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance

Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

104.     Some of these methods include but are not limited to: refusal to compensate the shops for replacement parts when repair is possible though strongly not recommended based upon the shop's professional opinion; utilizing used and/or recycled parts rather than new parts, even when new parts are available and a new part would be the best and highest quality repair to the vehicle; requiring discounts and/or concessions be provided, even when doing so requires the shop to operate at a loss; de facto compulsory utilization of parts procurement programs.

105.    In addition to the above, the Defendants have repeatedly and intentionally failed to abide by industry standards for auto repairs. Three leading collision repair estimating databases are in ordinary usage within the auto body collision repair industry:

a)      ADP;
b)      CCC; and
c)      Mitchell.

The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty

Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

106.    These databases provide software and average costs associated with particularized types of repairs to create estimates.  The estimates generated by these databases include the ordinary and customary repairs, repair time (labor) and materials necessary to return a vehicle to its pre-accident condition.  These databases and the estimates they generate are accepted within the industry as reliable starting points, subject to the shop's expert opinions and the necessarily present variability between the "best-case scenario"[2] presented by the procedure databases and the actual needs of a particular repair.

107.    Over the course of years, the Defendants have admitted the accepted position of the estimating databases within the industry, but have nonetheless engaged in a course of conduct of refusing to make full payment for procedures and materials. In many instances the Defendants will refuse to allow the body shop to perform required procedures and processes, thereby requiring the Plaintiffs to perform less-than-quality work or suffer a financial loss.

108.    A non-exhaustive list of procedures and processes the Defendants refuse to pay and/or pay in full is attached hereto as Exhibit "3."  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance

---

[2]The database procedure pages set forth the anticipated repairs, repair times and materials for repair of an undamaged vehicle using original manufacturer equipment which are specifically designed to fit that particular vehicle.  Wrecked cars are obviously not undamaged and original manufacturer parts are not always used, particularly with repairs for which State Farm and the other Defendants are responsible for payment, which can substantially affect repair procedures required, repair times and necessary materials.

Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

109.    At the same time, Defendants selectively rely upon and assert the definitive nature of these databases when doing so is to their respective financial advantage.  For example, when a particular repair requires twenty hours of labor to complete but the database estimate notes fifteen hours of labor is standard for that type of repair, Defendant will cite the database estimate and pay for only fifteen hours of labor time.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company,

Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

110.    With respect to materials, while it is inarguable that materials must be expended to repair automobile collisions, the Defendants simply refuse to pay for them or pay fully the materials costs submitted, asserting materials are part of the cost of doing business.  This is the Defendants' position even when the authoritative databases specifically state that such materials are <u>not</u> included in the repair procedure pages.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company,

Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

111.    The only partial exception to this practice is paint.  While paint costs are factored into the amount the Defendants will pay, it is calculated via a formula which compensates the shops for only half the actual cost on average.  The Defendants' method of calculating paint payment does not take into account the type of paint needed/used, the requirement that paint be mixed to match the existing color of the vehicle, the actual amount of paint required to complete the job, the type of vehicle involved or any other factor.  Defendants pay only based upon arbitrary caps, self-established and unrelated to actual costs to the Plaintiffs.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance

Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

112.    This continued refusal and/or failure to compensate Plaintiffs for ordinary and customary repairs and materials costs places Plaintiffs in the untenable position of either performing incomplete and/or substandard repairs and thus breaching their obligation to automobile owners to return vehicles to pre-accident condition, or performing labor and expending materials without proper compensation and thereby jeopardizing continuing viability of the business enterprise.

113.    Although occurring in Mississippi, and set forth here for illustrative purposes, it was these very concerns that prompted a meeting in April, 2013, between many of the Plaintiffs in a companion case, *Capitol Body Shop, et al v. State Farm Mutual Automobile Association*, Cause No. 3:14CV12, Southern District of Mississippi, representatives of State Farm and the Mississippi Department of Insurance. Present on behalf of State Farm were Tim Bartlett, Estimatix team leader, John Findley, Estimatix section manager, and Steve Simkins, State Farm counsel for Mississippi and Alabama.

114.    At this meeting, members of the automobile collision repair industry expressed their dissatisfaction and concerns with the very practice of refusing to compensate fully and fairly for repairs that were performed and State Farm's inconsistent application of the database estimating software, i.e., utilizing database estimates only when it is in State Farm's financial best interests to do so.

115.    State Farm representative Tim Bartlett acknowledged (before witnesses) that repairs and subsequent payment for those repairs should be consistent with the estimates prepared through the database software. Mr. Bartlett assured those present, and the Department of Insurance representative that it would begin abiding by those database estimates and stated it would raise the matter at its insurance industry meetings, held locally approximately once a month.

116.    Also at that meeting, Mr. Simpkins asked if insurance representatives might be permitted to attend the meetings of the Mississippi collision trade association. The association representative present for the meeting, John Mosley, invited State Farm to attend those  meetings if State Farm would permit members of the association to attend the insurance meetings. Mr. Simkins refused.

117.    Despite the assurances given the body shop representatives and the Department of Insurance at this meeting, State Farm has failed to perform as promised. State Farm, and the other Defendants in combination and/or conspiracy with State Farm, have continued to refuse to make payment and/or full payment for necessary and proper repairs, labor and materials.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

118.    Further, the same behavior persists within the State of Florida.

119.    Defendant State Farm also imposes restrictions upon the Plaintiffs' ability to obtain and utilize quality replacement parts and materials.  As part of its DRP agreement, State Farm asserts it has the unilateral authority to enter into separate agreements with manufacturers, distributors or suppliers of automotive parts, supplies or materials.

120.    Despite the fact that the shops have no involvement in the negotiation of those separate agreements, they are de facto required to abide by the pricing agreements reached, even if they do not make purchases with those vendors.  Although presented as an option to participate, the optional language is rendered nugatory by additional language which requires the shops to accept as payment only that amount for which the parts and/or materials could have been obtained through those agreements.  Participation or lack thereof is therefore completely meaningless and the optional language is illusory.

121.    Moreover, shops are required to "stack" this purportedly optional usage of separate agreements with other discounts required elsewhere within the agreement.  Thus, the limitation on payment, refusal to compensate for nearly all materials and the compelled discounts end in a shop operating at or near a loss for each repair.

122.    Again, State Farm makes no distinction between DRP shops and non-DRP shops. Even the illusory promise of optional participation is absent.  State Farm has enacted a wide-spread procedure of paying only the least amount for which a part *could* be obtained whether or not the least expensive part is appropriate.  Thus, if a bumper could be purchased at a vendor somewhere for $200.00, State Farm will only pay $200.00, even if the $200.00 bumper does not fit correctly and is not used.

123.     Though led by State Farm as the dominant market share holder, all Defendants have agreed to and/or consciously parallel the parts compensation ceilings established by State Farm solely for their own profit.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

**Steering**

124.     The Defendants regularly and routinely engage in "steering" in order to punish noncompliant shops.  The Defendants will "steer" insureds and/or claimants to favored, compliant shops through misrepresentation, insinuation, and casting aspersions upon the business integrity and quality of disfavored repair centers.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

125.    Examples of this practice include advising that a particular chosen shop is not on the preferred provider list, advising that quality issues have arisen with that particular shop, that complaints have been received about that particular shop from other consumers, that the shop charges more than any other shop in the area and these additional costs will have to be paid by the consumer, that repairs at the disfavored shop will take much longer than at other, preferred shops and the consumer will be responsible for rental car fees beyond a certain date, and that the Defendant cannot guarantee the work of that shop as it can at other shops.

126.    These statements have been made about certain Plaintiffs without any attempt to ascertain the truth thereof. Not only that, some of the ills recited which implicitly criticize the shops are wholly attributable to the insurer itself.  For instance, the statement that repairs will take longer at a disfavored shop–consumers are not told that the delay in beginning repairs is due to the insurer's decision to delay sending an appraiser to evaluate the damage, a decision completely and wholly within the control of the Defendants.  Asserting the shops charge more is often not a function of what the shop actually charges but the Defendants' refusal to pay, also a factor wholly and completely within the control of the respective Defendant.  Yet both are conveyed to the public as problems with the shop.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company,

Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

127.    The most egregious of these statements, that the Defendant cannot guarantee the work of the shop, is particularly misleading as none of the Defendants offer a guarantee for repair work. Instead, the Defendants require the body shops to provide a limited lifetime guarantee on work performed.  In the event additional work is required, the body shop is required to do so without any additional payment, or to indemnify the insurer for costs if work is performed at another shop.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau

General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

128.    Thus, while it may be a facially truthful statement that an insurer cannot guarantee the work of a particular shop, the clearly understood inference is that it can and will guarantee the work of another, favored shop, which is simply not true.

## Intentional Nature of Defendants' Wrongful Conduct

129.    In 1963, a consent decree was entered in *United States vs. Association of Casualty and Surety Companies*, et al, Docket No. 3106, upon complaint filed in the Southern District of New York.  The allegations of that complaint included violations of Sections 1 and 3 of the Sherman Act, also known as the Sherman Antitrust Act.  A copy of this Decree is attached hereto as Exhibit "5."

130.    Specific actions supporting those allegations included: (1) requiring repair rather than replacement of damaged parts; (2) replacing damaged parts with used rather than new parts; (3)

obtaining discounts on new replacement parts; (4) establishing strict labor time allowances; (5) suppressing the hourly labor rate; (6) channeling auto repairs to those repair shops which would abide by the insurer estimates and boycotting those which refused. The complaint further alleged a conspiracy and combination in unreasonable restraint of trade and commerce for these practices.

131. The Consent Decree order provided the following relief: (1) enjoined the defendants from placing into effect any plan, program or practice which has the purpose or effect of (a) directing, advising or otherwise suggesting that any person or firm do business or refuse to do business with any independent or dealer franchised automotive repair shop with respect to the repair of damage to automobile vehicles; (2) exercising any control over the activities of any appraiser of damages to automotive vehicles; (3) fixing, establishing, maintaining or otherwise controlling the prices to be charged by independent or dealer franchised automotive repair shops for the repair of damage to automotive vehicles or for replacement parts or labor in connection therewith, whether by coercion, boycott or intimidation or by the use of flat rate or parts manuals or otherwise.

132. Whether or not any current Defendant is legally bound by this Decree, the actions described in the present cause fall squarely within those prohibited by the Decree. The Decree has been "on the books" for fifty years and is well-known within the insurance industry.

133. Being known, it can only be said that Defendants were fully aware their actions, plans, programs, and combinations and/or conspiracy to effectuate the same have been willful, intentional and conducted with complete and reckless disregard for the rights of the Plaintiffs. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance

Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## CLAIMS FOR RELIEF

### COUNT ONE:
### QUANTUM MERUIT

134.     Quantum meruit rests upon the equitable principle that a party is not allowed to enrich itself at the expense of another. More specifically, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefore.

135.    Plaintiffs have performed valuable services and expended material resources with the reasonable expectation of payment\compensation for those services and materials. This is their business. Performing said services and expending material resources benefitted Defendants and Defendant's insured/claimants for whom Defendants are required to provide payment for repairs. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

-43-

136.     It was and has always been foreseeable the Plaintiffs were not performing labor or providing services and materials without expectation of full payment. However, Defendants have simply taken the position that payment may not be made unless they choose to provide it, regardless of any other factor or consideration and have thus enriched themselves at the expense of Plaintiffs. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

137.     Plaintiffs are equitably entitled to receive payment for the materials and services rendered.

## COUNT TWO:   UNJUST ENRICHMENT

138.     A quasi-contract, or constructive contract, is based on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In this respect, the terms "unjust enrichment" and "restitution" are modern designations for the doctrine of "quasi-contracts" and the basis for an action for unjust enrichment lies in a promise, which is implied in law, that one will pay to the person entitled thereto which in equity and good conscience is his.

139.     It is an obligation created by law, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money under circumstances that in equity and good conscience ought not be retained and which in justice and fairness belongs to another.

140.     In the present case, Defendants' insureds and claimants entrusted the Plaintiffs with the full and complete repair of their vehicles, the cost of which it is incumbent upon the Defendants to pay.  An obligation was thus created to provide payment to Plaintiffs for their work and expended materials.   The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company,

Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

141.    By failing to make payment and\or full payment for the necessary and reasonable costs of repair, Defendants have obtained or retained money which, in equity and good conscience, rightfully belongs to the Plaintiffs.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company,

-46-

Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company

of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide

Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty

Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company,

Progressive Select Insurance Company, Safeco Insurance Company of America, Security National

Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance

Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty

Insurance Company, United Services Automobile Association, Westfield Insurance Company,

Windhaven Insurance Company, and Zurich American Insurance Company.

## COUNT THREE:   QUASI-ESTOPPEL

142.    Quasi-estoppel is an equitable principle. This long-standing doctrine is applied to

preclude contradictory positions by preventing a person from asserting to another's disadvantage,

a right inconsistent with the position previously taken.

143.    The Defendants have relied upon and asserted the validity\authority of the databases,

supra, when it has been to their respective advantage. Indeed, State Farm has admitted the baseline

applicability of the various databases and given every indication to Plaintiffs it would comply with

the minimum requirements of the databases. Despite this, State Farm and the other Defendants have

refused to compensate and\or fully compensate Plaintiffs for materials expended and work

performed, including labor and labor rates, upon reliance of these very same guides, claiming they

are unnecessary to complete the work at hand.  The individual Defendants specifically included

within the use of the term "the Defendants" in this paragraph include 21st Century Centennial

Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance

Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

144.    Defendants' inconsistent and contradictory application of, or refusal to abide by, the guidelines of the industry databases has created an atmosphere of doubt, uncertainty and distrust, all to the severe detriment of Plaintiffs while, at the same time, seeking to obtain every improper advantage for Defendants themselves.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance

Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

145.    Plaintiffs therefore seek to have the Defendants estopped from denying the applicability and reasonableness of the baseline procedures and costs set forth in the industry databases henceforth and make full payment for the necessary reasonable costs of repairs made for the benefit of Defendants' insureds and claimants.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance

Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## COUNT FOUR:   TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

146.    Tortious interference with business relations occurs when a defendant engages in some act with malicious intent to interfere and injure the business of another.

147.    The Defendants have repeatedly engaged in malicious actions and a course of conduct designed to interfere with and injure the Plaintiffs' business relations and prospective business relations. The Defendants have repeatedly steered and attempted to steer customers away from the Plaintiffs' respective businesses through their repeated campaign of misrepresentation of facts, failure to verify facts damaging or tending to cause damage to the Plaintiffs business reputations

before conveying the same to members of the public, and, inter alia,  implications of poor quality

work, poor quality efficiency, poor business ethics and practices, and unreliability.  The individual

Defendants specifically included within the use of the term "the Defendants" in this paragraph

include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company,

Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate

Insurance Company, Bristol West Insurance Company, Direct General Insurance Company,

Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance

Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General

Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company,

GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford

Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance

Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA

Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company

of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance

Company, Old Republic Insurance Company, Progressive American Insurance Company,

Progressive Select Insurance Company, Safeco Insurance Company of America, Security National

Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance

Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty

Insurance Company, United Services Automobile Association, Westfield Insurance Company,

Windhaven Insurance Company, and Zurich American Insurance Company.

148 .   The purpose of these actions was twofold: to punish the Plaintiffs who complained

about or refused to submit to the various oppressive and unilateral price ceilings the Defendants were

enforcing upon them, and to direct potential customers of the Plaintiffs to other vendors who would comply with the maximum price ceilings unilaterally imposed by the Defendants. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

149.   The Plaintiffs have been damaged by the Defendants malicious and intentional actions. Plaintiffs are therefore entitled to compensation for these damages.   The individual

Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## COUNT FIVE:  CONVERSION

150.    Plaintiffs have performed necessary work and expended appropriate labor and materials for which Defendants have refused to make payment and\or full payment.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph

include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

151.    Defendants' actions constitute a conversion of Plaintiffs' monies.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company,

Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

152.    Defendants are therefore wrongfully in possession of monies which should have been expended to pay repair bills of their policyholders and claimants and which rightfully belong to Plaintiffs as a result of Plaintiffs performing necessary, reasonable and customary repairs to vehicles. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company,

Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## COUNT SIX: VIOLATIONS OF THE SHERMAN ACT–PRICE-FIXING

153.    The Sherman Act prohibits contracts, combinations or conspiracies in restraint of trade. 15 U.S.C. §1. Such agreements are illegal if (1) their purpose or effect is to create an unreasonable restraint of trade, or (2) they constitute a per se violation of the statute.

154.    Through parallel actions, and\or explicit agreement, the Defendants have formed and engaged in a vertical conspiracy or combination to impose maximum price limits upon the Plaintiffs for their products and services.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire

and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

155.    The United States Supreme Court has noted that agreements to fix maximum prices, no less than those to fix minimum prices, cripple the freedom of traders and thereby restrain their ability to sell in accordance with their own judgment. *Kiefer-Stewart Co. vs. Joseph E. Seagram and Sons, Inc.*, 340 U.S. 211 (1951).

156.    The Defendants and co–conspirators have engaged in combination and/or conspiracy in unreasonable restraint of trade and commerce in the automobile damage repair industry.  The individual Defendants specifically included within the use of the term "the Defendants" in this

paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

157.   The aforesaid combination and/or conspiracy has consisted of a continuing agreement in concert of action among the Defendants and co-conspirators to control and suppress automobile damage repair costs, automobile material repair costs through coercion and intimidation of these shops.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity

Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

158.    Evidence of this conspiracy or combination include, but is not limited to, explicit statements by Defendants they will conform to State Farm's unilaterally imposed payment structure, admitting the baseline application of the industry database but failing to conform to that minimum standard, followed by the uniformity of action by all Defendants.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance

Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

159.    The aforesaid offenses have had, among others, the effect of eliminating competition within the automobile damage repair industry, elimination of some shops from a substantial segment of the automobile damage repair industry for refusing or attempting to refuse the Defendants' arbitrary price ceilings, and subjecting repair shops to collective control and supervision of prices by the Defendants and co-conspirators. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance

Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

160.     Neither the Plaintiffs, nor other members of the auto collision repair industry are able to engage in competitive business practices as the Defendants have effectively and explicitly determined what their business practices will be. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West

Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

161.     The Defendants actions individually and certainly collectively have violated federal law and directly caused the Plaintiffs to incur substantial damages. Defendants are continuing and will continue said offenses unless the relief herein prayed for is granted.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance

Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## COUNT SEVEN: VIOLATION OF THE SHERMAN ACT–BOYCOTT

162.   The United States Supreme Court has repeatedly held that boycotts constitute a violation of the Sherman Act, 15 U. S. C. §1. "Boycott" has been defined within the antitrust law context as "pressuring a party with whom one has a dispute by withholding, or enlisting others to withhold, patronage or services from the target." *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 541 (1978).

163.   The Defendants have engaged, and continue to engage, in boycott and boycotting activity through their repeated actions of steering customers away from the Plaintiffs through

allegations and intimations of poor quality work, of poor efficiency in performing work, of questionable business practices, of overcharging, impugning integrity, and similar actions so as to withhold and\or enlist others to withhold patronage from the Plaintiffs.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

164.    This boycott was specifically designed to pressure, intimidate, and/ or coerce the Plaintiffs into complying with the maximum-price limitations unilaterally conceived by Defendant State Farm and agreed to collusively by the other Defendants. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

165.     It is irrelevant for purposes of the Sherman antitrust boycott activity that the Plaintiffs and Defendants are not direct competitors within the same industry. The United States Supreme Court has directly addressed this issue in *St. Paul Fire and Marine Insurance Company*, supra, stating, "[B]oycotters and the ultimate target need not be in a competitive relationship with each other." 438 U.S. at 543. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

-66-

166.    The enlistment of third parties as a means of compelling capitulation by the boycotted group has long been viewed as conduct supporting a finding of unlawful boycott. *Id*.

167.    In the present matter, the Defendants have engaged in not only a boycott, but have regularly, routinely and purposefully enlisted the aid of unwitting third parties in carrying out their boycott through their intentional acts of steering those customers away from the Plaintiffs.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty

Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

168.    Defendants' boycott was created and carried out with the sole purpose and intent of financially coercing and threatening the Plaintiffs into complying with the Defendants price caps. The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

169.    The Defendants actions are violation of federal law and have directly caused the Plaintiffs to incur substantial damages. Defendants are continuing and will continue said offenses unless the relief requested herein is granted.  The individual Defendants specifically included within the use of the term "the Defendants" in this paragraph include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## **PRAYER FOR RELIEF**

170.    As a result of the Defendants' actions, Plaintiffs have been substantially harmed and

will continue to suffer unless the relief requested herein is granted.  The Plaintiffs therefore pray for

the following relief:

A.    Compensatory damages for all non-payment and underpayment for work completed on behalf of the Defendants' insureds and claimants as determined by a jury.

B.    Compensation for the lost revenue through artificial suppression of labor rates as determined by a jury.

C.    Damages sufficient to compensate Plaintiffs for lost business opportunities as determined by a jury.

D.    Treble damages, reasonable attorneys' fees and costs  for violations of the Sherman Act, as required under 15 U.S.C. § 15.

E.    Injunctive relief prohibiting the Defendants from further engaging in any of the following:

(1)    Placing into effect any plan, program or practice which has the purpose or effect of:

(a)    directing, advising or otherwise suggesting that any person or firm do business or refuse to do business with any Plaintiff automotive repair shop with respect to the repair of damage to automobiles.

(b)    fixing, establishing or otherwise controlling the prices to be charged by independent or dealer franchised automotive repair shops for the repair of damage to automobiles or for replacement parts or labor in connection therewith whether by coercion, boycott or intimidation, or by the use of flat rate or parts manuals or otherwise.

(2)    Placing into effect any plan, program or practice which explicitly requires or has the purpose or effect of requiring Plaintiffs to participate in any parts procurement program.

(3)     Providing untruthful and/or unverified information to customers or third persons regarding the quality, cost, efficiency or reputation of any Plaintiff ("steering").

(4)     Prohibiting Defendant State Farm from altering or amending any Plaintiff response to its market labor rate "survey" without the express written permission of the affected Plaintiff.

F.     Punitive and/or exemplary damages sufficient to punish Defendants for their intentional acts and deter each Defendant and similar entities from pursuing this improper conduct in the future.

G.     Pre- and post-judgment interest.

H.     Any additional relief the Court deems just and appropriate.

The individual Defendants specifically included within the use of the term "the Defendants" in the Prayer for Relief include 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Acceptance Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Direct General Insurance Company, Encompass Indemnity Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, First Acceptance Insurance Company, Inc., Florida Farm Bureau General Insurance, Florida Farm Bureau Casualty Insurance Company, Foremost Insurance Company, GEICO General Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Horace Mann Insurance Company, Infinity Auto Insurance Company, Liberty Mutual Insurance Company, Mercury Insurance Company of Florida, MGA Insurance Company, Inc., National General Insurance Online, Inc., Nationwide Insurance Company of Florida, Inc., Nationwide Mutual Insurance Company, Ocean Harbor Casualty Insurance Company, Old Republic Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National

Insurance Company, Sentry Insurance A Mutual Company, State Farm Mutual Automobile Insurance Company, The Cincinnati Insurance Company, Travelers Indemnity Company, USAA Casualty Insurance Company, United Services Automobile Association, Westfield Insurance Company, Windhaven Insurance Company, and Zurich American Insurance Company.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands a judgment against all Defendants in an amount sufficient to fully compensate PlaintiffS for damages incurred as a result of Defendants' conduct with appropriate pre- and post-judgment interest, equitable relief as set forth above, punitive damages, attorneys' fees, expenses, costs and any other relief the Court deems the Plaintiffs entitled.

Respectfully submitted, this the 27$^h$ day of June, 2014.

**A & E AUTO BODY, INC., et al.**


BY:   _/s/ A. Brent Geohagan, Esq._
A. Brent Geohagan, Esq.
Florida Bar No. 071927
Trial Counsel for the Plaintiffs
Geohagan, P.A.
3001 Bartow Road
Lakeland, FL 33803
Telephone:    (863) 665-6930
Fax:          (863) 665-6935
Email: abrent@geohaganlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Notice has been served electronically via the ECF system all counsel of record registered to receive note.

<u>/s/ A. Brent Geohagan</u>