UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:14-CV-00310-GAP-TBS

A & E AUTO BODY, INC., et al.

    Plaintiffs,

v.

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, et al.,

    Defendants.
_____/

## DEFENDANTS', FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY AND FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, MOTION TO QUASH SERVICE AND TO DISMISS AMENDED COMPLAINT

Defendants, Florida Farm Bureau General Insurance Company and Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau"), by and through its undersigned counsel and pursuant to Rule 12, Federal Rules of Civil Procedure move to quash Plaintiffs' summonses served on Florida Farm Bureau[1] on June 20, 2014 and to dismiss the Amended Complaint filed on June 28, 2014. Plaintiffs' summonses should be quashed because Plaintiffs failed to perfect service on Defendants by serving the Defendants with a Complaint that was dismissed by the Court prior to service. Plaintiffs filed their initial Complaint (D.E. 1) on February 24, 2014. On June 11, 2014, this Court entered an Order (D.E. 110) dismissing Plaintiffs' Complaint without prejudice. Plaintiffs, having full knowledge of the Court's Order, served Florida Farm Bureau

---

[1] Plaintiffs' Summons (D.E. 140) is directed to Florida Farm Bureau General Insurance Company d/b/a Florida Farm Bureau Insurance Companies. Plaintiffs' Amended Complaint (D.E. 167) filed on June 28, 2014 names Florida Farm Bureau General Insurance Company and Florida Farm Bureau Casualty Insurance Company as defendants. Plaintiff has failed to serve Florida Farm Bureau Casualty Insurance Company with process to date.

1

with a summons and the dismissed Complaint on June 20, 2014. Plaintiffs' service of the dismissed Complaint violates Fed. R. Civ. P. 4(a) and (c) and therefore should be quashed.

Additionally, Plaintiffs' Amended Complaint (D.E. 167) should be dismissed for the following reasons: (1) Plaintiffs failed to effect service within 120 days after the filing of the Complaint; (2) Plaintiffs failed to comply with the requirements of the Court's June 11, 2014 Order dismissing the initial Complaint; and (3) Plaintiffs failed to allege sufficient facts for a valid cause of action against Florida Farm Bureau for the alleged violations of the Sherman Act and the five state law claims. Federal Rule of Civil Procedure 4(m) provides that the Court must dismiss an action without prejudice if a defendant is not served within 120 days after the complaint is filed. Although Plaintiffs served Defendants with a summons and the dismissed Complaint, this was not valid service under the rules. Plaintiffs subsequently failed to serve Defendants with the Amended Complaint, thus valid service has not been achieved within the required time and the Amended Complaint should be dismissed.

Dismissal is also warranted because Plaintiffs failed to comply with the Court's Order dismissing the Complaint. In the June 11, 2014 Order, this Court found that the Complaint "suffers from a host of problems." (D.E. 110). The Court elaborated in the order about the most egregious of the defects in Plaintiffs' initial pleading in the numbered paragraphs of the Order. (D.E. 110, ¶¶ 1-4). While Plaintiffs' Amended Complaint attempts to remedy the jurisdictional defect identified by the Court, Plaintiffs largely ignore the pleading instructions from the Court provided in the Order. Additionally, Plaintiffs failed to file their Amended Complaint in the time proscribed by this Court.[2]

Finally, dismissal of this action is proper because Plaintiffs fail to allege sufficient facts to state a valid claim against Florida Farm Bureau that would entitle Plaintiffs to relief under the

---

[2] Plaintiffs' Amended Complaint (D.E. 167) was filed on June 28, 2014.

antitrust or state law counts. Plaintiffs' Amended Complaint suffers from the same pleading defects identified in the June 11, 2014 Order dismissing the initial Complaint. Plaintiffs' Amended Complaint is devoid of facts regarding the conduct of Florida Farm Bureau that form the basis of the five state law claims and the two counts for violations of the Sherman Act.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SERVICE AND TO DISMISS AMENDED COMPLAINT

In support of its motions, Florida Farm Bureau states as follows:

### Introduction and Factual Background

Plaintiffs collectively are auto body repair shops throughout the state of Florida who have alleged that Defendants, automobile insurance carriers operating within this state, have acted in concert to depress labor and material costs paid for automobile repairs at Plaintiffs' businesses over an unspecified period of years. Plaintiffs have filed a seven-count Amended Complaint against Florida Farm Bureau and other Defendants, alleging state law claims for quantum meruit, unjust enrichment, quasi-estoppel, tortious interference with business relations, and conversion and two counts alleging violations of the Sherman Act. Plaintiffs' initial Complaint was superseded by an Amended Complaint filed on June 28, 2014, after the Court *sua sponte* dismissed the initial Complaint. Plaintiffs' Amended Complaint is nearly identical to the initial Complaint save correcting for the basis of the Courts' jurisdiction, identifying the alleged residency of each Defendant and listing the names of specific Defendants where Defendants were formerly referenced generically as "Defendants" in the initial Complaint. Despite the length of Plaintiffs' Amended Complaint, Plaintiffs have failed to articulate any basis for the relief sought against Florida Farm Bureau.

Plaintiffs assert in their Amended Complaint that the alleged wrongful acts of the Defendants were achieved by and through direct repair programs maintained by Defendants. Am.

Compl. ¶68. Plaintiffs' Amended Complaint centers on the alleged actions of Defendant State Farm and seeks to attribute the alleged actions of this Defendant to all other Defendants, including Florida Farm Bureau. Am. Compl. ¶68. Plaintiffs' single allegation specifically referencing Florida Farm Bureau merely asserts that Florida Farm Bureau is a Florida corporation and is doing business in Florida. Am. Compl. ¶¶41, 52. Plaintiffs allege that each Defendant maintained a direct repair program, however, had Plaintiff or their counsel completed a modicum of factual inquiry, they would have learned that Florida Farm Bureau does not maintain a direct repair program. Am. Compl. ¶68. Nevertheless, Plaintiffs have included Florida Farm Bureau in this action without alleging facts as to how Florida Farm Bureau has sought to collude, conspire or agree with the other named Defendants to commit any of the alleged acts. Every other reference to Florida Farm Bureau in the Amended Complaint is simply a reference that it is amongst the "individual Defendants specifically included within the use of the term 'the Defendants'" within paragraphs generally referring to actions of the named Defendants. Further, Plaintiffs fail to allege any facts in the Amended Complaint regarding any of the Plaintiffs having direct business dealings with Florida Farm Bureau or its insureds and the nature of any alleged dealings. Plaintiffs' Amended Complaint is defective as it leaves Florida Farm Bureau, other named Defendants, and the Court to guess as to which of the allegations are applicable to the various business dealings that may exist between various Defendants and the various Plaintiffs. The Amended Complaint fails to inform the Defendants of the alleged wrongful acts they allegedly engaged in that damaged Plaintiffs.

**Argument**

**I.     Plaintiffs Attempted Service Was Ineffective And Should be Quashed**

Plaintiffs failed to effectuate valid service on Florida Farm Bureau because Plaintiffs failed to include a valid complaint with the summons, therefore service should be quashed. A plaintiff must serve a defendant with process in order for a court to exercise jurisdiction over that defendant. "Service of a summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person or the party served. *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Prior to a federal court exercising personal jurisdiction over a defendant, the defendant must be served with a summons and in accordance with Rule 4, Fed. R Civ. P. *Id.*; *Benny v. Pipes*, 799 F.2d. 489 (9th Cir. 1986).

As set forth above, Plaintiffs filed their initial Complaint in this case on February 24, 2014. On June 11, 2014, this Court entered an Order dismissing the initial Complaint. The effect of the Order dismissing the initial Complaint leaves no operative Complaint for Plaintiffs to serve on Defendant with the summons absent the filing of an Amended Complaint in conformity with the June 11, 2014 Order. Absent a valid Complaint being served with the summons, Plaintiffs cannot properly comply with the requirements of Rule 4(a), specifically, stating the time within which the defendant must appear and defend and notifying the defendant that a failure to appear will result in a default judgment. Plaintiffs failed to file their Amended Complaint until June 28, 2014. The Complaint served upon Florida Farm Bureau on June 20, 2014, was a nullity, thus Plaintiff failed to comply with Rule 4, by failing to serve a copy of the complaint with the summons and include proper contents of Florida Farm Bureau's obligations in the summons.

In *Phillips v. Murchinson*, 194 F. Supp. 620 (S.D.N.Y. 1961), the court held that serving a superseded complaint with the summons was not a proper service of process and thus insufficient. In *Phillips*, the Plaintiff attempted to effectuate service on the defendant by serving a copy of the summons and an original complaint. *Id.* at 622. Prior to serving the defendant, the plaintiff filed an amended complaint which did not refer to or adopt the counts of the original complaint. *Id*. The court held that the superseded complaint served on the defendant was "a mere scrap of paper insofar as the case is concerned. *Id*.; *see also Utility Mfg. Co. v. Elgin Laboratories*, D.C.S.D.N.Y. 1939. The circumstances in the instant case are analogous to *Phillips*, as in both instances defendants were served with a complaint that was a legal nullity. The dismissed complaint in this case and the superseded complaint in *Phillips* both were not valid at the time of service, and thus service of those documents did not comport with the requirements of Rule 4. Plaintiffs' failure to serve a copy of a valid complaint with the summons directed to Florida Farm Bureau was not proper service and therefore service should be quashed.

## II. The Amended Complaint Should Be Dismissed For Failure to Serve the Summons and Complaint in Accordance with Fed. R. Civ. P. 4(c)(1) and 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve defendant with a copy of the summons and complaint within 120 days after filing the complaint. In order to maintain an action where a plaintiff has not complied with this provision, federal courts conduct a two-pronged analysis. First, the court must determine whether a "good cause" basis exists for a plaintiff's failure to serve a defendant within the mandated time. If a court determines that "good cause" is demonstrated, the court must then extend the time for service. If a court determines that good cause does not exist, the court may exercise its discretion to either dismiss the case or extend the time for service. *Horenkamp v. Van Winkle and Company, Inc.*, 402 F.3d 1129, 1132

(11th Cir. 2005). Plaintiff bears the burden of proving good cause for its failure to serve a defendant within the 120-day period. *Durgin v. Mon*, 659 F. Supp. 2d 1240 (S.D. Fla. 2009). In its good cause analysis, a court should evaluate Plaintiff's diligence and efforts in effectuating service, including whether plaintiff sought an extension of time under Fed. R. Civ. P. 6(b). Delay in service resulting from mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause. *AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000).

Plaintiffs have failed to comply with their obligations under Fed. R. Civ. P. 4(c)(1) and 4(m). Plaintiffs filed the initial Complaint in this case on February 24, 2014. Pursuant to Rule 4(m), Plaintiffs were required to effectuate service on Defendants on or before June 24, 2014. On June 11, 2014, the Court dismissed Plaintiffs' Complaint prior to Florida Farm Bureau being served with a copy of the summons and Complaint as required by Rule 4(c)(1). Pursuant to the Order, there was no operative Complaint setting forth allegations against Florida Farm Bureau when Plaintiffs served Defendants with the summons and Complaint on June 20, 2014. Plaintiffs' service of the summons and the dismissed complaint on June 20, 2014 was ineffective.

Plaintiffs failed to serve Defendants with the Amended Complaint on or prior to June 24, 2014. In fact, Plaintiffs have failed to serve the Amended Complaint on Florida Farm Bureau to date. Plaintiffs did not seek an extension of time in which to serve Florida Farm Bureau under Rule 6(b). Plaintiffs made no effort to obtain a summons from the clerk of court until after the Court issued an order dismissing this case on June 11, 2014. Plaintiffs' failure to effectuate service on Florida Farm Bureau was the result of apathy, lack of diligence and/or neglect. Plaintiffs cannot establish good cause for their failure to serve a summons and complaint on

Florida Farm Bureau within the time mandated by Rule 4(m); therefore, the Plaintiffs' Amended Complaint should be dismissed.

### III. The Amended Complaint Should Be Dismissed for Failure Allege Sufficient Facts to State A Claim

#### A. The Amended Complaint Fails to Comply With The Court's June 11, 2014 Order

Plaintiffs' Amended Complaint fails to comport with the Court's June 11, 2014 Order dismissing the initial Complaint and therefore should be dismissed. In its Order, the Court states that the initial Complaint suffers from a host of problems and then identifies what the Court determined were the most serious of the defects of the original Complaint. The most serious problems identified by the Court include: (1) Plaintiffs' "shotgun pleading" of incorporating every preceding paragraph in the Complaint into subsequent counts; (2) the conflict in the allegations of Plaintiffs basis for the Court's subject matter jurisdiction over the dispute; (3) Plaintiffs' failure to identify which Plaintiffs have direct repair programs with which Defendants; and (4) the Plaintiffs collective attribution of wrongdoing and failure to identify how each Plaintiff has been injured by each Defendant. The Court also provided in its Order that Plaintiffs, should they elect to do so, must replead on or before June 27, 2014. With the exception of correcting the basis for the Court's subject matter jurisdiction over the alleged dispute and removing reference to the incorporation of the preceding paragraphs into the subsequent counts, Plaintiffs' Amended Complaint ignores the pleading requirements set out in the June 11, 2014 Order and fails to remedy the defects of the initial Complaint. Therefore, Plaintiffs' Amended Complaint should be dismissed for failure to remedy the defects identified by the Court.

## B. Plaintiffs Fail to State A Cause of Action Under the Sherman Act (Counts VI and VII)

A complaint does not need to include detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, there must be ultimate facts pled that provide a nexus between the defendant and the alleged wrongdoings. In *Twombly*, the Supreme Court interpreted Rule 8, Fed.R.Civ.P., establishing particular pleading standards applicable in all civil actions. The Supreme Court held that a complaint must include the basis for a plaintiff's entitlement to relief and consist of more than mere labels, conclusions and a recitation of the elements of a cause of action. *Id*. at 555. A viable cause of action seeking relief must incorporate "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to include a "short and plain statement of the claim showing the pleader is entitled to relief." *Id*. at 677. The purpose of this statement is to put a defendant on notice of the nature and basis for the claim being made. *Twombly*, 550 U.S. at 555. A complaint that includes the requisite factual allegations that accepted as true is sufficient to state a claim that is plausible on its face may survive a motion to dismiss. *Id*. at 570.

Plaintiffs must show "a contract, combination or conspiracy in restraint of trade or commerce" for liability to be found under Section 1 of the Sherman Act. *Twombly*, 550 U.S. at 548. The mere showing of parallel action and an alleged conspiracy by defendants is not sufficient to sustain a claim under Section 1 of the Sherman Act. *Id.* at 556. "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that

raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id. at* 556-57. Though Plaintiffs are not required to include such detail as to provide an evidentiary basis for assertions in their complaint, the complaint must include enough of a factual basis to call for additional proceedings. *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53 (1st Cir. 1999). "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Id.*

Federal district courts may require a level of specificity in pleading prior to allowing an antitrust case to proceed. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983). District courts must take into account the potential excessive cost of discovery when considering dismissal of an antitrust action prior to discovery. 550 U.S. at 558. In *Twombly*, the Supreme Court acknowledged that absent careful scrutiny of the allegations in pleadings in an antitrust case, defendants may be forced to engage in costly discovery or force settlement of even weak cases prior to discovery. *Id.* at 559.

### 1. The Activities Complained of Constitute the Business of Insurance, Thus Plaintiffs Claims Under The Sherman Act Are Barred by the McCarran-Ferguson Act

The McCarran-Ferguson Act reserves matters concerning insurance to the states exclusively, thereby exempting the insurance companies from federal laws, including the requirements of the Sherman Act. 15 U.S.C. § 1011. The McCarran-Ferguson Act exempts insurers for purportedly anticompetitive conduct when: "(1) the challenged activity is part of the "business of insurance"; (2) the challenged activity is regulated by state law; and (3) the challenged activity does not constitute a boycott of unrelated transactions." *Gilchrist v. State Farm Mut. Auto. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004). Insurer activity aimed at managing risk or that is inherently part of the insurer/policyholder relationship constitutes the

business of insurance. *Union Labor Life Ins. Co. v. Piereno,* 458 U.S. 119 (1982). The Supreme Court has held that the adjustment of an insurance claim constitutes the business of insurance. *Group Life & Health Ins. Co. v. Royal Drug Co.,* 440 U.S. 205 (1979). Further, the performance of obligations pursuant to an insurance contract also constitutes the business of insurance. *Gilchrist*, 390 F.3d at 1331; *Piereno,* 458 U.S. at 119.

Plaintiffs allege that each individual Plaintiff has engaged in business with Defendants' policyholders and individuals making claims pursuant to policyholder insurance contracts over an unspecified period of time. Am. Compl. ¶66. Plaintiffs further allege that the majority of their business is derived from Defendants' insureds. Am. Compl. ¶76. Plaintiffs' claims against Florida Farm Bureau and other Defendants are based on the payment of policyholders and claimant's insurance claims, to which Plaintiffs are purportedly indirect beneficiaries. The payment of insurance claims inherently constitutes Defendants' compliance with their insurance contracts with policyholders and constitutes the business of insurance. The payment of insurance claims in Florida is well regulated by Chapter 627, Florida Statutes. Furthermore, Plaintiffs have failed to allege facts that establish that Florida Farm Bureau engaged in any act of boycott of Plaintiffs businesses. Plaintiffs' antitrust claims are thus barred by the McCarran-Ferguson Act and the Amended Complaint should be dismissed.

### 2. Plaintiffs Fail to Allege Sufficient Facts That Florida Farm Bureau Engaged in An Agreement Or Conspired With Other Named Defendants.

Plaintiffs' Amended Complaint fails to allege or establish any express or implied-in-fact agreement or conspiracy amongst the Defendants, thus the antitrust allegations on the Amended Complaint should be dismissed. A plaintiff must allege facts suggesting defendants maintained an agreement to restrain trade to prove liability under Section 1 of the Sherman Act. *Todorov v.*

11

*DCH Healthcare Authority*, 921 F.2d 1438, 1455 (11th Cir. 1991). Section 1 of the Sherman Act does not pertain to unilateral actions that may restrain trade. *Id*. Liability under Section 1 can only be proven when there is an agreement that *unreasonably* restrains trade. *Id*. An agreement amongst parties is proven when a unity of purpose or meeting of minds for an unlawful purpose is proven. *Id.* An agreement may be express or implied. *Id.* To establish that an agreement was formed, a plaintiff must allege that defendants conduct was not the result of independent acts. *Id.* A showing of uniform behavior is insufficient to establish a conspiracy or agreement in an antitrust context. *Id.* To prove conspiracy, a Plaintiff must allege: (1) an agreement in restraint of trade; (2) that the defendant deliberately entered into the agreement with the specific intent of achieving a monopoly; (3) that the agreement had an anticompetitive effect; and (4) at least one overt act in furtherance of the conspiracy. *Spanish Broadcasting Sys. Of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065 (11th Cir. 2004).

Plaintiffs' Amended Complaint does not contain any allegation of plausible facts tending to prove an agreement or illegal conspiracy amongst Defendants to restrain trade. Assuming *arguendo* that Plaintiffs have met this pleading threshold, Plaintiffs' fail to allege any facts that Florida Farm Bureau was a part of any such agreement. Plaintiffs simply allege acts purportedly engaged in by Defendant State Farm and then allege that "the remaining Defendants, intentionally and by agreement and/or conscious parallel behavior" engage in conduct attributed to State Farm. Am. Compl. ¶101. This agreement purportedly includes the refusal to pay Plaintiffs no more than the amount paid by State Farm to Plaintiffs for labor. Am. Compl. ¶101. Plaintiffs fail to include any facts to support this conclusory allegation of collusion amongst the various Defendants, including Florida Farm Bureau. Furthermore, Plaintiffs' allegations are insufficient to establish that Florida Farm Bureau deliberately entered into an agreement with the

12

other Defendants with the specific intent of achieving a monopoly or for any purpose or engaged in any overt act in furtherance of the alleged conspiracy. Plaintiffs' vague and conclusory allegations that the collective Defendants reached an agreement or acquiesced to alleged actions of Defendant State Farm are insufficient to state a claim establishing an agreement or a conspiracy under Section 1 of the Sherman Act.

### 3. Plaintiffs Fail to Allege Sufficient Facts Of Parallel Behavior Or Conspiracy

Conclusory allegations of parallel behavior alone do not establish a claim under Section 1 of the Sherman Act. *Twombly*, 550 U.S. at 552. "Plaintiffs must allege additional facts that "ten[d] to exclude independent self-interested conduct as an explanation for defendants' parallel behavior. *Id*. "An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of "entitle[ment] to relief" *Id*. at 557; *DM Research, Inc.*, 170 F. 3d at 56. "Even 'conscious parallelism,' a common reaction of 'firms in a concentrated market [that] recogniz[e] their shared economic interests and their interdependence with respect to price and output decisions' is 'not in itself unlawful.'" *Id*. at 553; *citing Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 227 (1993).

Plaintiffs' allegations that the Defendants, including Florida Farm Bureau, engaged in collective action does not suggest that this alleged conduct was against the individual economic interests of the individual Defendants. Plaintiffs allege that Defendants have engaged in parallel activity in a vertical conspiracy to impose maximum price limits on Defendants. Am. Compl. ¶154. Plaintiffs also allege that Defendants have collectively agreed or engaged in parallel behavior to set parts compensation ceilings to the detriment of Plaintiffs. Am. Compl. ¶123.

Each individual Defendant has an independent economic interest in risk management, managing costs paid out in claims and in not paying an above market rate for parts, paint and labor for automobile repairs required by its insureds. The Amendment Complaint fails to allege any facts establishing unlawful parallel behavior, but rather merely asserts its existence through conclusory allegations. Such conclusory allegations are insufficient to state a valid claim under Section I of the Sherman Act; therefore, Plaintiffs' allegations regarding parallel behavior should be dismissed.

### C. Plaintiffs Fail to State A Valid Cause of Action For the Alleged State Law claims

#### 1. Plaintiffs' Cannot State A Valid Claim for Quantum Meruit (Count I) and Unjust Enrichment (Count II) Under Florida Law.

Under Florida law, to state a cause of action for quantum meruit, unjust enrichment or quasi contract, "a plaintiff must allege: (1) that the plaintiff conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; (3) the defendant accepted or retained the benefit conferred; and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value fore it. *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839 (11th Cir. 2013). Plaintiffs allege in the Amended Complaint that Defendants exert control over Plaintiffs, "by way of entering program agreements with the individual Plaintiffs." Am. Compl. ¶68. Plaintiffs further allege that Florida Farm Bureau is included in the group of Defendants specifically included within the use of the term "the Defendants" relative to the program agreements with Plaintiffs. Am. Compl. ¶68. Plaintiffs' claim for equitable relief under the theory of quantum meruit is barred where an express contract exists. *White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x. 943 (11th Cir. 2011); *citing Ocean Communications, Inc. v. Bubeck*, 956 So. 2d 1222 (Fla. 4th DCA 2007).

## 2. Plaintiffs Cannot State A Valid Claim For Quasi Estoppel As Quasi Estoppel Is Not A Basis for A Cause of Action

Plaintiffs' claim for relief under the doctrine of quasi-estoppel is not a valid cause of action under Florida law. The doctrine of quasi estoppel, under Florida law, prevents a party from adopting inconsistent positions in litigation or in dealing in pais. *Campbell v. Kaufman Milling Co.*, 29 So. 435 (Fla. 1900); *Hodkin v. Perry*, 88 So. 2d 139 (Fla. 1956). Plaintiffs' Amended Complaint is devoid of any facts or allegations that Florida Farm Bureau has adopted inconsistent positions in litigation or in the course of dealings with any of the Plaintiffs. In fact, Plaintiffs have failed to specifically allege that any of the Plaintiffs had any dealings or transactions with Florida Farm Bureau. This count of Plaintiffs' Amended Complaint should thus be dismissed as Plaintiffs have failed to make Florida Farm Bureau aware of the acts committed that purportedly damaged Plaintiffs.

## 3. Tortious Interference With Business Relations – Count IV

To state a cause of action for tortious interference with business relations under Florida law, a plaintiff must plead "(1) existence of a business relationship under which a plaintiff has legal rights; (2) knowledge of the relationship on the part of the defendant; (3) intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff resulting from the breach." *Water & Sewer Utility Const., Inc. v. Mandarin Utilities, Inc.*, 440 So. 2d 428, 430 (Fla. 1st DCA 1983); *see also Hodges v. Buzzeo*, 193 F. Supp. 2d. 1279, 1284 (M.D. Fla. 2002). Although an express contract is not required to satisfy the requirements of the first element of a tortious interference claim, a plaintiff must allege a business relationship with a particular individual and not the general business community. *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). A plaintiff cannot maintain a cause of action for tortious interference with a

business relationship against a party to the operative contract. *Centrifugal Air Pumps Australia v. TCS Obsolete, LLC*, 2011 WL 1627167, (M.D. Fla. 2011).

In the Amended Complaint, none of the Plaintiffs allege the existence of a business relationship with any particular insureds of Florida Farm Bureau. Instead, Plaintiffs generally assert the existence of business relationships with past and prospective automobile owners who are insured by the named Defendants. Plaintiffs fail to allege that the relationships with the general populace of automobile owners in Florida are of a continuing nature. Although Plaintiffs allege that the alleged acts of the Defendants interfere with their ability to attract customers from the general populace, Plaintiffs fail to incorporate any facts into their Amended Complaint how any conduct of Florida Farm Bureau interfered with their ability to sell their services to any specific insured of Florida Farm Bureau.

### 4. Conversion – Count V

Conversion, under Florida Law, consists of (1) an act of dominion wrongfully asserted; (2) over the property of another; and (3) inconsistent with his ownership therein. *Joe Hand Promotions, Inc. v. Creative Entertainment, LLC*, 978 F. Supp. 2d 1236 (M.D. Fla. 2013); *Nat'l Union Fire Ins. Co. of Penn. v. Carib. Aviation, Inc.,* 759 F. 2d 873, 878 (11th Cir. 1985) (conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time). A plaintiff may not bring an action seeking damages in tort based on the same conduct which constitutes an alleged breach of contract. *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011). "In order to establish a claim for conversion of money under Florida law, a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to

do so." *U.S. v. Bailey*, 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003). To prove funds are clearly identifiable, a plaintiff must show that the money sough was delivered all at once or segregated. *Gambolati v. Sarkisian*, 622 So. 2d 47, 50 (Fla. 4th DCA 1993).

Plaintiffs allege that they established direct repair agreements with the Defendants and that such agreements constituted the basis of payments made for labor, paint, and parts paid by Defendants pursuant to their obligations to their insureds under their insurance contracts. In the absence of an express contract between Plaintiffs and Defendants, Plaintiffs allege a contract in fact based on Defendants individual obligation to pay for repairs to the vehicles of their respective insureds. Plaintiffs seek to circumvent the terms of any agreements with Defendants by bringing a common law tort claim for conversion in the absence of a breach of contract claim. Further, Plaintiffs seek recovery for an alleged debt that may be discharged by the payment of money purportedly owed for services rendered to Defendant's insureds over an unspecified period of time. The money sought by Plaintiffs is not identifiable or specific and Plaintiffs have failed to allege why they are owed any specific funds for any repairs to the vehicles of Florida Farm Bureau's insureds. Plaintiffs have also failed to allege that they have demanded these funds from Florida Farm Bureau and that there has been a refusal to pay. Finally, Plaintiffs fail to allege that Defendants had any obligation to maintain or deliver specific funds to Plaintiffs for repair work. Based on the above referenced defects, Plaintiffs' conversion claims must be dismissed as a matter of law.

**WHEREFORE**, Defendants, Florida Farm Bureau General Insurance Company and Florida Farm Bureau Casualty Insurance Company, respectfully requests that this Court enter an

Order quashing service and dismissing the Amended Complaint with prejudice for the reasons set forth herein and for such other and further relief as this Court deems just and proper. [3]

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on the 11th day of July, 2014, the foregoing document is being served on the counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system.

          COLODNY, FASS, TALENFELD,
          KARLINSKY, ABATE & WEBB, P.A.
          Counsel for Defendants Florida Farm Bureau
          One Financial Plaza, 23rd Floor
          100 Southeast 3rd Avenue
          Fort Lauderdale, Florida 33394
          Telephone:    (954) 492-4010
          Facsimile:    (954) 492-1144

          By:   /s/ A. Abidemi Oladipo
              MARIA ELENA ABATE
              Fla Bar No. 770418
              mabate@cftlaw.com
              A. ABIDEMI OLADIPO
              Fla Bar No. 0041779
              aoladipo@cftlaw.com

---

[3] Florida Farm Bureau adopts and incorporates by reference the reasoning and relief sought in the motions to dismiss filed by Nationwide Insurance Company, et. al (D.E. 156), GEICO General Insurance Company (D.E. 191) and Hartford Accident & Casualty Company, et. al (D.E. 192).