**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| A & E AUTO BODY, INC., AMERICAN PAINT & BODY, INC., AUTO & COACH WORKS OF CENTRAL FLORIDA, INC., D/B/A HI TECH AUTO & R.V. PARTS AND REPAIR AUTO BODY CONCEPTS, INC., BOCA'S COURTESY COLLISION, INC., C&C AUTOMOTIVE, INC., COLLISION CONCEPTS OF DELRAY, LLC, ELITE EURO CARS COLLISION SERVICES, INC., EXPRESS PAINT & BODY, INC., GUNDER'S AUTO CENTER, INC., HAUSER OF THE PALM BEACHES, INC. D/B/A ELITE PAINT AND BODY SHOP JUSTICE COLLISION, LLC, MARSHALL'S BODY MASTERS, LLC, NORTH BAY AUTO SERVICE, INC., OLD DIXIE PAINT AND BODY, LLC, ORLANDO AUTO BODY, INC., QUALITY COLLISION REPAIR, INC., STEWART AGENCY INC., D/B/A EARL STEWART TOYOTA OF NORTH PALM BEACH, STEWART AUTO REPAIR, INC., STEWART COLLISION GROUP, LLC, D/B/A BERNIE'S BODY SHOP, | Case No. 6:14-CV-00310-GAP-TBS<br><br>**DEFENDANT INFINITY AUTO INSURANCE COMPANY'S AND FIRST ACCEPTANCE INSURANCE COMPANY, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT AND SUPPORTING MEMORANDUM** |
| *Plaintiffs,* | |
| v. | |
| 21ST CENTURY CENTENNIAL INSURANCE COMPANY, 21ST CENTURY INDEMNITY INSURANCE COMPANY, ACCEPTANCE INDEMNITY INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY BRISTOL WEST INSURANCE COMPANY, DIRECT GENERAL INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY, ESURANCE INSURANCE COMPANY, FIRST ACCEPTANCE INSURANCE COMPANY, INC., FLORIDA FARM BUREAU GENERAL INSURANCE, COMPANY, FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, FOREMOST INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD UNDERWRITERS INSURANCE | |

1

COMPANY, HORACE MANN INSURANCE
COMPANY, INFINITY AUTO INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, MERCURY INSURANCE COMPANY
OF FLORIDA, MGA INSURANCE COMPANY,
INC., NATIONAL GENERAL INSURANCE
ONLINE, INC., NATIONWIDE INSURANCE
COMPANY OF FLORIDA, INC., NATIONWIDE
MUTUAL INSURANCE COMPANY, OCEAN
HARBOR CASUALTY INSURANCE COMPANY,
OLD REPUBLIC INSURANCE COMPANY,
PROGRESSIVE AMERICAN INSURANCE
COMPANY, PROGRESSIVE SELECT
INSURANCE COMPANY, SAFECO INSURANCE
COMPANY OF AMERICA, SECURITY
NATIONAL INSURANCE COMPANY, SENTRY
INSURANCE, A MUTUAL COMPANY, STATE
FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, THE CINCINNATI INSURANCE
COMPANY, THE TRAVELERS INDEMNITY
COMPANY, USAA CASUALTY INSURANCE
COMPANY. UNITED SERVICES AUTOMOBILE
ASSOCIATION, WESTFIELD INSURANCE
COMPANY, WINDHAVEN INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY,

                                *Defendants.*
_____/

## MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF INFINITY AUTO INSURANCE COMPANY AND FIRST ACCEPTANCE INSURANCE COMPANY

      Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4) and 12(b)(6), Defendant Infinity Auto Insurance Company ("Infinity") and First Acceptance Insurance Company, Inc. ("First Acceptance") respectfully move the Court to quash the Plaintiffs' summonses to Infinity and First Acceptance and dismiss this action as to them for insufficient service and process or, alternatively, to dismiss the claims made against them in the Plaintiffs' amended complaint (Doc. 167) for failure to state claims upon which relief may be granted as well as for lack of standing.

2

## INTRODUCTION

Through their amended complaint, Plaintiffs assert claims against a legion of automobile insurance companies, claiming that they have violated Florida law and the Sherman Act by refusing to fully pay the Plaintiffs for the full costs of vehicle repairs or for labor through the use of supposedly coercive "direct repair program agreements ('DRPs')." Doc. 167 at ¶ 68. Yet, none of the Plaintiffs claims to have ever entered into a DRP with *Infinity* or *First Acceptance.* Doc. 167-4. Nevertheless, the Plaintiffs have named Infinity and First Acceptance as defendants, and amorphously lumped them together with the dozens of other insurers named in this case who apparently entered into DRPs with the Plaintiffs, and allegedly used those agreements to coerce and manipulate the Plaintiffs into making various concessions. Put simply, the amended complaint not only fails to state any plausible claim of wrongdoing by Infinity or First Acceptance, but also fails to allege that any of the Plaintiffs ever had any relationships or dealings with Infinity or First Acceptance at all. In fact, the amended complaint fails to specifically allege any fact sufficient to demonstrate that any (much less all) of the Plaintiffs have suffered actual harm from any action of Infinity, or from any action of First Acceptance, and therefore Plaintiffs separately and severally lack standing to sue Infinity or First Acceptance.

Making matters worse, the Plaintiffs never served Infinity or First Acceptance with a copy of the original complaint *until after it was already dismissed by the Court on June 11, 2014*. Service is not validly accomplished by belatedly serving a defendant with a summons enclosing a judicially-dismissed complaint. And the Plaintiffs have yet to serve Infinity and First Acceptance with a copy of their amended complaint, which was not even filed until after service had been attempted. More than 120 days have passed since the initiation of this case, and the Plaintiffs have still not perfected proper service of valid process upon Infinity or First

Acceptance.

## ARGUMENT

I. **THE SUMMONS AND COMPLAINT SERVED ON INFINITY AND FIRST ACCEPTANCE SHOULD BE QUASHED AS INSUFFICIENT SERVICE AND PROCESS**

Infinity and First Acceptance adopt and incorporate the arguments raised by Nationwide Mutual Insurance Company and Nationwide Insurance Company of Florida with respect to the insufficiency of service and process provided to certain of the defendants in this case (Doc. 156), because those arguments are equally applicable to Infinity's and First Acceptance's own situations. This action was commenced on February 24, 2014. Doc. 1. One hundred and seventeen (117) days later, on June 11, 2014, the Court dismissed the Plaintiffs' original complaint. Doc. 110. Only then did the Plaintiffs first attempt to serve Infinity (Doc. 134) and First Acceptance (Doc. 141)—as well as a number of the other named insurers (Docs. 112-150)—with their now-dismissed original complaint. *See also* Exhibit A (summons to Infinity Auto Insurance Company); Exhibit B (summons to First Acceptance Insurance Company, Inc.). But serving a party with a dismissed pleading, to which the party has no obligation to appear and defend, does not comply with Federal Rules of Civil Procedure 4(c)(1) and (4)(a)(1)(d). And the Plaintiffs cannot attempt to cure this now, by trying to serve Infinity and First Acceptance with their operative amended complaint. More than 120 days has passed since the inception of this action, and Plaintiffs can offer no legitimate excuse for their failure to properly serve Infinity or First Acceptance earlier. FED. R. CIV. P. 4(m); *accord Corning v. Lodgenet Interactive Inc*., No. 08-cv-1171, 2009 WL 3294837, at *1 (M.D. Fla. Oct. 13, 2009) ("Under Rule 4(m), the failure to effect service within 120 days of the filing of a complaint mandates dismissal."); *Suzie's Structures, Inc. v. Ziegler*, No. 09-cv-975, 2009 WL 3668267, at *1 (M.D. Fla. Oct. 27, 2009).

At bottom, Plaintiffs voluntarily chose to delay serving Infinity and First Acceptance

with a copy of their complaint, and thereby denied Infinity and First Acceptance proper notice of this proceeding until the original complaint was already dismissed. Plaintiffs' attempt to tardily serve a summons enclosing the already-dismissed complaint was anything but sufficient service or valid process. And Plaintiffs have not shown and cannot show good cause for their self-chosen decision to not properly serve Infinity or First Acceptance with a summons prior to the dismissal order, or to at least serve a non-dismissed complaint within 120 days of the inception of this action. For these reasons, the Plaintiffs' summonses and service of process to Infinity and First Acceptance should be quashed as insufficient service and insufficient process, and this action should be dismissed as to Infinity and First Acceptance.

## II. EVEN IF SERVICE AND PROCESS WAS SUFFICIENT AND TIMELY, DISMISSAL WOULD STILL BE APPROPRIATE

Even if Infinity and First Acceptance could somehow be viewed as having been timely and properly served with valid process in this case, the Plaintiffs' amended complaint would remain due to be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In this regard, Infinity and First Acceptance adopt and incorporate the Rule 8 and Rule 12(b)(6) arguments raised in the motion to dismiss by GEICO General Insurance Company (Doc. 191), as well as in the motion to dismiss by Hartford Accident & Casualty Company, Hartford Underwriters Insurance Company, 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Encompass Indemnity Company, Esurance Property and Casualty Insurance Company, Foremost Insurance Company Grand Rapids, Michigan, Liberty Mutual Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, The Cincinnati

5

Insurance Company, The Travelers Indemnity Company, USAA Casualty Insurance Company, and United Services Automobile Association (Doc. 192). The amended complaint makes no different or additional allegations against Infinity or First Acceptance than are made against those defendants, and therefore their arguments are each fully applicable to the claims made against Infinity and First Acceptance.

As this Court has already suggested, the sort of shotgun pleading utilized in the original complaint and perpetuated in the amended complaint constitutes a textbook example of what is impermissible under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and Rule 8. S*ee, e.g.,* Doc. 191 at 6-20, Doc. 192 at 3-9. The conclusory use of broad collective generalities is particularly insufficient here, where the Plaintiffs are claiming that the named insurers used DRPs to coerce the Plaintiffs into accepting less money than they claim was due them, *but not one of the Plaintiffs claims it ever entered into a DRP with Infinity or First Acceptance*. Doc. 167-4.

Beyond this, for the reasons stated by GEICO and the other defendants recited above, none of Plaintiffs' claims—whether stated under Florida law or the Sherman Act—state plausible claims upon which relief can be granted under the substantive law. Doc. 191 at 20-25; Doc. 192 at 9-24. For these reasons, Infinity and First Acceptance are again entitled to be dismissed from this case.

Finally, taken together with its exhibits, the amended complaint lacks any specific allegation that any, much less all, of the Plaintffs ever entered into a DRP with Infinity or First Acceptance, and lacks any specific allegation that any of them, much less all of them, have otherwise suffered specific actual harm in any specifically identified transaction as a result of any specific conduct by Infinity or First Acceptance. Therefore, the amended complaint fails to allege facts sufficient to demonstrate standing on the part of the Plaintiffs to sue First Acceptance

or Infinity, thus warranting dismissal under Rule 12(b)(1).

The Plaintiffs' specific disclosures in Exhibit 4 of their amended complaint reveal that none of them ever entered into a DRP with Infinity or First Acceptance, and that specific recitation of which DRP agreements each Plaintiff had controls over the "'conclusory and ['shotgun-styled'] allegations" of the amended complaint itself. *Principal Bank v. First Am. Mortg, Inc.*, No. 10-cv-190, 2014 WL 1268546, at * (M.D. Fla. Mar. 27, 2014) (quoting Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009)). And without being a party to any identified DRP with Infinity or First Acceptance, or identifying any specific transaction in which each Plaintiff suffered any actual harm by the actions of Infinity or First Acceptance, the Plaintiffs separately and severally have failed to allege facts sufficient to demonstrate their standing to assert claims against Infinity or First Acceptance. *Tiller v. State Farm Mutual Auto. Ins. Co.*, 549 Fed. App'x 849, 852-55 (11th Cir. Nov. 4, 2013); *accord Zinn v. SCI Funeral Servs. Of Fla., Inc.*, — Fed. App'x —, 2014 WL 2599850 (11th Cir. June 11, 2014) (affirming dismissal of action for lack of standing based on absence of plausible allegations that the plaintiffs had been personally "affected by the alleged acts of the defendants"). As the Eleventh Circuit has repeatedly made clear, a federal court cannot "speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229-30 (11th Cir.2000). It is instead the Plaintiffs' responsibility to clearly and specifically set forth facts sufficient to establish standing. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Lack of standing of course deprives a federal court of subject matter jurisdiction, and "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Id.*, at 155-56; *accord Barber v. America's*

*Wholesale Lender*, 542 Fed. App'x 832, 835 (11th Cir. 2013).

## CONCLUSION

For the reasons set forth herein, as well as in the motions to dismiss of Nationwide Mutual Insurance Company and Nationwide Insurance Company of Florida (Doc. 156), GEICO General Insurance Company (Doc. 191), and Hartford Accident & Casualty Company, Hartford Underwriters Insurance Company, 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Bristol West Insurance Company, Encompass Indemnity Company, Esurance Property and Casualty Insurance Company, Foremost Insurance Company Grand Rapids, Michigan, Liberty Mutual Insurance Company, Progressive American Insurance Company, Progressive Select Insurance Company, Safeco Insurance Company of America, Security National Insurance Company, Sentry Insurance A Mutual Company, The Cincinnati Insurance Company, The Travelers Indemnity Company, USAA Casualty Insurance Company, and United Services Automobile Association (Doc. 192), the Court should issue an Order quashing the summons served on Infinity and First Acceptance and dismiss the claims made against them by the Plaintiffs for insufficient and untimely process pursuant to Rule 12(b)(4), or, alternatively, dismissing the entirety of the Plaintiffs' amended complaint against First Acceptance and Infinity either for lack of jurisdiction pursuant to Rule 12(b)(1) or for failure to state claims upon relief can be granted or for lack of jurisdiction pursuant to Rule 12(b)(6).

DONE: July 11, 2014

    *s/ Marc James Ayers*
Marc James Ayers
Florida Bar No. 0157279
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mayers@babc.com

*Attorney for Defendants*
*Infinity Auto Insurance Company and*
*First Acceptance Insurance Company, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record and other participants in the Court's ECF filing system.  I further certify that I will mail a true and correct copy of the foregoing document to any non-ECF participant as identified by the ECF notification system.

                                            *s/ Marc James Ayers*
                                              OF COUNSEL