**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

A & E AUTO BODY, INC., *et. al.*

    Plaintiffs,

v.                                                        Case No. 6:14-CV-310-ORL-31TBS

21st CENTURY CENTENNIAL INS. CO., *et. al.*

    Defendants.

_____

**DEFENDANT HORACE MANN INSURANCE COMPANY'S**
**MOTION TO QUASH SUMMONS AND TO DISMISS ACTION**
**AND SUPPORTING MEMORANDUM**

Pursuant to Federal Rule of Civil Procedure 12(b)(4) Defendant Horace Mann Insurance Company ("Horace Mann") respectfully moves the Court to quash the Plaintiffs' summons to Horace Mann and dismiss this action as to it for insufficient service and process. Horace Mann also moves to dismiss the Plaintiffs' Amended Complaint [Doc. 167] pursuant to Federal Rules of Civil Procedures 8 and 12(b)(6).

**Horace Mann joins in and adopts the Nationwide defendants' Motion to Quash [Doc. 156] and the Motions to Dismiss filed by Hartford and other defendants [Docs. 191 and 192].**

**FACTS AS THEY RELATE TO HORACE MANN**

On February 24, 2014, Plaintiffs filed the Complaint in this action. [Doc. 1] However, Plaintiffs did not serve Horace Mann with a copy of that Complaint until after it was already dismissed by this Court. As is shown by **Exhibit A** hereto, the Chief Financial Officer of the State of Florida accepted service of process for Horace Mann on Jun 16, 2014,

and forwarded an electronic copy of the original petition to Horace Mann on June 20, 2014. This Court had already dismissed the original complaint before that service. [Doc. 110] As a result, Plaintiffs' summons failed to comply with Federal R. Civ. P. 4(a) and (c), and should be quashed. In addition, the Court should dismiss the action as to Horace Mann pursuant to Fed. R. Civ. P. 4(m) because Plaintiffs failed to serve Horace Mann in a timely manner. Service is not accomplished by belatedly serving a defendant with a summons enclosing a judicially-dismissed complaint.

## ARGUMENT

I. **THE SUMMONS AND COMPLAINT SERVED ON HORACE MANN SHOULD BE QUASHED AS INSUFFICIENT SERVICE AND PROCESS**

Horace Mann adopts and incorporates the arguments raised by the Nationwide defendants with respect to the insufficiency of service and process provided to certain of the defendants in this case [Doc. 156], because those arguments are equally applicable to Horace Mann's own situation. This action was commenced on February 24, 2014. [Doc. 1.] One hundred and seventeen (117) days later, on June 11, 2014, the Court dismissed the Plaintiffs' original complaint. [Doc. 110]. Only then did the Plaintiffs first attempt to serve Horace Mann [Doc. 135]—as well as a number of the other named insurers [Docs. 112-150]—with their now-dismissed original complaint. *See also* **Exhibit A** (notice of service of process and summons to Horace Mann Insurance Company).

But serving a party with a dismissed pleading, to which the party has no obligation to appear and defend, does not comply with Federal Rules of Civil Procedure 4(c)(1) and (4)(a)(1)(d). The Plaintiffs cannot attempt to cure this failure by now serving Horace Mann with their amended complaint (filed after the Court's deadline for doing so); moreover, after

this filing, to the best of Horace Mann's knowledge, it has not been served with the amended complaint. More than 120 days has passed since the inception of this action (138 days has passed as of July 11, 2014), and Plaintiffs can offer no legitimate excuse for their failure to properly serve Horace Mann. FED. R. CIV. P. 4(m).

For these reasons, the Court should quash Plaintiffs' summons and service of process to Horace Mann as insufficient, and this action should be dismissed with prejudice as to Horace Mann.

**II.   EVEN IF SERVICE AND PROCESS WERE SUFFICIENT AND TIMELY, DISMISSAL IS STILL BE APPROPRIATE**

Even if Horace Mann could somehow be viewed as having been timely and properly served with valid process in this case, the Plaintiffs' amended complaint would remain due to be dismissed under Federal Rules of Civil Procedure 12(b)(6). **In this regard, Horace Mann adopts and incorporates herein the Rule 8 and Rule 12(b)(6) arguments raised in the motion to dismiss by Hartford Accident & Casualty Company and numerous other defendants [Doc. 192], as well as in the motion to dismiss by GEIGO General Insurance Company [Doc. 191].** The amended complaint makes no different or additional allegations against Horace Mann than are made against the defendants who filed those motions to dismiss, and therefore those defendants' arguments are each fully applicable to the claims made against Horace Mann.

Beyond this, for the reasons stated by the other defendants in their motions to dismiss in Documents 191 and 192, none of Plaintiffs' claims—whether stated under Florida law or the Sherman Act—state plausible claims upon which relief can be granted under the substantive law. [Doc. 191 at pp. 6-24; Doc. 192 at 3-23] For the same reasons as argued in

3

those motions to dismiss, Horace Mann is entitled to be dismissed from this case as well.

## CONCLUSION

For the reasons set forth herein, as well as in the motion to quash and dismiss of Nationwide Mutual Insurance Company and Nationwide Insurance Company of Florida [Doc. 156], and the motions to dismiss of GEIGO General Insurance Company [Doc. 191] and Hartford Accident & Casualty Company and Hartford Underwriters Insurance Company and numerous other defendants [Doc. 192], the Court should issue an Order quashing the summons served on Horace Mann and dismissing with prejudice the claims made against Horace Mann by the Plaintiffs for insufficient and untimely process.  Alternatively, the Court should dismiss the entirety of the Plaintiffs' amended complaint against Horace Mann for failure to state claims upon relief can be granted under Rule 12(b)(6).

DONE: July 11, 2014

Respectfully submitted:

*/s/ Marjorie M. Salazar*
Marjorie M. Salazar, Trial Counsel
Florida Bar No. 0939021
Lugenbuhl, Wheaton, Peck, Rankin
    & Hubbard, A Law Corp.
815 Walker St., Suite 1447
Houston, TX 77002
Telephone:  (713) 222-1990
Fax:  (713) 222-1996
msalazar@lawla.com

Attorney for Horace Mann
Insurance Company

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 11th day of July, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                            */s/ Marjorie M. Salazar*
                                            Marjorie M. Salazar, Trial Counsel
                                            Florida Bar No. 0939021
                                            msalazar@lawla.com
                                            Lugenbuhl, Wheaton, Peck, Rankin
                                                 & Hubbard, A Law Corp.
                                            815 Walker St., Suite 1447
                                            Houston, TX 77002
                                            Telephone:  (713) 222-1990
                                            Fax:  (713) 222-1996