140510

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

### Case No.: 6:14-CV-310-ORL-31-TBS

A & E AUTO BODY, INC., AMERICAN PAINT & BODY, INC., AUTO & COACH WORKS OF CENTRAL FL INC., AUTO BODY CONCEPTS, INC., COLLISION CONCEPTS OF DELRAY, LLC., ELITE EURO CARS COLLISION SERVICES, INC., EXPRESS PAINT & BODY, GUNDER'S AUTO CENTER, INC., JUSTICE COLLISION, LLC., LONG WHOLESALE CONSULTANTS, MARSHALLS BODY MASTERS, OLD DIXIE PAINT AND BODY, LLC., ORLANDO AUTO BODY, INC., QUALITY COLLISION REPAIR, INC., REGAL PONTIAC, INC., SBS BUSINESS INVESTMENTS, INC., STEWART AGENCY INC., d/b/a EARL STEWART TOYOTA OF NORTH PALM BEACH, STEWART AUTO REPAIR, INC., and STEWART COLLISION GROUP, LLC., d/b/a BERNIE'S BODY SHOP,

   Plaintiffs,

v.

21ST CENTURY CENTENNIAL INSURANCE COMPANY, d/b/a FARMERS INSURANCE GROUP, 21ST CENTURY NORTH AMERICAN INSURANCE COMPANY, ACCEPTANCE INDEMNITY INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, BRISTOL WEST INSURANCE COMPANY, DIRECT GENERAL INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY, a/k/a ESURANCE INSURANCE COMPANY, FIRST ACCEPTANCE INSURANCE

COMPANY, INC., FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY, d/b/a FLORIDA FARM BUREAU INSURANCE COMPANIES, FOREMOST INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD UNDERWRITERS INSURANCE COMPANY, HORACE MANN INSURANCE COMPANY, INFINITY AUTO INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, MERCURY INSURANCE COMPANY OF FLORIDA, MGA INSURANCE COMPANY, INC., d/b/a GAINSCO AUTO INSURANCE, NATIONAL GENERAL INSURANCE ONLINE, INC., NATIONWIDE INSURANCE COMPANY OF FLORIDA, NATIONWIDE MUTUAL INSURANCE COMPANY, OCEAN HARBOR CASUALTY INSURANCE COMPANY, OLD REPUBLIC INSURANCE COMPANY, OLD REPUBLIC INSURANCE COMPANY, d/b/a GALLAGHER BASSETT SERVICES, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, SECURITY NATIONAL INSURANCE COMPANY, d/b/a FARMERS INSURANCE GROUP, SENTRY INSURANCE A MUTUAL COMPANY, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, THE CINCINNATI INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, USAA CASUALTY INSURANCE COMPANY, d/b/a UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, WESTFIELD INSURANCE COMPANY, WINDHAVEN INSURANCE COMPANY, and ZURICH AMERICAN INSURANCE COMPANY, GENERAL INSURANCE COMPANY, d/b/a FLORIDA FARM BUREAU INSURANCE COMPANIES, FOREMOST INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD UNDERWRITERS INSURANCE COMPANY,

HORACE MANN INSURANCE COMPANY, INFINITY AUTO INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, MERCURY INSURANCE COMPANY OF FLORIDA, MGA INSURANCE COMPANY, INC., d/b/a GAINSCO AUTO INSURANCE, NATIONAL GENERAL INSURANCE ONLINE, INC., NATIONWIDE INSURANCE COMPANY OF FLORIDA, NATIONWIDE MUTUAL INSURANCE COMPANY, OCEAN HARBOR CASUALTY INSURANCE COMPANY, OLD REPUBLIC INSURANCE COMPANY, OLD REPUBLIC INSURANCE COMPANY, d/b/a GALLAGHER BASSETT SERVICES, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, SECURITY NATIONAL INSURANCE COMPANY, d/b/a FARMERS INSURANCE GROUP, SENTRY INSURANCE A MUTUAL COMPANY, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, THE CINCINNATI INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, USAA CASUALTY INSURANCE COMPANY, d/b/a UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, WESTFIELD INSURANCE COMPANY, WINDHAVEN INSURANCE COMPANY, and ZURICH AMERICAN INSURANCE COMPANY,

Defendants._____/

### DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY'S MOTION TO QUASH SUMMONS AND TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(6), Defendant Ocean Harbor Casualty Insurance Company moves to quash the Plaintiffs' summons directed to Ocean Harbor and dismiss this action as to Ocean Harbor for insufficient process and for failure to state a claim upon which relief can be granted. Grounds for the motion are set forth in the accompanying Memorandum of Law.

**MEMORANDUM OF LAW**

**I. THE SUMMONS DIRECTED TO OCEAN HARBOR SHOULD BE QUASHED AND THE PLAINTIFFS' ACTION DISMISSED FOR INSUFFICIENT PROCESS ON OCEAN HARBOR**

Ocean Harbor adopts and incorporates by reference the legal arguments and authorities set forth in Defendants Nationwide Mutual Insurance Company and Nationwide Insurance Company of Florida's Motion to Quash Summons and to Dismiss Action Pursuant to Fed.R.Civ.P. 12(b)(4) [Doc. #156], because those arguments are equally applicable to Ocean Harbor's situation. On February 24, 2014, Plaintiffs filed the Complaint in this action [Doc. #1]. On June 11, 2014, this Court entered an Order dismissing the Complaint as to all defendants without prejudice due to "serious" pleading defects. [Doc. #110 at 1]. After entry of the Court's Order dismissing Plaintiff's Complaint without prejudice, Plaintiffs purportedly served Ocean Harbor with a summons and the dismissed Complaint on June 20, 2014, by electronic delivery to the designated agent for Defendant by the Chief Financial Officer of the State of Florida on June 20, 2014. Copies of the Notice of Service of Process on Ocean Harbor Casualty Insurance Company and Summons and Complaint are attached hereto as Composite Exhibit "A." On June 28, 2014, Plaintiffs filed an Amended Complaint—after the June 27th deadline set forth in this Court's June 11, 2014 Order to re-plead if the Plaintiff chose to do so. [Doc. #110 at 2]. Plaintiffs subsequently failed to serve Defendants with the Amended Complaint within the required time *i.e.* within 120 days from the date the Complaint was filed or by June 24, 2014. Accordingly, as valid service has not been effected on Ocean Harbor within the required time, the Amended Complaint should be dismissed.

Plaintiff's purported service on Ocean Harbor is defective because, instead of attaching a valid complaint, Plaintiff attached a copy of the original complaint that this Court dismissed as to

all defendants on June 11, 2014. Moreover, Plaintiffs' summons failed to provide accurate information regarding Ocean Harbor's time to "appear and defend," as required by Rule 4(a)(1)(D). As a result, Plaintiffs' summons failed to comply with Federal Rule of Civil Procedure 4(a) and (c) and should be quashed.

In addition, the Court should dismiss the action as to Ocean Harbor because Plaintiffs have failed to complete service of a valid complaint within the 120-day deadline set forth in Federal Rule of Civil Procedure 4(m), which expired on June 24, 2014. Ocean Harbor's agent for service of process is accessible via the Florida Secretary of State's website. As an insurance company, Ocean Harbor may be served through the Florida Department of Financial Services' Chief Financial Officer or his assistant or deputy or another person in charge of the office who is the agent for service of process for insurers that transact insurance in Florida. However, Plaintiffs made no effort to obtain a summons from the clerk of court as to Ocean Harbor [Doc. # 127] as well as a number of the other named insurers [Doc. #112-150] until after the Court issued an order dismissing this case on June 11, 2014. Thus, there is no reason why Plaintiffs could not have served Ocean Harbor earlier and before June 24, 2014 and Plaintiffs cannot show good cause for their failure to properly serve Ocean Harbor with a valid complaint within 120 days sufficient to warrant an extension of time for service. Plaintiffs' belated attempt to serve a summons with a copy of the already-dismissed complaint is anything but sufficient service.

**II.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Ocean Harbor moves to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of Ocean Harbor's 12(b)(6) motion to dismiss, Ocean Harbor joins in and incorporates by reference the arguments set forth in the motion to dismiss the Amended Complaint by

Hartford Accident & Casualty Company, Hartford Underwriters Insurance Company, et al. [Doc #192] and Defendant Geico's Motion to Dismiss [Doc. #191]. The Amended Complaint makes no additional or different allegations against Ocean Harbor than are made against those Defendants, and thus their arguments are equally applicable to the claims asserted against Ocean Harbor. In particular as to Ocean Harbor, the Amended Complaint does not correct the deficiencies noted by the Court in its June 11, 2014 Order and lacks any specific allegation as to any specific conduct purportedly engaged in by Ocean Harbor as opposed to any other defendant named in this lawsuit.

### III. CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in the motion to quash summons and to dismiss action filed by the Nationwide defendants [Doc. #156], and in the motions to dismiss filed by the Hartford defendants, et al. [Doc. #192] and by Defendant GEICO [Doc. #191], Ocean Harbor respectfully requests that this Court enter an Order quashing the summons as to Ocean Harbor and dismissing the Amended Complaint with prejudice, and for such other and further relief as this Court deems just and proper.

DATED:  July 11, 2014

Respectfully submitted,

/s/ Rebecca J. Williams
Dale L. Friedman, Esq.
Florida Bar No.:854646
E-mail Address:  dfriedman@conroysimberg.com
Rebecca J. Williams, Esq.
Florida Bar No.:  403733
E-mail Address:  rwilliams@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, et al.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Phone:  (954) 961-1400; Fax:  (954) 967-8577

Attorneys for OCEAN HARBOR CASUALTY
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record and other participants in the Court's ECF filing system. I further certify that I will mail a true and correct copy of the foregoing document to any non-ECF participant as identified by the ECF notification system.

      /s/ Rebecca J. Williams
      Rebecca J. Williams, Esquire