IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A&E AUTO BODY, INC.,                                    CASE NO: 6:14-CV-00310-GAP-TBS
AMERICAN PAINT & BODY, INC.,
AUTO & COACH WORKS OF CENTRAL
FLORIDA, INC., D/B/A HI TECH
AUTO & R.V. PARTS AND REPAIR
AUTO BODY CONCEPTS, INC.,
BOCA'S COURTESY COLLISION, INC.,
C&C AUTOMOTIVE, INC.,
COLLISION CONCEPTS OF DELRAY, LLC,
ELITE EURO CARS COLLISION SERVICES, INC.,
EXPRESS PAINT & BODY, INC.,
GUNDER'S AUTO CENTER, INC.,
HAUSER OF THE PALM BEACHES, INC.
D/B/A ELITE PAINT AND BODY SHOP
JUSTICE COLLISION, LLC,
MARSHALL'S BODY MASTER, LLC,
NORTH BAY AUTO SERVICE, INC.,
OLD DIXIE PAINT AND BODY, LLC,
ORLANDO AUTO BODY, INC.,
QUALITY COLLISON REPAIR, INC.,
STEWART AGENCY INC., D/B/A EARL
TEWART TOYOTA OF NORTH
PALM BEACH, STEWART AUTO REPAIR, INC.,
STEWART COLLISON GROUP, LLC, D/B/A
BERNIE'S BODY SHOP

                    Plaintiffs,

vs.

21ST CENTURY CENTENNIAL INSURANCE COMPANY
21ST CENTURY INDEMNITY INSURANCE COMPANY
ACCEPTANCE INDEMNITY INSURANCE COMPANY
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
ALLSTATE INSURANCE COMPANY
BRISTOL WEST INSURANCE COMPANY
DIRECT GENERAL INSURANCE COMPANY
ENCOMPASS INDEMNITY COMPANY
ESURANCE PROPERTY & CASUALTY INSURANCE
COMPANY, ESURANCE INSURANCE COMPANY,
FIRST ACCEPTANCE INSURANCE COMPANY, INC.
FLORIDA FARM BUREAU GENERAL INSURANCE
COMPANY,

FLORIDA FARM BUREAU CASUALTY INSURANCE
COMPANY, FOREMOST INSURANCE COMPANY
GEICO GENERAL INSURANCE COMPANY
HARTFORD ACCIDENT AND INDEMNITY
COMPANY, HARTFORD UNDERWRITERS INSURANCE
COMPANY, HORACE MANN INSURANCE COMPANY,
INFINITY AUTO INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY
MERCURY INSURANCE COMPANY OF FLORIDA,
MGA INSURANCE COMPANY, INC.,
NATIONAL GENERAL INSURANCE ONLINE, INC.,
NATIONWIDE INSURANCE COMPANY O F
FLORIDA, INC., NATIONWIDE MUTUAL INSURANCE COMPANY,
OCEAN HARBOR CASUALTY INSURANCE COMPANY,
OLD REPUBLIC INSURANCE COMPANY,
PROGRESSIVE AMERICAN INSURANCE COMPANY,
PROGRESSIVE SELECT INSURANCE COMPANY,
SAFECO INSURANCE COMPANY OF AMERICA,
SECURITY NATIONAL INSURANCE COMPANY,
SENTRY INSURANCE, A MUTUAL COMPANY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, THE CINCINNATI INSURANCE COMPANY,
THE TRAVELERS INDEMNITY COMPANY,
USAA CASUALTY INSURANCE COMPANY
UNITED SERVICES AUTOMOBILE ASSOCIATION,
WESTFIELD INSURANCE COMPANY,
WINDHAVEN INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY

Defendants.
_____/

## DEFENDANT, WINDHAVEN INSURANCE COMPANY'S MOTION TO QUASH SUMMONS AND TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant, WINDHAVEN INSURANCE COMPANY, (hereinafter "Windhaven") by

and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 4, 8, 12(b)(4)

and 12(b)(6) moves to quash the Plaintiffs' summons directed to Direct General Insurance

company for insufficient service of process and to dismiss Plaintiffs' Amended Complaint [Doc. 167] for failure to state a cause of action.

~~Windhaven joins in and adopts the Nationwide defendants' Motion to Quash [Doc. 156]~~ and the Motions to Dismiss filed by Hartford Accident and Indemnity Company, et. al. Doc. 192] and by Geico General Insurance Company [Doc. 191].

## MEMORANDUM OF LAW

### I. THE SUMMONS AND COMPLAINT PURPORTEDLY SERVED ON WINDHAVEN SHOULD BE QUASHED AND DISMISSED FOR INSUFFICIENT PROCESS.

Plaintiffs failed to effectuate valid service on Windhaven because Plaintiffs failed to include a valid complaint with the summons and failed to timely serve Windhaven.

Windhaven adopts and incorporates by reference the legal arguments and authorities set forth in Defendants Nationwide Mutual Insurance Company and Nationwide Insurance Company of Florida's Motion to Quash Summons and To Dismiss Action Pursuant to Fed. R. Civ. P. 12(b)(4) [Doc. 156], because those arguments are equally applicable to Windhaven's situation.

After the Plaintiffs' filed their Complaint on February 24, 2014 [Doc. 1], the Court entered an order on June 11, 2014 dismissing the Complaint as to all defendants, without prejudice, as a result of "serious" pleading defects. [Doc. 110]. After the dismissal, Plaintiff purportedly served Windhaven on July 16, 2014 with a summons and the dismissed Complaint, by electronic delivery to the designated agent for Windhaven by the Chief Financial Officer of the State of Florida. A copy of the Notice of Service of Process and the Summons is attached hereto as Exhibit A. On June 28, 2014, Plaintiff's filed an Amended Complaint.

It is respectfully suggested that the Court quash service and dismiss Plaintiffs' Amended Complaint as insufficient because Windhaven has not been served with a valid complaint and the time frame (120 days) within which to serve has expired.

Plaintiffs' purported service on Windhaven is defective because Plaintiffs attached a dismissed complaint to the summons, and failed to provide accurate information regarding Windhaven's time to "appear and defend," which fails to comply with Federal Rules of Civil Procedure 4(c)(1) and 4(a)(1)(D) respectively. Additionally, this action is subject to dismissal because Plaintiffs failed to complete service of a valid complaint within the 120-day deadline set forth in Federal Rule of Civil Procedure 4(m), which expired on June 24, 2014. Well over 120 days have passed since the inception of this action, and Plaintiffs can offer no legitimate excuse or good cause for their failure to properly serve Windhaven with a valid complaint. Fed. R. Civ. P. 4(m).

For the foregoing reasons, this Court should quash and dismiss Plaintiffs' summons and Amended Complaint as service upon Windhaven was insufficient and untimely.

**II. ASSUMING PROPER AND TIMELY SERVICE, DISMISSAL REMAINS APPROPRIATE BASED ON PLAINTIFFS' FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAILURE TO COMPLY WITH THE COURT'S ORDER.**

Even if Windhaven was properly and timely served, this Court should dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs have failed to articulate any basis for the relief sought against Windhaven. In support of this argument, Windhaven joins in, adopts and incorporates by reference the arguments raised in the Motion to Dismiss the Amended Complaint filed by Hartford Accident & Casualty Company, et. al. [Doc 192] and Defendant Geico's

Motion to Dismiss [Doc. 191]. Because the Amended Complaint makes no additional or different allegations against Windhaven than are made against the aforementioned defendants, the arguments contained in the previously filed Motions to Dismiss referenced above are equally applicable to the claims asserted against Windhaven.

Plaintiffs' Amended Complaint is devoid of facts regarding the conduct of Windhaven necessary to form the basis of the five state law claims and the two counts for violations of the Sherman Act.

As with the failure to allege sufficient facts against other named Defendants, the Amended Complaint likewise fails to allege: (1) a benefit conferred by Plaintiffs to Windhaven, assuming no written contract exists, to support a claim for unjust enrichment and quantum merit; (2) any facts or allegations that Windhaven has adopted inconsistent positions in litigation or in the course of dealings with any of the Plaintiffs, or how the allegedly inconsistent positions have harmed Plaintiffs, in order to support a claim for quasi estoppel, assuming such a cause of action is valid; (3) facts as to how any conduct of Windhaven interfered with Plaintiffs' ability to sell their services to any specific insured of Windhaven, to sustain a claim for tortious interference with business relations.

Additionally, the Amended Complaint likewise fails to allege any facts that Windhaven did anything whatsoever to support a Sherman Act conspiracy claim against it – no allegations of price sharing, meetings, phone calls, emails, texts, or letters involving Windhaven. Additionally, it fails to plead any direct facts, as opposed to mere conclusory terms, to support a claim for an industry-wide conspiracy. Plaintiffs fail to allege facts as to how Windhaven specifically sought to collude, conspire, or agree with the other named Defendants to commit any of the alleged acts, and instead simply, and nonspecifically, includes Windhaven in a string of multiple Defendants

collectively. Apart from a single allegation concerning where Windhaven operates and its place of incorporation, all other references to Windhaven are merely included in a long string of "Defendants" within paragraphs generally referring to actions of the named Defendants collectively. In short, Plaintiffs' Amended Complaint leaves Windhaven guessing as to which Plaintiffs it purportedly had business dealings with, the nature of those alleged dealings, and what specific wrongful acts Windhaven allegedly engaged in which Plaintiffs believe caused damage.

Moreover, the Amended Complaint fails to correct the deficiencies or "host of problems" noted by the Court in its June 11, 2014 Order. [Doc. 110]. It remains a "shotgun pleading" and fails to identify any specific conduct purportedly engaged in by Windhaven as opposed to any other named defendant. It merely lumps all Defendants together

Specifically, the Court's June 11, 2014 Order directed Plaintiffs to "identify which Plaintiffs have DRP agreements with which (if any) Defendants." [Doc. 110, ¶3]. Plaintiffs' Amended Complaint purports to comply with this requirement by attaching Exhibit 4 thereto, titled "Plaintiffs'' Direct Repair Program Affiliations." However, Windhaven is not listed on Exhibit 4, nor is there any other allegation that identifies a specific agreement between Windhaven and any of the Plaintiffs. Also, it should be noted that Plaintiffs do not reference Exhibit 4 anywhere in the body of the Amended Complaint, but merely list it as an exhibit.

## III. CONCLUSION

Based on the foregoing reasons, as well as the arguments set forth in the motion to quash summons and to dismiss action filed by Nationwide Mutual Insurance Company and Nationwide Insurance Company of Florida [Doc. 156], and the motions to dismiss filed by Hartford, et. al. [Doc. 192] and by Defendant Geico [Doc. 191], this Court should quash the summons as to

Windhaven and dismiss with prejudice the claims made against Windhaven for insufficient and untimely process. Assuming proper service, this Court should still dismiss Plaintiffs' Amended complaint pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted.

WHEREFORE, based upon the foregoing, Defendant, WINDHAVEN INSURANCE COMPANY, respectfully requests that this Honorable Court enter an order quashing the summons as to Windhaven and dismissing Plaintiffs' Amended Complaint, and to provide any further relief this Court deems just and proper.

DATED: August 19th, 2014,

Respectfully submitted,

s/ *Jennifer Remy-Estorino*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
JENNIFER REMY-ESTORINO, ESQ.
Florida Bar No.: 013877
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Direct Line: (305) 982-6713
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
JR@kubickidraper.com
PSB-KD@kubickidraper.com
*Attorneys for Direct General Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify on August 19, 2014, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*Jennifer Remy-Estorino*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
JENNIFER REMY-ESTORINO, ESQ.
Florida Bar No.: 013877
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6713
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
JR@kubickidraper.com
*Attorneys for Direct General Insurance Company &*
*Windhaven Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on August 19, 2014, as follows:

A. Brent Geohagan, Esq.
A. Brent Geohagan, P.A.
3001 Bartow Road
Lakeland, FL 33803
abrent@geohaganlaw.com
Attorneys For: Plaintiffs

Lori J. Caldwell, Esquire
Rumberger Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue

Orlando, FL 32801
lcaldwell@rumberger.com
Attorneys For: Defendants Allstate, Encompass and Esurance

Dale Lyn Friedman, Esq.
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Boulevard, Suite 200
Hollywood, FL 33021
dfriedman@conroysimberg.com
Attorneys For: Harbor Casualty Insurance

Joseph T. Kissane, Esq.
Cole, Scott & Kissane, P.A.
4686 Sunbeam Road, Suite 201
Jacksonville, FL 32257
joe.kissane@csklegal.com
Attorneys For: Defendants Progressive Insurance

Johanna W. Clark, Esq.
Carlton Fields Jorden Burt, PA
450 South Orange Avenue, Suite 500
Orlando, FL 32801
jclark@cfjblaw.com
Attorneys For: Defendant State Farm Mutual Auto Insurance Company

Joshua Dustin Moore, Esq.
Carlton Fields Jorden Burt, PA
450 South Orange Avenue, Suite 500
Orlando, FL 32802
jmoore@cfjblaw.com
Attorneys For: Defendant State Farm Mutual Auto Insurance Company

Laura Besvinick, Esq.
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
laura.besvinick@HoganLovells.com
Attorneys For: Defendant Travelers Indemnity Company

Hal K. Litchford, Esq.
Litchford & Christopher, P.A.
Post Office Box 1549
Orlando, FL 32802
hlitchford@bakerdonelson.com
Attorneys For: Defendant USAA Casualty Insurance Company

Brian J. D'Amico, Esq.
Weil, Gotshal & Manges, LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
brian.damico@weil.com; Le
Attorneys For: 21st Century Centennial Insurance

David L. Yohai, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
david.yohai@weil.com; Le
Attorneys For: 21st Century Centennial Insurance

Eric Hochstadt, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
eric.hochstadt@weil.com; Le
Attorneys For: 21st Century Centennial Insurance

John Mastando, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
john.mastando@weil.com; Le
Attorneys For: 21st Century Centennial Insurance

Mark L. Hanover, Esq.
Dentons US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606
mhanover@dentons.com
Attorneys For: Allstate Fire and Casualty Insurance

Richard L. Fenton, Esq.
Dentons US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606
richard.fenton@dentons.com
Attorneys For: Allstate Fire and Casualty Insurance

Marc James Ayers, Esq.
Bradley, Arant, Boult & Cummings, LLP
One Federal Place
1819 Fifth Avenue N
Birmingham, AL 35203-2119

mayers@babc.com
Attorneys For: First Acceptance Insurance Company, Inc.

A. Abidemi Oladipo, Esq.
Colodny, Fass, Talenfeld, Karlinsky & Abate, PA
One Financial Plaza
100 Southeast Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394-0002
aoladipo@cftlaw.com; Lead
Attorneys For: Florida Farm Bureau General Insurance Company

Maria Elena Abate, Esq.
Colodny, Fass, Talenfeld, Karlinsky & Abate, PA
One Financial Plaza
100 Southeast Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394-0002
mabate@cftlaw.com; Lead
Attorneys For: Florida Farm Bureau General Insurance Company

John Patrick Marino, Esq.
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
jmarino@sgrlaw.com
Attorneys For: Geico General Insurance Company

Lindsey R. Trowell, Esq.
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
ltrowell@sgrlaw.com
Attorneys For: Geico General Insurance Company

*s/ Jennifer Remy-Estorino*
JENNIFER REMY-ESTORINO, ESQ.