UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A & E AUTO BODY, INC., et al.

    Plaintiffs,

v.

21ST CENTURY CENTENNIAL INSURANCE COMPANY, et al.

    Defendants.
_____/

CASE NO. 6:14-CV-310-GAP-TBS

**DEFENDANT, NATIONAL GENERAL INSURANCE ONLINE, INC.'S MOTION TO QUASH SUMMONS AND TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(4), Defendant, NATIONAL GENERAL INSURANCE ONLINE, INC. ("NGIOI"), respectfully moves the Court to quash the Plaintiffs' Summons to NGIOI and dismiss this action as to it for insufficient service and process. NGIOI also moves to dismiss the Plaintiffs' Amended Complaint [DE 167] pursuant to Federal Rules of Civil Procedures 8 and 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(4), Defendant, NGIOI, moves the Court to quash the Plaintiffs' Summons to NGIOI and dismiss this action as to NGIOI for insufficient service and process. On February 24, 2014, Plaintiffs filed the Complaint in this action, but did not serve NGIOI with a copy of the Complaint. [DE 1]. As a result, NGIOI has never entered an appearance in this case. On June 11, 2014, this Court entered an Order dismissing the Complaint as to all Defendants, without prejudice, due to several "serious" pleading defects. [DE 110 at 1]. After entry of the Court's Order, Plaintiffs then served Summons on NGIOI [DE 130] on June 16, 2014, attaching a copy of the dismissed Complaint [DE 1]. Plaintiffs' Amended Complaint [DE 167] has

never been served on NGIOI. As a result, Plaintiffs' summons failed to comply with Fed.R.Civ.P. 4(a) and (c) and should be quashed. In addition, the Court should dismiss the action as to NGIOI, pursuant to Fed.R.Civ.P. 4(m), because Plaintiffs have failed to complete service in a timely manner.

NGIOI's counsel twice reached out to Plaintiffs' lead counsel to ask if Plaintiffs would voluntarily withdraw their Summons to NGIOI and properly serve it. As of the filing of this Motion, however, Plaintiffs' counsel has responded only to suggest that the invalid service be waived by NGIOI. NGIOI will not waive the invalid service.

NGIOI joins in and adopts the Nationwide Defendants' Motion to Quash as well, or those filed by other insurers [DE 156, 209, 210, 211, 212, 254, 259] and the Motions to Dismiss filed by Hartford and other Defendants [DE 191, 192].

## ARGUMENT

### I. The Summons and Complaint Served on NGIOI Must Be Quashed for Insufficient Service and Process

NGIOI adopts and incorporates the arguments raised by the Nationwide Defendants with respect to the insufficiency of service and process provided to certain of the Defendants in this case [DE 156], because those arguments are equally applicable to NGIOI as well. This action was commenced on February 24, 2014. [DE 1]. One hundred and seventeen (117) days later, on June 11, 2014, the Court dismissed the Plaintiffs' original Complaint. [DE 110]. Only then did the Plaintiffs first attempt to serve NGIOI, as well as a number of the other named insurers [DE 112-150] – with their now-dismissed original Complaint. [DE 1].

But serving a party with a dismissed pleading, to which the party has no obligation to appear and defend, does not comply with Federal Rules of Civil Procedure 4(c)(1) and (4)(a)(1)(d). "The plaintiff has the burden of establishing that service is valid under Fed.R.Civ.P. 4." *Maale v. Francis*,

258 F.R.D. 533, 541 (S.D. Fla. 2009). If the defects in a summons are "more than technical," the summons should be invalidated. *Martinez v. Deutsche Bank Nat. Trust Co.,* 2012 WL 162360 at *3 (M.D. Fla. Jan. 19, 2012) *citing Schroeder v. Kochanowski*, 311 F.Supp.2d 1241, 1256 (D. Kan. 2004). If the plaintiff does not complete service within 120 days of filing the complaint, then the court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

The Plaintiffs cannot attempt to cure this failure by serving NGIOI with their Amended Complaint; but in fact the Plaintiffs have not indicated they plan on any further service. The Amended Complaint has never been served on NGIOI. More than 120 days has passed since the inception of this action (213 days have passed as of September 22, 2014), and Plaintiffs can offer no legitimate excuse for their failure to properly serve NGIOI. Fed.R.Civ.P. 4(m).

For these reasons, the Court should quash Plaintiffs' Summons and service of process to NGIOI as insufficient, and this action should be dismissed with prejudice as to NGIOI.

**II.     Dismissal Required, Even If Service Deemed Proper**

Even if this Court would view service as having been timely and properly made, the Plaintiffs' Amended Complaint [DE 167] would still have to be dismissed under Federal Rules of Civil Procedure 12(b)(6). NGIOI adopts and incorporates herein the Rule 8 and Rule 12(b)(6) arguments raised in the Motion to Dismiss by Hartford Accident & Casualty Company and numerous other Defendants [DE 192], as well as in the Motion to Dismiss by GEICO General Insurance Company [DE 191]. The Amended Complaint makes no different or additional allegations against NGIOI from those made against the Defendants who filed those Motions to Dismiss, and those arguments apply also to the claims made against NGOIO. In particular as to NGIOI, the Amended Complaint does not correct the deficiencies noted by the Court in its June 11, 2014 Order, and lacks

any specific allegation as to any specific conduct purportedly engaged in by NGIOI as opposed to any other Defendant named in this lawsuit.

For each and every reason stated by the other Defendants in their Motions to Dismiss in Documents 191 and 192, none of Plaintiffs' claims – whether stated under Florida law or the Sherman Act – state plausible claims upon which relief can be granted under the substantive law. *Id.* For the same reasons as presented in those Motions to Dismiss, NGIOI is entitled to be dismissed from this case as well.

## **CONCLUSION**

For the foregoing reasons, as well as those contained in the Motion to Quash and Dismiss of Nationwide and other Defendants [DE 156, 209, 210, 211, 212, 254, 259], the Motions to Dismiss of GEICO and the Hartford Defendants [DE 191, 192], as well as numerous other Defendants, the Court should issue an Order quashing the Summons served on NGIOI and dismiss with prejudice the claims made against it by the Plaintiffs for insufficient and untimely process. Alternatively, the Court should dismiss the Plaintiffs' Amended Complaint with prejudice against NGIOI for failure to state claims upon relief can be granted under Rule 12(b)(6), and such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 23rd day of September, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record and other participants in the Court's CM/ECF system.  I further certify that I will mail a true and correct copy of the foregoing document to any non-ECF participant as identified by the ECF notification system.

      */s/ Rosemary Wilder*
Rosemary B. Wilder
Fla. Bar No. 442615
rwilder@marlowadler.com
tchowloon@marlowadler.com
Karl E. Sturge
Fla. Bar No. 911526
ksturge@marlowadler.com
acuevas@marlowadler.com
Attorneys for Defendant, Nat'l General Ins. Online, Inc.
MARLOW ADLER ABRAMS NEWMAN & LEWIS
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, FL  33146
(305) 446-0500 Telephone
(305) 446-3667 Facsimile

[CP#56]