IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION


A & E AUTO BODY, INC., et al.,

       Plaintiffs,

VS.                                                                        Case No:  6:14-cv-310-Orl-31TBS


21ST CENTURY CENTENNIAL
INSURANCE COMPANY, et al.,

       Defendants.
_____/

**PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS'
MOTIONS TO DISMISS AMENDED COMPLAINT, ADDRESSING THE FLORIDA
LAW PORTIONS ONLY**

COMES NOW, the Plaintiffs in the above-captioned case and submit this Omnibus Response to Defendants' Motions to Dismiss Amended Complaint, Addressing the Florida Law Portions Only (per this Court's Order [Dkt. 283] of November 18, 2014), as follows:

**INTRODUCTION**

Much of the Defendants' Motions to Dismiss Amended Complaint fail to acknowledge, and otherwise mislead the Court, with regard to the relationship between the Plaintiff shops, the customers/insureds, and the Defendant insurance companies.  To that extent, consistent with the allegations in the Amended Complaint, and for purposes of any needed clarity:  (1) every Plaintiff shop has a contract with every customer/insured; (2) every Defendant insurance company has a contract with every customer/insured; and (3) some Plaintiff shops have DRP type "relationships" with some Defendant insurance companies, the identity of which such "relationships" exist between which Plaintiff shops and which Defendant insurance companies was clearly set forth in an attachment to the Amended Complaint and incorporated therein.  The

Defendants seem to otherwise suggest that Plaintiffs are alleging that there is a DRP *contract* between each and every Plaintiff shop and each and every Defendant insurance company. That is an incorrect representation and is not consistent with the Amended Complaint. (*In fact, there is no allegation within the Amended Complaint that a valid/express contract exists between the Plaintiffs and any of the Defendants*.) Such, *inter alia*, is pivotal to a correct understanding of the Amended Complaint and the Florida state law cause of actions set forth therein, and ultimately assists in allowing one to understand the fallacy of the Defendants arguments in support of the Motions to Dismiss that otherwise, taken at least to their logical conclusion, clearly suggest that Plaintiffs cannot ever have a valid cause of action, even as part of the initial pleading stage, to address and seek relief for conduct on the part of one such as the Defendant insurance companies here, when it involves wrongfully retaining identifiable monies that otherwise are rightfully that of the Plaintiff shops, and injuring Plaintiff shops further if they attempt to resist the Defendants' wrongful deprivation of Plaintiffs' monies.

Moreover, even as part of the Florida state law cause of actions, Defendants continue to argue that the Plaintiff is not providing sufficient detail to determine *which* Defendant insurance company is alleged to have committed *which* of the cumulative alleged wrongs against *which* Plaintiff shop. Defendants are implicitly, but clearly, suggesting to the Court that because the wrongs they have engaged in are so pervasive and long-suffering as they are described and alleged in the Amended Complaint, that the Court shouldn't believe the extensiveness and breadth of such as alleged. However, sometimes "truth is stranger than fiction", and in this case it is the confident position and good faith allegation of the Plaintiffs that *each and every* Defendant in fact engaged in *each and every* wrongful conduct alleged against *each and every* Plaintiff, and such should be taken, *inter alia*, as a revelation as to the depth and magnitude of

the injustice that is being engaged in, furthered, and perpetuated by the automobile insurance industry, a/k/a the Defendants, against Plaintiff shops and their industry. Providing extensive examples of such will only be an unnecessary exercise in redundancy, particularly here and as part of the initial pleading stage. "A pleading that states a claim for relief must contain:… a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed.R.Civ.P., Rule 8(a)(2). Plaintiffs have sufficiently stated "short and plain" statements of claims showing that they are "entitled to relief. The Defendants' Motions to Dismiss should be denied.

I.     **QUANTUM MERUIT & UNJUST ENRICHMENT**

Defendants assert that Plaintiffs cannot seek relief on the grounds of quantum meruit because of the existence of, or allegations of, a valid contract between the Defendants and Plaintiffs. However, nowhere within the body of the Amended Complaint do Plaintiffs ever assert the existence of a valid contract between themselves and any Defendant. Therefore the argument that relief cannot be provided on this ground is without merit.

As is set forth in the Amended Complaint, Plaintiffs performed work for which they are due compensation. As was also set forth in the Amended Complaint, the Defendants are respectively responsible for payment for those repairs given the very particular relationship to the Plaintiff shops that Defendant automobile insurers posses and the manner in which that relates to how and from whom Plaintiff shops are compensated for their work (i.e., the Defendants). Contrary to the Defendants suggestion, the Amended Complaint sufficiently alleges, as part of an action in Quantum Meruit, that Plaintiffs possess a reasonable expectation of being paid by the Defendant insurance companies for repair work they perform. *See W.R. Townsend Contracting, Inc., v. Jensen Civil Constr., Inc.*, 728 So.2d 297, 305 (Fla. 1st DCA

1999). This is squarely within the definition of a quantum meruit cause of action under Florida law.

With regard to the specific elements of a cause of action in quantum meruit under Florida law: (1) the Amended Complaint sufficiently alleges that the Plaintiff shops have conferred a benefit on Defendant insurance companies to the extent that the Defendant insurance companies are wrongfully retaining the monies that otherwise are rightfully those of the Plaintiff shops, which Plaintiff shops have over time reluctantly been made by Defendants to limit any resistance to such wrongful retention for, and as part of, the perpetuation of such benefit to the Defendants; (2) the Amended Complaint sufficiently alleges that Defendants possess knowledge of this benefit; (3) the Amended Complaint sufficiently alleges that Defendants have accepted and retained the benefit conferred (i.e., the monies/compensation); and (4) the Amended Complaint sufficiently alleges that the surrounding and underlying circumstances of this case are such that it would be inequitable for Defendants to retain the benefit of these monies without paying fair value for such monies. *See Absolute Marine Towing & Salvage v. S/V Iniki*, 2010 WL 2652466, at *2 (M.D. Fla. June 22, 2010).

Moreover, the elements of a cause of action in Unjust Enrichment, particularly for purposes of what is relevant here as such relates to the arguments made by the Defendants in their Motions to Dismiss, are similar to those of Quantum Meruit, and therefore the aforementioned analysis is incorporated hereto for purposes of the Unjust Enrichment claim, as well. *See Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So.2d 876, 879 (Fla. DCA 1996) (sets forth elements of cause of action for Unjust Enrichment).

Defendants also argue that there can be no cause of action for Quantum Meruit and/or Unjust Enrichment because there exists an express contract. However, (1) there is, again, no

allegation of any valid contract between Plaintiffs and any of the Defendants and (2) upon the ultimate review of the evidence, to the degree that it is determined by this Court that there exists any express contract between any of the Plaintiffs and any of the Defendants *then, and only then* would be the potentially appropriate time for an order and/or judgment to be entered dismissing a cause of action in Quantum Meruit and/or Unjust Enrichment; at this initial pleading stage: "Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, *regardless of consistency*." Fed.R.Civ.P., Rule 8(d)(3) (Emphasis added.).

All of Defendants arguments fail to comport with the allegations which are actually asserted in the Amended Complaint with regard to Quantum Meruit and Unjust Enrichment, and the Defendants' Motion to Dismiss is without merit.

## II. QUASI-ESTOPPEL

Defendants provide no direct authority that quasi-estoppel is legally prohibited from being asserted as a cause of action under Florida law, and therefore this portion of the Motions to Dismiss is without merit.

Moreover, as otherwise quoted by Defendant, ACCEPTANCE INDEMNITY INSURANCE COMPANY in its Motion to Dismiss, "Quasi—estoppel describes a situation in which an individual is not permitted to blow both hot and cold, taking a position inconsistent with prior conduct, if this would injure another, regardless of whether that person has actually relied thereon." *PACE Indus. Union-Management Pension Fund v. Dannex Mfg. Co., Inc.*, 394 Fed. Appx. 188, 200 (6th Cir. 2010). Plaintiffs have sufficiently set forth allegations in the Amended Complaint satisfying this standard. To that extent, *inter alia*, Plaintiffs allege therein that all Defendants acknowledge and otherwise use the accepted estimating databases for purposes of much of what should and should not be paid for, for purposes of the repair work

performed by the Plaintiffs, but nonetheless refuse to make full payment in accord with these same estimating databases. It is further alleged in the Amended Complaint that such refusal has caused, and causes, injury to the Plaintiffs. Thus, Plaintiffs have sufficiently pled a cause of action for Quasi-Estoppel.

### III. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

Contrary to the Defendants' Motions to Dismiss, again, there exists no allegation in the Amended Complaint that there is any enforceable/express agreement or contract between the Plaintiffs and any of the Defendants. There are, on the other hand, express contracts, extant and prospective, between the Plaintiff shops and their customers and potential customers, who are also Defendants' insureds; and it is *these* express contracts with and to which Plaintiffs allege Defendants are interfering with as part of their act of tortious interference. (These voluminous and numerous customers exist and are identifiable, and are not limited, as otherwise represented by the Defendants, to merely the "public at large".)

Moreover, Defendants attempt to primarily rely on *Gunder's Auto Ctr., v. State Farm Mut. Auto. Ins. Co.*, 422 Fed. Appx. 819 (11th Cir. 2011), for the suggestion that Defendants possess a legal privilege/protectable interest under the circumstances of this case to engage in the wrongful conduct alleged in the Amended Complaint. However, conspicuously missing from the references to *Gunder's* is the fact that even if any such privilege/protectable interest were to exist, nonetheless and either way, if one engages in improper methods/means as part of the interference then one can still be liable of tortious interference with business relations; and any such privilege/protectable interest, to the extent it exists, is thereby forfeited. *Gunder's Auto Ctr.*, 422 Fed. Appx. At 822; *see KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1327 (11th Cir. 2004). In this instance, the Plaintiffs have sufficiently alleged facts throughout the

Amended Complaint that overwhelmingly constitute improper methods/means on the part of the Defendants as part of their tortious interference (and such, *inter alia*, additionally reveal direct violations of the 1963 Consent Decree). Thus, Plaintiffs have sufficiently pled a cause of action for Tortious Interference with Business Relations.

## IV. CONVERSION

Defendants argue that Plaintiffs do not state a cause of action for Conversion because they have failed to identify any specific money at issue. However, the Amended Complaint does sets out that the monies at issue are those that are specifically retained and in the possession of the Defendant which belong to the Plaintiffs as part of and from each specific repair provided to the vehicles of the Defendants' insureds and/or claimants. Those monies are in fact identifiable and are calculated "to the dime" as part of each and every repair for each and every Plaintiff where, as alleged in the Amended Complaint, all the Defendants have failed to make full payment and have retained the monies that are rightfully those of the Plaintiffs. The specific amounts are not required to be set forth with specificity in the Amended Complaint as part of the initial pleading stages. *See* Fed.R.Civ.P., Rule 8(a)(2).

Furthermore, these are not circumstances merely involving a "simple debt" as represented by the Defendants. Instead, as otherwise set forth and revealed in the Amended Complaint, these are circumstances of a systematic, continuous and cumulative act over time by the Defendants that, *inter alia*, constitutes a conversion of Plaintiffs' identifiable monies.

Moreover, Defendants also argue that there can be no cause of action for Conversion because there exists an express contract, and therefore, it can only be assumed, they are suggesting that some form of a remedy in breach of contract *should* be pursued by Plaintiffs in lieu thereof (which is otherwise a very convenient argument for Defendants, since, under the

circumstances of this case, no breach of any express contract between Plaintiffs and any of the Defendants has occurred; obviously, if such had occurred it is certain that Plaintiffs would have filed such a claim as part of this lawsuit).  However, (1) there is, again, no allegation of any valid contract between Plaintiffs and any of the Defendants and (2) upon the ultimate review of the evidence, to the degree that it is determined by this Court that there exists any express contract between any of the Plaintiffs and any of the Defendants *then, and only then* would be the potentially appropriate time for an order and/or judgment to be entered dismissing a cause of action in Conversion;  at this initial pleading stage:  "Inconsistent Claims or Defenses.  A party may state as many separate claims or defenses as it has, *regardless of consistency*."  Fed.R.Civ.P., Rule 8(d)(3) (Emphasis added.).

Plaintiffs have provided more than sufficient allegations and facts to state a cause of action in Conversion, under Florida law. As such, Defendants' arguments are without merit.

## CONCLUSION

As set forth in the foregoing, for purposes of the Amended Complaint and what is necessary for initial pleading purposes, Defendants have failed in carrying their burden and establishing that Plaintiffs have failed to sufficiently plead the necessary elements for Quantum Meruit, Unjust Enrichment, Quasi-Estoppel, Tortious Interference with Business Relations, and Conversion.  The arguments for dismissal of the Plaintiffs' initial pleadings on the part of the Defendants are without merit. Thus, Defendants' Motions to Dismiss should be denied.  In the alternative, if this Court were to find that any portion or portions of the Amended Complaint should be dismissed, and particularly since this would be the first dismissal based upon and as a result of any motion to dismiss on the part of the Defendants, then this Court should dismiss

without prejudice and provide Plaintiffs with leave to amend its pleadings to satisfy any such identified legal deficiency(ies).

Respectfully submitted, this the 28th day of November, 2014.

**A & E AUTO BODY, INC., AMERICAN PAINT & BODY, INC., AUTO & COACH WORKS OF CENTRAL FLORIDA, INC., AUTO BODY CONCEPTS, INC., COLLISION CONCEPTS OF DELRAY, LLC, ELITE EURO CARS COLLISION SERVICES, INC., EXPRESS PAINT & BODY, GUNDER'S AUTO CENTER, INC., JUSTICE COLLISION, LLC,LONG WHOLESALE CONSULTANTS , MARSHALLS BODY MASTERS, OLD DIXIE PAINT AND BODY, LLC, ORLANDO AUTO BODY, INC., QUALITY COLLISION REPAIR, INC., REGAL PONTIAC, INC., SPS BUSINESS INVESTMENTS, INC., STEWART AGENCY INC., D/B/A/ EARL STEWART TOYOTA OF NORTH PALM BEACH, STEWART AUTO REPAIR, INC., STEWART COLLISION GROUP, LLC, D/B/A BERNIE'S BODY SHOP**

*BY: _/s/ Geohagan, A.B. _____*
A. Brent Geohagan, Esq.
Florida Bar No. 071927
Trial Counsel for the Plaintiffs
Geohagan, P.A.
3001 Bartow Road
Lakeland, FL 33803
Telephone: (863) 665-6930
Fax: (863) 665-6935
Email: abrent@geohaganlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2014, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send an electronic copy of this filing to all counsel of record.

**GEOHAGAN, P.A.**

/s/ *Geohagan, A.B.*
A. Brent Geohagan, Esq.
Florida Bar Number 071927
Trial Counsel for the Plaintiffs
Geohagan, P.A.
3001 Bartow Road
Lakeland, Florida 33803
Telephone: (863) 665-6930
Fax: (863) 665-6935
E-mail: abrent@geohaganlaw.com and
wavery@geohaganlaw.com
ATTORNEYS FOR PLAINTIFFS