IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

A & E AUTO BODY, INC., *et al.*,  \*

      PLAINTIFFS,  \*

      \* MDL Docket No. 2557

v.

      \* Case No. 14-cv-310-GAP-TBS

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, *et al.*,

      DEFENDANTS.  \*

**DEFENDANTS' REPLY TO PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT, ADDRESSING THE FLORIDA LAW PORTIONS ONLY**

Pursuant to this Court's Order permitting the filing of reply briefs (Doc. 42 in 14-md-2557), the twenty-two Defendants who filed a Motion to Dismiss the Amended Complaint (Doc. 192) and undersigned joinders respectfully submit this brief in reply to Plaintiffs' Omnibus Response ("Response") (Doc. 284).

1. <u>Quantum Meruit (Count I) and Unjust Enrichment (Count II)</u>[1]

On June 11, 2014, the Court expressly ordered the Plaintiffs to correct their undifferentiated, blanket pleading with respect to the unjust enrichment cause of action:

> [A]t least some of claims asserted here <u>require</u> individualized allegations. For example, if Plaintiffs' counsel were able to establish that Defendant A was unjustly enriched by shortchanging Plaintiff B, it would

---

[1] Plaintiffs agree that the elements for Quantum Meruit and Unjust Enrichment are the same and are addressed together. Response (Doc. 284) at 4.

>  not entitle any other plaintiff to a judgment against
>  Defendant A (or any other defendant). However, that is
>  the way this action has been pleaded. If the Plaintiffs
>  choose to replead, <u>this must be corrected</u>.

June 11, 2014 Order (Doc. 110) at 2 (emphasis added).

Notwithstanding the Court's express direction, Plaintiffs contend that "providing extensive examples of such will only be an unnecessary exercise in redundancy…." Response (Doc. 284) at 3. Not only do Plaintiffs fail to provide "extensive examples," they provide no examples. Instead, Plaintiffs assert that "each and every Defendant" engaged in the exact same conduct with respect to "each and every Plaintiff." <u>Id.</u> at 2. That assertion is conclusory, implausible, and contrary to the Court's June 11 Order.

Defendant insurers have not been enriched (unjustly or otherwise) when a Plaintiff body shop repairs the car of an insured. <u>See</u> Defendants' Motion to Dismiss (Doc. 192) at 17-18. While Plaintiffs cite <u>Absolute Marine Towing & Salvage v. S/V Iniki</u>, No. 6:09–cv–1712–Orl–31KRS, 2010 WL 2652466, at *2 (M.D. Fla. 2010) (Response (Doc. 284) at 4), the case undermines Plaintiffs' position:

>  [I]t is not clear that [plaintiff] conferred a benefit on
>  [defendant], as there is nothing that 'flowed to'
>  [defendant], under these facts. Doing something that lets
>  a person avoid having to pay money is somewhat
>  different from, say, increasing the value of someone's
>  building by painting it.

<u>See also</u> <u>Hialeah Physicians Care, LLC v. Conn. Gen. Life Ins. Co.</u>, No. 13–21895–CIV, 2013 WL 3810617, at *3 (S.D. Fla. 2013); <u>Adventist Health System / Sunbelt</u>

2

Inc. v. Med. Savings Ins. Co., No. 6:03-cv-1121-Orl-19KRS, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004) (both 12(b)(6) decisions addressed in Motion (Doc. 192)).

Plaintiffs also cite W. R. Townsend Contracting Inc. v. Jensen Civil Constr. Inc., 728 So. 2d 297, 305 (Fla. Dist. Ct. App. 1999) (Response (Doc. 284) at 3) to support their claim for quantum meruit.  But the Townsend court affirmed the dismissal of the quantum meruit claim:

> To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it.
>
> ***
>
> Townsend Contracting had not specifically pled the provision or delivery of any "goods and services" to Appellee. . . . When invited at oral argument to support its claim to the contrary, Appellant was unable to cite any authority to back up its contention that it had provided goods or services to Appellee.

Id. (citations omitted, emphasis added).[2]

Instead of identifying some benefit in goods or services conveyed to the insurers, Plaintiffs assert that "the Plaintiff shops have conferred a benefit on Defendant insurance companies to the extent that the Defendant insurance companies are wrongfully retaining the monies that otherwise are rightfully those of the Plaintiff shops…."  Response (Doc. 284) at 4.  But that conclusory assertion

---

[2] Subcontractor Townsend's unjust enrichment claim survived a motion to dismiss where the defendant general contractor Jensen used a firm quote from Townsend to win a project bid, and then did not hire Townsend for the project.  There, unlike the case at bar, Townsend provided a service to Jensen (submission of a firm quote) which benefited Jensen by winning the bid.

3

does not explain why the monies are "wrongfully retained" or "rightfully" the money of the shops; nor does it show that Plaintiffs conveyed anything to the insurers.

Plaintiffs concede that "every Plaintiff shop has a contract with every customer/insured; [and] every Defendant insurance company has a contract with every customer/insured. . . ." Response (Doc. 284) at 1. Neither the shops nor the insureds are without a remedy since they each have contracts delineating their rights – the shops with the car owners, and the insureds with their insurers. So too, those Plaintiffs who were DRP shops have contracts for repairs performed under those contracts. (Plaintiffs disingenuously attempt to avoid admitting the existence of DRP contracts by referring to the attachment to their Amended Complaint as merely showing DRP "relationships.") Response (Doc. 284) at 1.

Nor can Plaintiffs have a "reasonable" expectation of some higher payment from insurers when "the wrongs they have engaged in are so pervasive and long-suffering…." Response (Doc. 284) at 2. Far from a "one-off" job, the supposedly insufficient payments here are "systematic, continuous and cumulative over time by the Defendants…." Response (Doc. 284) at 7. Plaintiffs' unreasonable expectation of some higher payment becomes all the more implausible where some shops, for some periods, were DRP shops and know the price at which they were willing to perform the same jobs.

    2. <u>Tortious Interference (Count IV)</u>

With "every Defendant" having "a contract with every customer / insured," (Response (Doc 284) at 1), the insurers have a right to communicate with their

insureds with regard to the repairs which are the subject of their insurance contracts.

Plaintiffs' reliance on Gunder's Auto Center v. State Farm Mut., Auto. Ins. Co., 422 F. App'x 819, 822 (11th Cir. 2011) (Response (Doc. 284) at 6) is unavailing:

> [T]he only arguably improper means Gunder's alleged in Paragraph 19 are the statements Gunder's claims State Farm made to its insureds about the costs, quality, and timeliness of Gunder's repairs. These statements are the same statements upon which Gunder's grounds its slander claims. Even assuming the falsity of those statements, as earlier discussed, those statements were privileged; they fail to show the improper means needed to defeat State Farm's privilege against a tortious-interference claim.

Gunders, 422 F. App'x at 823-24 (emphasis added).

Plaintiffs never identify a single customer/insured who refused to do business with any Plaintiff shop. Without identifying any particular customer/insured, Plaintiffs are effectively claiming that every insured in the State of Florida who had his car repaired at some other shop did so based on tortious interference. There is no way to defend against such a claim without knowing who was the subject of the alleged tortious interference. The claim should be dismissed.[3]

## **CONCLUSION**

For the reasons set forth herein, the Amended Complaint should be dismissed with prejudice.

---

[3] With regard to Quasi-Estoppel (Count III) the sole case on which Plaintiffs rely, PACE Industry Union-Management Pension Fund v. Dannex Mfg. Co., Inc., 394 Fed. App'x. 188 (6th Cir. 2010), is a Sixth Circuit decision which discusses New Jersey law, and which does not state that there is an affirmative cause of action for quasi-estoppel under the law of New Jersey, much less the law of Florida. With regard to Conversion (Count V), there is no property identified that the Defendants are exercising control over, and there is no specifically identified money that the Defendants have under their control. See U.S. v. Mystic Equestrian LLC, No. 11–81130–CIV, 2013 WL 616938, at *3 (S.D. Fla. Feb. 19, 2013).

Dated: December 5, 2014

By: /s/ Thomas G. Rohback

J. Suzanne M. Lehner
Florida Bar No.: 002368
QUINTAIROS, PRIETO,
WOOD & BOYER P.A.
4905 West Laurel Street
Tampa, Florida 33607
Telephone: (813) 286-8818
Facsimile:  (813) 286-9998
Suzanne.lehner@qpwblaw.com

Thomas G. Rohback
(*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Facsimile: (860) 275-8101
trohback@axinn.com

Attorneys for Defendants Hartford Accident and Indemnity Company and Hartford Underwriters Insurance Company

/s/ E.K. Cottrell
E.K. Cottrell (Fla. Bar No: 0013579)
EMAIL: ecottrell@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Telephone:   (904) 598-6100
Facsimile:    (904) 598-6300

Attorneys for Defendant, Sentry Insurance A Mutual Company

Respectfully submitted

/s/     David L. Yohai
David L. Yohai*
John P. Mastando III*
Eric Hochstadt*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com
john.mastando@weil.com
eric.hochstadt@weil.com

Brian J. D'Amico (Fla. Bar No. 076868)
WEIL, GOTSHAL & MANGES LLP
Miami, Florida 33131
Telephone:  (305) 577-3100
Fax:  (305) 374-7159
brian.damico@weil.com

*specially admitted to practice

Attorneys for Defendants 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, Bristol West Insurance Company, Foremost Insurance Company Grand Rapids, Michigan, and Security National Insurance Company

FOX ROTHSCHILD LLP

s/ John J. Haggerty
John J. Haggerty, Esq.
2700 Kelly Road, Suite 300
Warrington, PA 18976
Telephone: (215) 345-7500
Facsimile: (215) 345-7507

 /s/ Seth A. Schmeeckle
Seth A. Schmeeckle, Trial Counsel
Louisiana Bar No. 27076
Lugenbuhl, Wheaton, Peck, Rankin
& Hubbard, A Law Corp.
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Fax:  (504) 310-9195
sschmeeckle@lawla.com

and

Marjorie M. Salazar
Florida Bar No. 0939021
Lugenbuhl, Wheaton, Peck, Rankin
& Hubbard, A Law Corp.
815 Walker St., Suite 1447
Houston, TX 77002
Telephone:  (713) 222-1990
Fax:  (713) 222-1996
msalazar@lawla.com

ATTORNEYS FOR DEFENDANTS
HORACE MANN INSURANCE
COMPANY AND HORACE MANN
PROPERTY & CASUALTY INSURANCE
COMPANY

  /s/ Dale L. Friedman
Dale L. Friedman, Esquire
Florida Bar No.:  854646
dfriedman@conroysimberg.com
Rebecca J. Williams, Esquire
Florida Bar No. 403733
rwilliams@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
(954) 961-1400 Broward
(954) 967-8577

Attorneys for Defendants
Westfield Insurance Company

/s/ Michael H. Carpenter
Michael H. Carpenter
Michael N. Beekhuizen
Peter T. Snow
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 telephone
(614) 365-9145 facsimile
carpenter@carpenterlipps.com
beekhuizen@carpenterlipps.com
snow@carpenterlipps.com

Mark J. Botti
Squire Patton Boggs (US) LLP
1200 19th Street, N.W., Suite 300
Washington, District of Columbia  20036
(202) 626-6600 telephone
(202) 626-6780 facsimile
mark.botti@squirepb.com

Andrew R. Kruppa, Florida Bar No. 63958
Kimberly J. Donovan, Florida Bar No. 16496
Squire Patton Boggs (US) LLP
200 South Biscayne Boulevard,
Suite 4100
Miami, Florida 33131
(305) 577-7000 telephone
(305) 577-7001 facsimile
andrew.kruppa@squirepb.com
kimberly.donovan@squirepb.com

Attorneys for Defendants Nationwide
Mutual Insurance Company and
Nationwide Insurance Company of Florida

Attorneys for Ocean Harbor Casualty
Insurance Company

s/Hal K. Litchford
Hal K. Litchford (272485)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
Email: hlitchford@bakerdonelson.com

-and-

Amelia W. Koch (Admitted Pro Hac Vice)
Steven F. Griffith, Jr. (Admitted Pro Hac Vice)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: akoch@bakerdonelson.com
Email: sgriffith@bakerdonelson.com

Counsel for Defendants,
USAA Casualty Insurance Company and
United Services Automobile Association

/s/ Joseph T. Kissane
Joseph T. Kissane, Esquire
Florida Bar No. 512966
COLE, SCOTT & KISSANE, P.A.
4686 Sunbeam Road
Jacksonville, Florida 32257
Phone: (904) 672-4031
Facsimile: (904) 672-4050
Joseph. Kissane@csklaw.com

/s/ Jeffrey S. Cashdan

/s/ Timothy J. Rooney
Timothy J. Rooney (admitted pro hac vice)
Norman K. Beck (admitted pro hac vice)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
trooney@winston.com
nbeck@winston.com

Laura Besvinick
HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
Fla. Bar No. 391158
laura.besvinick@hoganlovells.com

Counsel for The Travelers Indemnity
Company, Travelers Casualty & Surety
Company, Travelers Casualty & Surety
Company of America, Travelers Casualty
Insurance Company of America, Travelers
Indemnity Company of America, Travelers
Indemnity Company of Connecticut,
Travelers Property Casualty Company of
America, and Travelers Property Casualty
Insurance Company

s/ Michael R. Pennington
Michael R. Pennington
BRADLEY ARANT BOULT CUMMINGS
LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8391
Facsimile: (205) 521-8800
mpennington@babc.com

Attorney for Defendants,

Jeffrey S. Cashdan, admitted pro hac vice
Christine A. Hopkinson, admitted pro hac vice
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Phone:  (404) 572-4600
Facsimile:  (404) 472-5139
jcashdan@kslaw.com
chopkinson@kslaw.com

/s/ Michael R. Nelson
Michael R. Nelson, admitted pro hac vice
Kymberly Kochis, admitted pro hac vice
Francis X. Nolan, admitted pro hac vice
NELSON BROWN & CO.
17 State Street, 29th Floor
New York, New York 10004
Telephone:  (212) 233-0130
Facsimile:  (212) 233-0172
mnelson@nelsonbrownco.com
kkochis@nelsonbrownco.com
fnolan@nelsonbrownco.com

Counsel for Defendants Progressive American Insurance Company and Progressive Select Insurance Company

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

/s/ Kathy J. Maus
KATHY J. MAUS, ESQ.
Florida Bar No.:  0896330
kmaus@butlerpappas.com
JULIUS F. PARKER III, ESQ.
Florida Bar No.: 0160857
jparker@butlerpappas.com
Secondary:
eservice@butlerpappas.com
3600 Maclay Blvd., Suite 101
Tallahassee, Florida  32312
Telephone:   (850) 894-4111

Infinity Auto Insurance Company and First Acceptance Insurance Company, Inc.

s/Andrew Abramovich
Andrew Abramovich
Florida Bar No.: 043128
BOYD & JENERETTE, P.A.
201 N. Hogan Street, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 353-6241
Facsimile: (904) 493-3749
AAbramovich@Boyd-Jenerette.com

Counsel for Defendant Acceptance Indemnity Insurance Company

 s/ Peter Baumberber
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Direct Line: (305) 982-6713
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com

JR@kubickidraper.com
PSB-KD@kubickidraper.com

Attorneys for Direct General Insurance Company & Windhaven Insurance Company

s/ Matthew C. Blickensderfer
Matthew C. Blickensderfer
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6162 (phone)
(513) 651-6981 (fax)
mblickensderfer@fbtlaw.com

Attorney for Defendant The Cincinnati

Facsimile: (850) 894-4999
Attorneys For:
MERCURY INSURANCE COMPANY OF FLORIDA, MERCURY INSURANCE COMPANY OF ILLINOIS
MERCURY INSURANCE COMPANY
CALIFORNIA AUTO INSURANCE COMPANY

s/ Lori J. Caldwell
Lori J. Caldwell
Florida Bar Number: 0268674
lcaldwell@rumberger.com
RUMBERGER KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida 32801
Telephone: (407) 839-4546
Facsimile: (407) 841-2133
Richard L. Fenton*
Mark L. Hanover*
richard.fenton@dentons.com
mark.hanover@dentons.com

Attorneys for Defendants Allstate Fire and Casualty Company, Allstate Insurance
Company, Encompass Indemnity Company,
and Esurance Property & Casualty Company

Insurance Company

/s/ Michael E. Mumford
Michael S. Vitale
Florida Bar No. 17136
BAKERHOSTETLER
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0186
mvitale@bakerlaw.com

Ernest E. Vargo
Michael E. Mumford
BAKERHOSTETLER
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, OH 44114-3482
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
evargo@bakerlaw.com
mmumford@bakerlaw.com

Attorneys for Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ Thomas G. Rohback
Thomas G. Rohback
(*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Facsimile: (860) 275-8101
trohback@axinn.com