UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A & E AUTO BODY, INC., *et al.*,

    Plaintiffs,

v.

21ST CENTURY CENTENNIAL INSURANCE COMPANY, *et al.*,

    Defendants.

_____/

MDL Docket No. 2557

Case No. 6:14-cv-310-ORL-31TBS

### STATE FARM'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

State Farm, pursuant to the Court's Order allowing reply briefs ([42]), respectfully submits this reply to Plaintiffs' Omnibus Response ([284]).

**A. Quantum Meruit (Count One) and Unjust Enrichment (Count Two)**  Plaintiffs assert that "nowhere in the body of the Amended Complaint do Plaintiffs ever assert the existence of a valid contract between themselves and any Defendant." ([284] at 3.)  In fact, Plaintiffs repeatedly allege "agreements" between themselves and State Farm and other Defendants. (*See, e.g.,* Am. Compl. [167] at ¶ 68 (alleging Defendants "exert control" over Plaintiffs' businesses "by entering program agreements with the individual plaintiffs").)  These agreements, which plaintiffs term "DRPs" (*see id.*), are contracts.  The fact that plaintiffs call them agreements, not contracts, does not render them any less contracts.  *See, e.g.*, *Black's Law Dictionary* 291 (5th ed.) (a "contract" is "an agreement between two or more persons . . ."). To the extent Plaintiffs are in DRP agreements with State Farm (*see* [167-4]), their unjust enrichment and quantum meruit claims are deficient as a matter of law.  *See White*

*Holding Co., LLC v. Martin Marietta Materials*, 423 F. App'x 943, 946 (11th Cir. 2011).[1]

In any case, Plaintiffs' claims fail regardless of contractual relationships because Plaintiff's allegations that they performed services for State Farm's and other Defendants' insureds do not satisfy the requirement that Plaintiffs "conferred a benefit" on Defendants. (*See* [215] at 3, 8.)  Plaintiffs' Response does not address Florida federal district court decisions, cited by State Farm, that hold that "a third-party providing services to an insured confers nothing on the insurer except a ripe claim for reimbursement, which is hardly a benefit." *Adventist Health Sys./Sunbelt Inc. v. Med Sav. Ins. Co.*, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004) (dismissing quantum meruit and unjust enrichment claims); *accord Hialeah Physicians Care, LLC v. Conn. Gen. Life Ins. Co.*, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013).

Likewise, Plaintiffs cannot as a matter of law satisfy the requirement that State Farm and the other Defendants "reasonably expected" to pay more for repairs performed by Plaintiffs on their insureds' automobiles or that Plaintiffs had an "expectation of compensation" beyond what was paid. *See Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1195 (11th Cir. 2009).  By their own allegations, Plaintiffs have long been familiar with Defendants' payment practices and continue to accept repair jobs on cars insured by Defendants.  Moreover, Defendants' payment obligations run to their insureds.  Plaintiffs cite no Florida statutory or decisional law and no provisions in State Farm's and other Defendants' insurance policies that would require State Farm and other Defendants to pay

---

[1] Nor can Plaintiffs avoid dismissal by contending that this Court must review the evidence as to which Plaintiffs are in a contractual relationship with which Defendants.  (*See* [284] at 5.)  Indeed, this Court required Plaintiffs to state which Plaintiffs are in a DRP agreement with which Defendants (Order [110] ¶ 3), and they have provided a list (albeit incomplete).  (*See* [167-4].)

whatever amounts Plaintiffs see fit to charge. Nor do Plaintiffs cite any support for their assertion that such an obligation arises from the purported "very particular relationship to the Plaintiff shops that Defendant automobile insurers posses [sic] and the manner in which that relates to how and from whom Plaintiff shops are compensated for their work." ([284] at 3.) *See Quality Auto Body v. Allstate Ins. Co.*, 660 F.2d 1195, 1204 (7th Cir. 1981) (shops are "not obligated to perform work at the price set in the [insurer's] estimate;" "'the only consequence of a refusal to perform work at that price is that the customer will have to pay the additional charge himself'") (citation omitted).[2]  Plaintiffs' quantum meruit and unjust enrichment claims should be dismissed as a matter of law.

**B.  Quasi-Estoppel (Count Three)**  Plaintiffs fail to identify *any* Florida case, state or federal, that recognizes quasi-estoppel as a cause of action.  Plaintiffs only cite, *PACE Industry Union-Management Pension Fund v. Dannex Mfg. Co., Inc.*, 394 Fed. App'x. 188 (6th Cir. 2010), which addresses the law of New Jersey, not Florida, and which does not recognize an independent cause of action for quasi-estoppel under the law of either state.

**C.  Tortious Interference With Business Relations (Count Four)**  Plaintiffs assert that they have sufficiently pled the element of existing business relationships that would afford Plaintiffs existing or prospective legal rights because there are "express contracts, extant and prospective, between the Plaintiff shops and their customers and potential customers, who are also Defendants' insureds." ([284] at 6.)  This assertion does not support a claim for tortious

---

[2] Furthermore, Plaintiffs' vague, conclusory assertion that the "surrounding and underlying circumstances" alleged in their Amended Complaint show that "it would be inequitable for Defendants to retain the benefit of these monies without paying fair value for such monies" ([284] at 4) does not adequately allege the required element that it would be inequitable for Defendants not to pay Plaintiffs more for the repair services rendered to their insureds.  (*See* [215] at 10.)

3

interference, which requires "'a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.'" *Med. Sav. Ins. Co. v. HCA, Inc.*, 2005 WL 1528666, at *9 (M.D. Fla. June 24, 2005). A hope that past customers will return (which is all Plaintiffs' allegations amount to) is insufficient. *See Int'l Sales & Serv., Inc. v. Austral Insulated Prods.*, 262 F.3d 1152, 1155 (11th Cir. 2002) (plaintiff's "hope that some of its past customers would continue to buy from [plaintiff] was mere 'speculation'" and plaintiff "had no identifiable agreement with its past customers that they would return"). Plaintiffs provide no "identifiable agreement" with past customers obligating them to return for future collision repairs and no example of any occasion on which a customer came to a shop, agreed to have his car repaired, and then changed his mind after speaking with his insurer. Plaintiffs also argue that their "voluminous and numerous customers . . are not limited, as otherwise represented by the Defendants, to merely the 'public at large.'" ([284] at 6.) Yet, Plaintiffs themselves allege that State Farm's and the other Defendants' purported misrepresentations are "convey[ed] . . . to members of the public." ([167] ¶ 147.)

In addition, Plaintiffs' allegations fail to show that State Farm or any other Defendant used improper means to interfere with any Plaintiff's purported business relationship with a customer. Under *Iqbal* and *Twombly*, Plaintiffs' conclusory assertion in their Response that "e*ach and every* Defendant in fact engaged in *each and every* wrongful conduct alleged against *each and every* Plaintiff" ([284] at 2 (emphasis in original)) is simply not sufficient to withstand a motion to dismiss. It also does not satisfy – and is completely contrary to – this Court's Order of June 11, 2014, which rejected Plaintiffs' collective allegations of

4

wrongdoing. ([110] ¶ 4.) Plaintiffs' allegations of improper means center on State Farm's and other Defendants' supposed misrepresentations and disparagement of Plaintiffs' shops and "implications of poor quality work, poor quality efficiency, poor business ethics and practices, and unreliability." ([167] ¶ 147; *see also id.* ¶¶ 124-26.) Plaintiffs provide no factual allegations supporting an inference that every Plaintiff shop has been disparaged by State Farm and every other Defendant in all of the ways alleged. Indeed, Plaintiffs' allegations make clear that Defendants do not treat all the Plaintiffs the same. (*See, e.g.*, *id.* ¶ 126 ("These statements have been made about *certain* Plaintiffs without any attempt to ascertain the truth thereof." (emphasis added)).) Thus, contrary to Plaintiffs' contentions, their inadequate and conclusory allegations of improper means do not suffice to distinguish this case from *Gunder's Auto Center v. State Farm Mut. Auto. Ins. Co.*, 422 F. App'x 819 (11th Cir. 2011). As in *Gunder's*, State Farm is "no stranger" to the repair transactions of its insureds and has a "protectible interest" in its relationships with its insureds regarding such transactions. *See* 422 F. App'x at 822; *see* [215] at 4,13.

**D. Conversion (Count Five)** "In order for money to be an appropriate subject for a conversion claim, there must be an obligation for the receiver to keep intact or deliver the specific money at issue." *Indus. Park Dev. Corp. v. Am. Express Bank*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013). Here, contrary to Plaintiffs' assertions ([284] at 7), the Amended Complaint does not identify any specific and identifiable money at issue; instead it generally alleges that Plaintiffs have not been paid enough by Defendants. ([167] ¶¶ 150, 152; [215] at 14.) "The law is clear that the mere obligation to pay money will not be enforced by an action for conversion." *Indus. Park Dev. Corp.*, 960 F. Supp. 2d at 1366 (citing cases).

5

Dated: December 5, 2014

Respectfully submitted,

*/s/ Johanna W. Clark*
Johanna W. Clark
CARLTON FIELDS JORDEN BURT, P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@cfjblaw.com

Michael L. McCluggage
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
E-mail: mmcluggage@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: mike.kenny@alston.com

*Attorneys for Defendant State Farm
Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

 */s/ Johanna W. Clark*
Johanna W. Clark