**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

A & E AUTO BODY, *et al.*,

    Plaintiffs,

v.

21ST CENTURY CENTENNIAL INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. 6:14-MD-2557-Orl-31TBS

RE: Case No. 6:14-cv-00310,GAP-TBS

## GEICO GENERAL INSURANCE COMPANY'S REPLY TO PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT, ADDRESSING THE FLORIDA LAW PORTIONS ONLY

As to GEICO General Insurance Company ("GEICO"), Plaintiffs' Florida state law Response only serves to highlight their inadequate Florida pleading with respect to the state law claims and Plaintiffs' failure to address this Court's June 11, 2014 Order and clear directives. That failure – after multiple opportunities – justifies that the Florida state law claims be dismissed with prejudice, as should the Plaintiffs' federal antitrust claims.

In June, when this Court dismissed the Plaintiffs' Complaint, the Court held:

> With limited exceptions, the allegations of wrongdoing are attributed, collectively, to every Defendant and alleged to have been perpetrated upon every Plaintiff. While there may be situations in which such collective description are sufficient, at least some of claims asserted here require individualized allegations. For example, if Plaintiffs' counsel were able to establish that Defendant A was unjustly enriched by shortchanging Plaintiff B, it would not entitle any other plaintiff to a judgment against Defendant A (or any other defendant). However, that is the way this action has been pleaded. If the Plaintiffs choose to replead, this must be corrected.

1

June 11, 2014 Order (Doc. 110) at 2. Plaintiffs' Florida law causes of action (Counts One through Five: Quantum Meruit, Unjust Enrichment, Quasi-Estoppel, Tortious Interference with Business Relations and Conversion) each require such individualized allegations. Despite this Court's clear direction, however, Plaintiffs' Amended Complaint continues to fail to make such individualized allegations as to GEICO, or any factual allegations about GEICO at all. Plaintiffs' Response highlights this failure and demonstrates the implausibility of Plaintiffs' allegations when, in their introductory paragraph, Plaintiffs claim that "every Plaintiff shop has a contract with every customer/insured; [and] every Defendant insurance company has a contract with every customer/insured." Response (Doc. 284) at 1. As this Court's June 11, 2014 Order recognizes, Rule 8, requires Plaintiffs to allege facts as to each of their claims against each of the Defendants that, if true, plausibly give rise to an entitlement to relief. Without factual allegations as to GEICO, Plaintiffs have not met Rule 8's requirement, and the state law claims should be dismissed with prejudice as to GEICO. *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.,* 619 F. Supp. 2d 1260, 1273-74 (M.D. Fla. 2009) *aff'd,* 451 F. App'x 862 (11th Cir. 2012) (holding that "the grouping of Defendants . . . does not afford these Defendants fair notice of the basis for the claims against them").

For the sake of brevity, and in light of Plaintiffs' failure to adequately explain the deficiencies in Counts One through Five of their Amended Complaint, including those already identified by this Court, GEICO incorporates in full Defendants' Reply to Plaintiffs' Omnibus Response to Defendants' Motions to Dismiss Amended Complaint, Addressing the Florida Law Portions Only filed by Hartford Accident and Indemnity Company and a number of other Defendants (Doc. 285) as though it were set out in full here, with a few additional points discussed below.

With respect to Plaintiffs' Unjust Enrichment and Quantum Meruit claims (Counts One and Two), GEICO adds that Plaintiffs cannot claim they had a reasonable expectation of higher payment when their Amended Complaint alleges that Plaintiffs entered each unidentified transaction with the Defendants' insureds knowing exactly what the Defendants were willing to

20562557

pay. *See* Am. Compl. ¶ 97 (alleging that "[i]f the body shop advises a labor rate increase is required, State Farm representatives will inform the body shop they are the only shop in the area who has raised its rates, therefore the higher rate does not conform with the 'market rate'"); ¶ 101 (alleging that "[t]he remaining Defendants, intentionally and by agreement and/or conscious parallel behavior, specifically advised the Plaintiffs they will pay no more than State Farm pays for labor"); ¶ 102 (alleging that "the suppressed payment ceilings are enforced across the board"; ¶ 112 (alleging that the "continued refusal and/or failure to compensate Plaintiffs for ordinary and customary repairs and materials costs places Plaintiffs in the untenable position of either performing incomplete and/or substandard repairs and thus breaching their obligation to automobile owners to return vehicles to pre-accident condition, or performing labor and expending materials without proper compensation and thereby jeopardizing continuing viability of the business enterprise").

With respect to Plaintiffs' Conversion claim (Count Five), GEICO adds that Plaintiffs cite no case law to support that a general debt can be the subject of a conversion claim simply because that debt can be "calculated 'to the dime'" because no specific debts have been alleged, and frankly none exist. *See* Response at 7. In fact, Florida law holds that "[f]or money to be the object of conversion 'there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified.'" *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 2008) (quoting *Futch v. Head,* 511 So.2d 314, 320 (Fla. 1st DCA 1987)). In *Gasparini*, the court held, as a matter of law, there was no conversion where the money in question was not held in a separate account nor was there any obligation to hold the specific funds in trust or escrow. Plaintiffs similarly allege a general debt owed by Defendants, not some specific funds that GEICO was required to keep intact or deliver.

    Respectfully submitted,

    */s/ Dan W. Goldfine*___

    Dan W. Goldfine *(admitted pro hac vice)*
    SNELL & WILNER, LLP

        One Arizona Center
        400 East Van Buren Street, Suite 1900
        Phoenix, AZ 85004-2202
        Telephone:  (602) 382-6000
        Facsimile:   (602) 382-6070

*Attorneys for Defendant GEICO General Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF System.

*/s/ _Dan W. Goldfine_____*
Dan W. Goldfine