IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

A & E AUTO BODY, INC., *et al.*

        Plaintiffs,

v.

21st CENTURY CENTENNIAL
INSURANCE COMPANY, *et al.*,

        Defendants.
_____/

Case No. 6:14-CV-00310-GAP-TBS

**MDL Docket No.** 2557

**REPLY TO PLAINTIFFS' OMINIBUS RESPONSE
TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT, ADDRESSING
THE FLORIDA LAW PORTIONS ONLY**

Defendants, Florida Farm Bureau General Insurance Company and Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau") reply to Plaintiffs' Omnibus Response to Defendants' Motions to Dismiss Amended Complaint, Addressing the Florida Law Portions Only (D.E. 284) pursuant to the Court's Order permitting the filing of reply briefs and state as follows:

**I.    Plaintiffs have failed to state a claim for quantum meruit (Count I) and unjust enrichment (Count II) and quasi-estoppel (Count III) under Florida law.**

Plaintiffs' Response fails to establish the elements of a quantum meruit cause of action under Florida law. To state such a cause of action, Plaintiffs are required to allege: (1) that Plaintiffs conferred a benefit on Florida Farm Bureau; (2) that Florida Farm Bureau had knowledge of the alleged benefit; (3) that Florida Farm Bureau accepted or retained the benefit conferred by Plaintiffs; and (4) that the circumstances indicate that it would be inequitable for Florida Farm Bureau to retain the benefit conferred upon it by Plaintiffs without paying fair

value for the benefit. *Hull & Co., Inc. v. Thomas*, 834 So. 2d 904 (Fla. 4th DCA 2003). Plaintiffs central allegation against the Defendants, including Florida Farm Bureau, is premised on Defendants alleged failure to pay Plaintiffs for repairs performed by Plaintiffs for the benefit of Defendants' insureds or claimants making claims against Defendants' policyholders. Plaintiffs allege that Defendants are obligated to pay for repairs performed by Plaintiffs, thus, Plaintiffs are conferring a benefit upon Defendants. Plaintiffs' assertion is incorrect. The clear and unambiguous language of the Florida Farm Bureau policy only requires Florida Farm Bureau to pay for a direct and accidental loss minus any applicable deductible. Plaintiffs' repairs of policyholder and claimant vehicles inures to the benefit of those unidentified parties, not Florida Farm Bureau. Florida Farm Bureau's sole obligation under its insurance contract with policyholders is to pay to the insured or claimant monies for indemnity. The insurance contact is an indemnity agreement, not a contract for any good or service offered by Plaintiffs, including collision repair, labor rates, parts or paint. The indemnity amount is paid to the insured and/or claimant unless otherwise directed by a policyholder, thus Plaintiffs do not provide any good or service to Florida Farm Bureau, but rather to the insureds or claimants. Policyholder and claimant contracts, if any, with Plaintiffs would create obligations on the part of Florida Farm Bureau, not benefits.

Florida Farm Bureau and its policyholders are the only parties to the insurance contracts that form the basis of any payments made by Florida Farm Bureau for collision repairs. Plaintiffs, non-parties to the insurance contract between Florida Farm Bureau and its policyholders, have no standing to enforce the terms of the insurance contract or independently determine that Florida Farm Bureau has somehow breached its obligations under the insurance contract. Florida Farm Bureau has not accepted or retained any benefit from collision repairs

conferred by Plaintiffs on policyholders and claimants. Plaintiffs unjustified request that additional amounts be paid does not establish any colorable claim against Florida Farm Bureau. Plaintiffs assessed costs to the work they completed on an unspecified number of collision repairs and subsequently accepted payments in the amount of its invoices. Plaintiffs fail to allege a single fact within the Amended Complaint that identifies any monies specifically withheld by Florida Farm Bureau that were owed to Plaintiffs beyond vague and generalized terms.

Florida Farm Bureau maintains and reiterates its argument in the previously filed motion to dismiss regarding Plaintiffs' claim for relief under the quasi-estoppel theory.

## II. Plaintiffs' conclusory allegations and generalizations are insufficient to state a claim for tortious interference with a business relationship.

Plaintiffs cannot maintain a cause of action for tortious interference with a business relationship under Florida law because they have failed to allege a business relationship with a particular individual and not the general business community. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994). The business relationship must be evidenced by an agreement that would have been completed absent the interference of Florida Farm Bureau. *Id*. Plaintiffs fail to identify in their Amended Complaint any policyholder or claimant that Florida Farm Bureau interfered with or any facts to support any allegation of interference with Plaintiffs to sell their services to any particular individual. Furthermore, although Plaintiffs assert a contract with their customers, Plaintiffs fail to allege the nature of interference by Florida Farm Bureau or that any transactions with policyholders or claimants would have been completed but for the interference of Florida Farm Bureau. Plaintiffs instead assert that Defendants, generally, have interfered with Plaintiffs express contracts with customers and potential customers. No facts are alleged that support this assertion, rather, Plaintiff's mere statement of this nonspecific, unsupported allegation is to be taken as true. Conclusory statements in a complaint should not

survive a motion to dismiss absent supporting facts that give rise to a claim for relief. *Quality Foods de Centro America*, 711 F. 2d 989 (11th Cir. 1983). Plaintiffs have thus failed to state a cause of action for tortious interference with a business relationship.

### III. Conversion

An alleged debt owed to Plaintiffs is not specific and identifiable money to which Plaintiffs have an immediate right to possess, thus Plaintiffs cannot maintain a cause of action for conversion. *Walker v. Figarola*, 59 So. 3d 188 (Fla. 3d DCA 2011). Plaintiffs allege that Defendants are liable for conversion by wrongfully withholding additional monies allegedly owed to Plaintiffs for collision repairs. Plaintiffs seek repayment of an alleged debt from Defendants, which does not involve specific and identifiable monies necessary to properly state a claim for conversion. Plaintiffs failed to allege an obligation by Florida Farm Bureau to keep intact or deliver the specific money in question so that the money could be readily identified. Plaintiffs fail to distinguish between specific monies owed to Plaintiffs by each individual Defendant, merely joining each Defendant together and concluding that each has converted some unspecified amount of money that likewise is not identified. Further, any alleged monies owed to Plaintiffs by Florida Farm Bureau would be owed pursuant to Florida Farm Bureau's individual insurance contracts with policyholders. Plaintiffs seek additional and unwarranted payment pursuant to an agreement, thus their claim for conversion must fail.

### IV. Conclusion.

Pursuant to the foregoing reasons, Plaintiffs' have failed to state a claim for any of the Florida state law causes of action plead in their Amended Complaint, thus the Amended Complaint should be dismissed.

Dated: December 5, 2014

By: /s/ A. Abidemi Oladipo
MARIA ELENA ABATE
Fla Bar No. 770418
mabate@colodnyfass.com
A. ABIDEMI OLADIPO
Fla Bar No. 0041779
aoladipo@colodnyfass.com
COLODNY FASS, P.A.
One Financial Plaza, 23rd Floor
100 Southeast 3rd Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 492-4010
Facsimile: (954) 492-1144
Counsel for Defendants:
Florida Farm Bureau Gen. Ins. Co. &
Florida Farm Bureau Cas. Ins. Co.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 5th day of December, 2014, the foregoing document is being served on the counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system.

COLODNY FASS, P.A.
Counsel for Defendants Florida Farm Bureau
One Financial Plaza, 23rd Floor
100 Southeast 3rd Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 492-4010
Facsimile: (954) 492-1144

By: /s/ A. Abidemi Oladipo
MARIA ELENA ABATE
Fla Bar No. 770418
mabate@colodnyfass.com
A. ABIDEMI OLADIPO
Fla Bar No. 0041779
aoladipo@colodnyfass.com