UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:14-cv-310-Orl-31TBS
(MDL Docket 6:14-cv-2557-GAP-TBS)

A & E AUTO BODY, INC., et al.

    Plaintiffs,

v.

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, et al.,

    Defendants.
_____/

## DEFENDANT, FLORIDA FARM BUREAU's, MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS' COUNSEL AND SUPPORTING MEMORANDUM OF LAW

Defendant, FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY ("Florida Farm Bureau"), by and through its undersigned counsel and pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully requests that this Honorable Court dismiss this action and sanction Plaintiffs', A & E AUTO BODY, INC., et al., and Plaintiffs' counsel for filing and pursuing a frivolous and fraudulent lawsuit against Florida Farm Bureau and states as ground for this motion as follows:

### Introduction and Factual Background

Plaintiffs' claims against Florida Farm Bureau are meritless and wholly unsupported by any facts and existing law, thus the Court should impose sanctions against Plaintiffs and their counsel. Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the Court without evidentiary support or for "any improper purpose." Fed. R. Civ. P. Rule 11(b). Plaintiffs have filed a seven-count Complaint against Florida Farm

1

Bureau and other Defendants, alleging state law claims for quantum meruit, unjust enrichment, quasi-estoppel, tortious interference with business relations, and conversion and two counts alleging violations of the Sherman Act. Despite the length of Plaintiffs' Complaint, Plaintiffs have failed to articulate any basis for the relief sought against Florida Farm Bureau and have failed to conduct the required factual and legal inquiry required by Rule 11.

Plaintiffs collectively are auto body repair shops throughout the state of Florida who have alleged that Defendants, automobile insurance carriers operating within this state, have acted in concert to depress labor and material costs paid for automobile repairs at Plaintiffs' businesses over an unspecified period of years. Federal courts have recognized that Rule 11 sanctions are warranted when a party has: (1) filed a pleading that has no reasonable factual basis; (2) filed a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and (3) filed a pleading in bad faith or for improper purpose. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993). Rule 11 sanctions are mandatory when a signed paper is submitted to the court under the aforementioned conditions. *Id; See also Collins v. Walden*, 834 F.2d 961, 964 (11th Cir. 1987).

Plaintiffs assert in their Complaint that the alleged wrongful acts of the Defendants were achieved by and through direct repair programs maintained by Defendants. Complaint ¶65. Plaintiffs' comprehensive Complaint centers on the alleged actions of Defendant State Farm and seeks to attribute the alleged actions of this Defendant to all other Defendants, including Florida Farm Bureau. Complaint ¶65. Plaintiffs' single allegation specifically referencing Florida Farm Bureau merely asserts that Florida Farm Bureau is a Florida corporation and is doing business in Florida. Complaint ¶30. Plaintiffs allege that each Defendant maintained a direct repair program, however, had Plaintiff or their counsel completed a modicum of factual inquiry, they

would have learned that Florida Farm Bureau does not maintain a direct repair program. Complaint ¶65. Alternatively, Plaintiffs', who have alleged that they have had multiple business dealings with Florida Farm Bureau and other Defendants over the undefined period of time that Plaintiffs' Complaint seeks to encompass, are aware that Florida Farm Bureau does not utilize a direct repair program, thus the spurious allegations made in the Complaint, as related to Florida Farm Bureau, were known to be false at the time they were signed and presented to the Court. Rule 11 bars and makes sanctionable the specific conduct engaged in by Plaintiffs and their counsel, thus sanctions are warranted and must be imposed.

## Argument

### I. This Court Has Authority to Impose Sanctions Pursuant to Rule 11, Fed. R. Civ. P. for Frivolous and Factually Baseless Pleadings

Federal Rule of Civil Procedure 11(b) necessitates that attorneys certify in all pleadings filed with the Court that the pleading are not being made for an improper purpose, are based in existing law or by a serious argument to expand, change or reverse existing law. Fed. R. Civ. P. 11. Rule 11 states, in pertinent part:

> (a) Signature. Every pleading, written motion and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party…
>
> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>> 1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> 2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of law…; and

3

> 3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 11 imposes duties to a lawyer presenting a paper to the court: (1) that the paper is not presented for an improper purpose; and (2) reasonable inquiry was made into the factual and legal contentions made within the paper. *Didie*, 988 F.2d at 1103. In this matter, the allegations contained in Plaintiffs' Complaint are so entirely frivolous that the absence of factual or legal inquiry is apparent. Plaintiffs' Complaint fails to state any cognizable claim and is entirely without merit.

Courts apply an objective standard in evaluating the application of Rule 11. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). A violation of the rule may be caused by various reasons including choice, incompetence and inexperience. *Cruz v. Savage*, 896 F.2d 626, 633 (1st Cir. 1990); *citing Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987). Rule 11 is violated when an attorney is aware that the party's claims are illegitimate and unsupported by the factual circumstance or existing law in existence prior to the claim. *Id.* A party and the party's counsel may be sanctioned for violations of Rule 11. Fed. R. Civ. P. 11(c)(1).

An attorney takes a frivolous position if he fails to make a reasonable inquiry into facts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification. *Magnus Elecs., Inc. v. Masco Corp.*, 871 F.2d 626, 629 (7th Cir. 1989); *Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 843 F.2d 1024, 1036 (7th Cir. 1988). Frivolousness is defined as having no factual and legal support in the record. *Ind. Risk*

*Ins. v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998); *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990). Frivolous claims cause litigants with meritorious claims to have to wait longer for disposition of their claims, waste judicial resources and unnecessarily increase the costs of litigation. *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). Subjective bad faith is not required to find a violation of Rule 11. *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988); *Prof'l Mgmt. Assocs. v. KPMG LLP*, 345 F.3d 1030, 1033 (8th Cir. 2003); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). A court should inquire whether the claims of the party are objectively frivolous and whether the attorney that signed the pleadings was aware or should have been aware that the pleading was frivolous. *Byrne v. Nezhat*, 261 F. 3d 1075, 1105 (11th Cir. 2001).

An attorney is obligated to conduct a reasonable inquiry into the facts of a claim to ensure that the allegations of his complaint are based in provable facts. *Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005). To meet the reasonableness standard, the required inquiry must uncover a factual basis for the party's allegations and a legal basis for the claim. *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). Rule 11, "imposes on counsel a duty to look before leaping." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986). At a minimum, some affirmative investigation on the part of the attorney is required. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). An attorney's signature on a pleading is a certification that the required investigation into the legal and factual sufficiency of the allegations in the pleading has been conducted. *Lieb*, 788 F.2d at 157. Though the inquiry required to comply with Rule 11 does not require certainty, reasonable inquiry must be made into the facts that form the basis of the pleading. *Forbes v. Eagleson*, 228 F.3d 471, 488 (3d Cir. 2000).

Plaintiffs and their counsel were aware that their claims against Florida Farm Bureau were without any legal or factual basis. When an attorney is on notice that a claim is without merit and the attorney nonetheless pursues the case, the attorney acts in bad faith and his actions are violative of Rule 11. In the present case, Plaintiffs and their counsel were aware at the time of the filing of their complaint that there was no merit to their claims as alleged against Florida Farm Bureau. Having been aware of this fact at the time of the filing of this action, Plaintiffs and their counsel forged forward with their baseless claims, forcing Florida Farm Bureau to incur litigation costs for evaluating and defending the unsupported claims.

Plaintiffs were aware that Florida Farm Bureau does not operate a direct repair program, which necessarily contradicts ¶65 of Plaintiffs' Complaint. The establishment and utilization of direct repair programs form the overarching basis for Plaintiffs allegations regarding control of labor and material costs by Florida Farm Bureau and other Defendants. Having been aware that Florida Farm Bureau does not utilize a direct repair program at the time of the signing and filing of the Complaint, Plaintiffs were aware at that time that all claims against Florida Farm Bureau were meritless. Plaintiffs also assert that Defendants have demanded concessions by Plaintiffs to participate in their direct repair programs, that Defendants have sought to coerce Plaintiffs, have threatened Plaintiffs, that the direct repair programs contain statements that body shops will charge no more than the going rate in the market area, the establishment of market areas, the existence of a survey to determine market areas, and that Defendants have sought to prevent shops from communicating regarding rates. Plaintiffs assert that Florida Farm Bureau has engaged in these actions despite Plaintiffs knowledge that there has been no collusion or agreement between Florida Farm Bureau and any other Defendant regarding labor rates, material

prices, direct repair programs, surveys or actions towards automobile repair shops. Nevertheless, Plaintiffs filed their Complaint and continue to pursue this action.

Prior to the filing of this motion and despite Plaintiffs' prior knowledge, Florida Farm Bureau provided Plaintiffs with notice that it does not operate a direct repair program so that Plaintiffs could dismiss their claims against Florida Farm Bureau within the safe harbor period provided by Rule 11. Despite this notice and Plaintiffs prior knowledge that Florida Farm Bureau does not operate a direct repair program, Plaintiffs have nonetheless determined to continue to pursue this baseless action. Plaintiffs' allegations against Florida Farm Bureau are not the result of reasonable inquiry as required by Rule 11; rather Plaintiffs have simply copied and pasted the names of the present Defendants from almost identical complaints filed in other jurisdictions. Nearly identical complaints have been filed in *Capitol Body Shop et al. v. State Farm Mut. Auto. Ins. Co.*, Case No.: 3:14-CV-00012-CWR-FKB in the Southern District of Mississippi; *Alpine Straightening Sys., Inc. v. State Farm Mut. Auto. Ins. Co.*, Case No.: 2:14-CV-261-PMW in the District of Utah; *Brewer Body Shop, LLC v. State Farm Mut. Auto. Ins. Co.*, Case No.: 2:14-CV-02286-JTF-DKV in the Western District of Tennessee; and *Indiana Autobody Assoc., Inc. v. State Farm Mut. Auto. Ins. Co.*, Case No.: 1:14-CV-00507-TWP-DKL, in the Southern District of Indiana. Plaintiffs' allegations of fact against Florida Farm Bureau are identical to those alleged of the numerous defendants in these referenced cases. It is evident that Plaintiffs seek to engage Florida Farm Bureau into cut and paste litigation, rather than determining whether the allegations asserted are applicable to Florida Farm Bureau.

Plaintiffs' have broadly alleged collective action by Defendants, however they offer no factual support to their allegations of any particular acts of Florida Farm Bureau to enter into or comply with any alleged collective action by Defendants. Plaintiffs allegations are nonspecific

and do not afford Florida Farm Bureau notice of the actions it allegedly engaged in so as to cause damage to Plaintiffs. Plaintiffs have failed to determine and continue to refuse to determine whether the broad allegations against the Defendants as a whole are applicable to individual Defendants, including Florida Farm Bureau. Plaintiffs have simply asserted in twelve paragraphs of the one hundred and sixty-six paragraph Complaint that each individual Defendant engages in actions akin to that alleged of State Farm. This is not the reasonable inquiry required by Rule 11 and is thus in violation of the rule.

## II. This Court Has Authority to Impose Sanctions Pursuant to the Court's Inherent Powers

A court's authority to sanction under its broad inherent power is not limited to the applicability of other procedural rules that may govern the same conduct for which sanctions are sought. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). The court's inherent power encompasses a wide range of litigation abuses and is to be used to protect the judicial process. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). A court must make a finding of bad faith to impose sanctions under the court's broad inherent powers. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1251 (11th Cir. 2006). A showing that a party knowingly pursued a frivolous claim is sufficient to establish bad faith and a basis for the exercise of the court's inherent power. *Peer*, 606 F.3d at 1316. As established above, Plaintiffs were aware at the time the Complaint was filed that Florida Farm Bureau did not operate a direct repair program or exert any control over costs of labor or materials used in collision repairs by Plaintiffs. Despite this knowledge, Plaintiffs and their counsel pursued this action against Florida Farm Bureau and thus that pursuit constitutes bad faith and is thereby sanctionable. Plaintiffs were also provided notice that their allegations relative to Florida Farm Bureau were false after the filing of the Complaint,

yet they refused and continue to refuse to conduct any reasonable inquiry into the facts alleged. This is the essence of bad faith conduct that falls within the Court's broad inherent power to sanction Plaintiffs.

### III. Plaintiffs' State Law Claims are Without Merit

Plaintiffs' have alleged five baseless causes of action under state law for quantum meruit, unjust enrichment, quasi-estoppel, tortious interference with business relations and conversion. Plaintiffs' allege under the quantum meruit count that Plaintiffs are entitled to payment for materials and services rendered to Defendants. Under Florida law, to prove a cause of action for quantum meruit, Plaintiffs must show that Plaintiffs provided Florida Farm Bureau a benefit in the form of goods or services wherein a reasonable person would expect payment for the goods and services provided and that Florida Farm Bureau assented to and received those goods and services. *Babineau v. Federal Exp. Corp.*, 576 F.3d 1183, 1194 (11th Cir. 2009). Plaintiffs cannot in good faith allege that they have conferred any benefit to Florida Farm Bureau. Plaintiffs' claims for damages pursuant to quantum meruit is contradicted by allegations contained in ¶63 of Plaintiffs' Complaint, which states, "Each individual Plaintiff has done business at various times over the course of years with the Defendant's policyholders and claimants by providing to these policy holders and claimants motor vehicle collision repair service." Plaintiffs fail to allege that any good or service was provided to Florida Farm Bureau, but broadly to policyholders and claimants of the Defendants, therefore Plaintiffs are not entitled to any payment from Florida Farm Bureau. Any benefit conferred by Plaintiffs was to policyholders and claimants, not to Florida Farm Bureau.

To prove a cause of action for unjust enrichment, Plaintiffs must prove: (1) Plaintiffs conferred a benefit to Florida Farm Bureau; (2) Florida Farm Bureau was aware of the benefit;

9

(3) Florida Farm Bureau accepts and retains the benefit conferred; and (4) the circumstances are such that it would be inequitable for Defendant to retain the benefit without paying value to Plaintiffs. *Hillman Const. Corp. v. Wainer*, 636 So.2d 576 (Fla. 4th DCA 1994). Plaintiffs' allege that they provided automobile collision repair to policyholders and claimants, not to Florida Farm Bureau. Further, Plaintiffs have not alleged that they were not paid for their services, rather that they were not paid what they believed to be a fair rate. Finally, Plaintiffs fail to allege the obligation to pay Plaintiffs was owed to them by Florida Farm Bureau and not the policyholders and claimants to whom Plaintiffs provided goods and services.

Plaintiffs' cause of action for quasi-estoppel is meritless as quasi-estoppel is not a valid cause of action. *Bonner Farms, Ltd. v. Frtiz*, 355 F. App'x 10, 12 (6th Cir. 2009). Plaintiffs next assert a cause of action for tortious interference with business relations. Plaintiffs must establish: (1) the existence of a business relationship under which Plaintiffs have legal rights; (2) knowledge of the relationship on the part of Florida Farm Bureau; (3) intentional and unjustified interference with the relationship by Florida Farm Bureau; and (4) damage to the Plaintiffs resulting from the intentional and unjustified interference. *Water & Sewer Utility Const., Inc. v. Mandarin Utilities, Inc.*, 440 So.2d 428, 430 (Fla. 1st DCA 1983). Plaintiffs assert that Defendants generally have steered or attempted to steer customers and prospective customers away from Plaintiffs' businesses, misrepresenting facts and failing to verify facts damaging or tending to cause damage to Plaintiffs' business reputations before conveying same to the public. Plaintiffs have failed to establish the existence of specific relationships with individuals or entities to which Florida Farm Bureau has specifically interfered, rather broadly alleging interference with general business relationships with the public or Plaintiffs potential customer base. Plaintiffs fail to allege any facts regarding the nature of any alleged interference by Florida

10

Farm Bureau, instead ascribing the behavior described in this count to Defendants generally. Florida Farm Bureau is left with no mechanism to determine the alleged intentional or unjustified behavior it engaged in to interfere with the business relationships of Plaintiffs.

A cause of action for conversion is established when a party alleges the wrongful deprivation of property to the owner. *Wilson Cypress Co. v. Logan*, 162 So. 489 (1935). Plaintiffs would have to establish by a preponderance of evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives Plaintiffs of that money; and (4) a demand for return of money and a refusal to do so. *In re Energy Smart, Inc.*, 381 B.R. 359 (M.D. Fla. 2007). Plaintiffs fail to establish or allege any of the elements to prove a cause of action for conversion and thus this count of Plaintiffs' Complaint is completely baseless.

Plaintiffs' failure to even allege the essential elements of the state law claims establishes that the claims are wholly without arguable merit and are thus frivolous. Plaintiffs' inability to even plead the elements of these purported causes of action establishes that each allegation is so completely devoid of merit that there can be no question that sanctions under Rule 11 are warranted.

### IV. Plaintiffs Have No Factual Basis to Allege Any Violation of the Sherman Act

The Supreme Court of the United States has stated that allegations of antirust conspiracy must be pled with facts that create a plausible theory of a conspiracy and that the Defendant joined the alleged conspiracy. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court held, "a plaintiff cannot rely on naked assertions devoid of further factual enhancement, rather, a complaint must present sufficient factual matter, accepted as true, to raise a right to relief above the speculative level." *Id.* Mere legal conclusions are insufficient to meet

11

the pleading standards contemplated to properly plead an antitrust conspiracy. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1340 (11th Cir. 2010). Plaintiffs must plead sufficient facts to plausibly suggest that they are entitled to relief. *Twombly*, 550 U.S. at 557. To prove a violation of the price-fixing prohibition under the Sherman Act, Plaintiffs must allege: (1) a contract, combination or conspiracy among two or more of the Defendants; (2) that the Defendants intended to harm or restrain trade; and (3) actual injury to competition. *Kendall v. Visa U.S.A., Inc.* 518 F.3d 1042, 1047 (9th Cir. 2008).

The allegations in Plaintiffs' Complaint are vague, broad and do not meet the specificity requirements established in *Twombly*. Plaintiffs have failed to allege any agreement between Florida Farm Bureau and any other Defendant or between any Defendants whatsoever. Plaintiffs' have failed to allege that any contract exists between Florida Farm Bureau and any Defendant or the existence of any conspiracy beyond Plaintiffs unsupported, broad-based assertions of conspiracy. Plaintiffs' failure to establish a factual predicate for their antitrust claims shows that Plaintiffs' claims are unsubstantiated and frivolous. *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

"Ordinarily, the factual support needed to show injury to competition must include proof of the relevant geographic and product markets and demonstration of the restraint's anticompetitive effects within those markets. Avoiding such market analysis requires proof of actual detrimental competitive effects such as output decreases or price increases." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989). Plaintiffs have failed to establish the relevant geographic market wherein trade was harmed or restrained. Plaintiffs have also failed to even allege that any harm or restraint exists. Pursuant to this lack of Plaintiffs ability to meet the specificity requirements in pleading the purported causes of action for

violations under the Sherman Act, Plaintiffs knew or should have known that their allegations are baseless and unsupported by existing law.

## V. An Award of Attorney's Fees Will Deter Other Frivolous Antitrust Claims by Plaintiffs

The primary purpose of Rule 11 is to deter frivolous filings. *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120 (1989); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). A trial court has broad discretion to choose the nature and the amount of the sanction to achieve the deterrent purposes of Rule 11. *DiPaolo v. Moran*, 407 F.3d 140, 146 (3rd Cir. 2005).

Florida Farm Bureau respectfully requests that the Court issue an order sanctioning each Plaintiff and their counsel and awarding Florida Farm Bureau reasonable attorneys' fees incurred by Florida Farm Bureau in defending this meritless action. This sanction of attorneys' fees will serve a deterrent to each Plaintiff from pursuing further baseless claims against Florida Farm Bureau.

**WHEREFORE** Defendant, Florida Farm Bureau General Insurance Company, respectfully requests that this Court enter an order (i) granting this Motion and sanctioning Plaintiffs and Plaintiffs' counsel for bringing and maintaining this frivolous and illegitimate action despite Plaintiffs and Plaintiffs' counsel's awareness of the lack of merit of their claims as to Florida Farm Bureau; (ii) awarding Defendant, Florida Farm Bureau its reasonable attorneys' fees and costs for defending this meritless action; (iii) granting such other relief as the Court deems appropriate and just.

## Local Rule 3.01(g) Certification Statement

The undersigned attorney by this statement certifies that she has attempted to confer with opposing counsel on numerous occasions in a good faith effort to resolve the issues raised by this motion, will continue to attempt to confer, and will supplement this motion with a statement certifying whether or to what extent the parties have resolved the issues presented in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of January 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> COLODNY FASS, P.A.
> Counsel for Florida Farm Bureau
> One Financial Plaza, 23rd Floor
> 100 Southeast 3rd Avenue
> Fort Lauderdale, Florida 33394
> Telephone: (954) 492-4010
> Facsimile: (954) 492-1144
>
> By: /s/ Maria Elena Abate
> MARIA ELENA ABATE
> Fla Bar No. 770418
> mabate@colodnyfass.com