C. McLean, Jr.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 63 Civ. 3106 |
| ASSOCIATION OF CASUALTY AND SURETY COMPANIES, AMERICAN MUTUAL INSURANCE ALLIANCE and the NATIONAL ASSOCIATION OF MUTUAL CASUALTY COMPANIES, | ) ENTERED: |
| Defendants. | ) |



U.S. DISTRICT COURT FILED NOV 27 1963 S.D. OF N.Y.

FINAL JUDGMENT

Plaintiff, United States of America, having filed its complaint herein on October 23, 1963, and the plaintiff and the defendants, by their respective attorneys, having consented to the entry of this Final Judgment without admission by any party with respect to any issue herein;

NOW, THEREFORE, before the taking of any testimony herein, without trial or adjudication of any issue, and upon such consent, as aforesaid, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

I

This Court has jurisdiction of the subject matter hereof and the parties hereto and the complaint states a claim upon which relief can be granted under Sections 1 and 3 of the Act of Congress of July 2, 1890, commonly known as the Sherman Act, as amended.

II

The provisions of this Final Judgment shall be binding upon each defendant and upon its officers, directors, agents, servants, employees, committees, successors and assigns, and upon all other persons in active

EXHIBIT "4"

concert or participation with any defendant who shall have received actual notice of this Final Judgment by personal service or otherwise.

### III

(A) Each defendant is ordered and directed within ninety (90) days from the entry of this Final Judgment to terminate, cancel and abandon the Independent Appraisal Plan, sometimes known as the Automotive Damage Appraisal Plan, which the defendants have established and are now administering, and each defendant is enjoined from reviving, renewing or again placing into effect that plan.

(B) Defendants are ordered and directed within ninety (90) days from the entry of this Final Judgment to send a written notice, in the form attached hereto as an exhibit, stating that all defendants have terminated, cancelled and abandoned the Independent Appraisal Plan (1) to each appraiser sponsored under the Plan, (2) to each member company, and (3) to each Local Casualty Insurance Claims Managers' Council.

### IV

(A) Each defendant is enjoined from placing into effect any plan, program or practice which has the purpose or effect of

(1) sponsoring, endorsing or otherwise recommending any appraiser of damage to automotive vehicles;

(2) directing, advising or otherwise suggesting that any person or firm do business or refuse to do business with (a) any appraiser of damage to automotive vehicles with respect to the appraisal of such damage, or (b) any independent or dealer franchised automotive repair shop with respect to the repair of damage to automotive vehicles;

(3) exercising any control over the activities of any appraiser of damage to automotive vehicles;

(4) allocating or dividing customers, territories, markets or business among any appraisers of damage to automotive vehicles; or

- 2 -

(5) fixing, establishing, maintaining or otherwise controlling the prices to be paid for the appraisal of damage to automotive vehicles, or to be charged by independent or dealer franchised automotive repair shops for the repair of damage to automotive vehicles or for replacement parts or labor in connection therewith, whether by coercion, boycott or intimidation or by the use of flat rate or parts manuals or otherwise.

(B) Nothing in Subsection (A) above shall be deemed to prohibit the furnishing to any person or firm of any information indicating corrupt, fraudulent or unlawful practices on the part of any appraiser of damage to automotive vehicles or any independent or dealer franchised automotive repair shop, so long as the furnishing of such information is not part of a plan, program or practice enjoined in paragraphs (1) through (5) of Subsection (A) above. Each defendant shall include in any report of such information an affirmative statement that such report is not a recommendation and that the person or firm to whom such report is furnished should independently determine whether to do business with any appraiser or automotive repair shop to which the report relates.

V

Defendants are ordered and directed within ninety (90) days from the entry of this Final Judgment to cause the charter of each Local Casualty Insurance Claims Managers' Council to be amended so as to incorporate therein a declaration of policy that the Council shall not engage in any activity prohibited by Section IV of this Final Judgment.

VI

Nothing in Section IV of this Final Judgment shall be deemed to determine or constitute a waiver of any rights or immunities that defendants may have under the Act of Congress of March 9, 1945, commonly known as the McCarran-Ferguson Act.

- 3 -

## VII

(A) For the purpose of determining and securing compliance with this Final Judgment and subject to any legally recognized privilege, duly authorized representatives of the Department of Justice shall, upon written request of the Attorney General, or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to any defendant made to its principal office, be permitted

(1) access during the office hours of such defendant to all books, ledgers, accounts, correspondence, memoranda and other records and documents in the possession or under the control of such defendant relating to any of the matters contained in this Final Judgment during which time counsel for such defendant may be present; and

(2) subject to the reasonable convenience of such defendant and without restraint or interference from it to interview officers or employees of such defendant, who may have counsel present, regarding any such matters.

(B) Any defendant, on the written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, shall submit within a reasonable time such reports in writing, under oath if requested, with respect to any matters contained in this Final Judgment as may be reasonably necessary for the purpose of the enforcement of this Final Judgment.

(C) No information obtained by the means provided in this Section VII shall be divulged by any representative of the Department of Justice to any person other than a duly authorized representative of the Executive Branch, except in the course of legal proceedings to which the United States of America is a party for the purpose of securing compliance with this Final Judgment or as otherwise required by law.

VIII

Jurisdiction is retained for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment or for the modification or termination of any of the provisions thereof, and for the enforcement of compliance therewith and punishment of violations thereof.

Dated: Nov. 27th, 1963

_____
United States District Judge

JUDGMENT ENTERED 11/27/63

James E. Valeche
Clerk