IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A&E AUTO BODY, INC., et al.,

    Plaintiffs,                         CASE NO. 6:14-CV-00310-31-TBS

v.

21st CENTURY CENTENNIAL INSURANCE
COMPANY, et al.,

    Defendants.
_____/

### DEFENDANTS OLD REPUBLIC INSURANCE COMPANY AND OCEAN HARBOR CASUALTY INSURANCE COMPANY'S MOTION AND SUPPORTING MEMORANDUM OF LAW TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, Old Republic Insurance Company ("Old Republic"), and Ocean Harbor Casualty Insurance Company ("Ocean Harbor"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the Plaintiffs' Second Amended Complaint as to Old Republic and Ocean Harbor with prejudice. As grounds therefore, Old Republic and Ocean Harbor state as follows:[1]

### PRELIMINARY STATEMENT

In the two separate orders dismissing the prior iterations of the Plaintiffs' complaint, the Court expressly required the Plaintiffs to include individualized allegations with respect to each

---

[1] Old Republic and Ocean Harbor also join in and hereby incorporate by reference the arguments made in Defendants Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, et al. Motion to Dismiss Second Amended Complaint with Incorporated Memorandum in Support, including those on pages 5-6 with respect to the complete absence of any allegations in the SAC against certain Defendants, and those contained in Sections I(A)-(B), II(A)-(D) and III of their Motion to Dismiss [ECF No. 302], and further hereby incorporate by reference the arguments made in all other motions to dismiss the Second Amended Complaint filed by other Defendants. Furthermore, Old Republic and Ocean Harbor incorporate by reference the arguments made in the various motions to dismiss the Amended Complaint [ECF 191, 192, 201, 204, 209-212, 215, 216, 235, 243, 249, 254, 270 and 273].

Defendant. Plaintiffs' Second Amended Complaint (the "SAC")[ECF No. 296] contains no individualized allegations with respect to either Old Republic or Ocean Harbor that could be read to form the basis of a claim for relief. Old Republic and Ocean Harbor are not mentioned specifically in any claim for relief, there is no allegation that either Old Republic or Ocean Harbor has a DRP agreement with any of the Plaintiffs, and there are no allegations of illegal activity or wrongdoing by either of them. Accordingly, since the Plaintiffs have completely and utterly failed to comply with the Court's orders insofar as Old Republic and Ocean Harbor, the Second Amended Complaint should be dismissed with prejudice as to them.

## PROCEDURAL BACKGROUND

1. Plaintiffs filed the Complaint on or about February 24, 2014 naming, *inter alia*, Old Republic and Ocean Harbor as Defendants [ECF No. 1].

2. On June 11, 2014, the Court entered an order dismissing the Complaint without prejudice ("First Dismissal Order"). As a basis for the dismissal, the First Dismissal Order states that:

> With limited exceptions, the allegations of wrongdoing are attributed, collectively, to every Defendant and alleged to have been perpetrated upon every Plaintiff. While there may be situations in which such collective descriptions are sufficient, at least some of claims asserted here require individualized allegations. For example, if Plaintiffs' counsel were able to establish that Defendant A was unjustly enriched by shortchanging Plaintiff B, it would not entitle any other plaintiff to a judgment against Defendant A (or any other defendant). However, that is the way this action has been pleaded. If the Plaintiffs choose to replead, this must be corrected.

First Dismissal Order, ¶ 4 [ECF No. 110].

3. Additionally, the First Dismissal Order required the Plaintiffs to "identify which Plaintiffs have DRP agreements with which (if any) Defendants." First Dismissal Order, ¶ 3.

4. On June 28, 2014, the Plaintiffs filed their Amended Complaint [ECF No. 167].

5. On January 21, 2015, the Court entered an order dismissing one count of the Amended Complaint with prejudice, dismissing the remainder of the Amended Complaint without prejudice, and allowing the Plaintiffs another opportunity to amend ("Second Dismissal Order")[ECF No. 291, corrected at ECF No. 293 entered on January 22, 2015]. The First Dismissal Order and the Second Dismissal Order are collectively referred to as the "Dismissal Orders."

6. The Second Dismissal Order provides in pertinent part:

> Rather than providing appropriately individualized allegations, counsel for the Plaintiffs responded by adding the names of all 40 Defendants to the end of every paragraph that includes the phrase "the Defendants."
>
> ….
>
> The Plaintiffs should ensure that their references to "the Defendants" are, in fact, intended to encompass every single Defendant.

Second Dismissal Order, pg. 5-6.

7. On February 11, 2015, Plaintiffs filed the SAC [ECF No. 296].

8. The only individualized allegations against Old Republic are:

> At all times hereto, Old Republic Insurance Company, was and is a Pennsylvania insurance company registered and authorized to do business within the State of Florida. SAC, ¶ 50.
>
> The 2012 data does not account for the [private passenger] market share of … Old Republic…. SAC, ¶ 77.[2]

9. The only individualized allegations against Ocean Harbor are:

---

[2] While not necessarily germane to the Court's analysis of the SAC and this Motion to Dismiss, Old Republic has no reported private passenger market share in Florida because it does not offer private passenger insurance policies in Florida.

> At all times hereto, Ocean Harbor Casualty Insurance Company, was and is a Florida insurance company registered and authorized to do business within the State of Florida. SAC, ¶ 49.
>
> Market shares of reported respective Defendants are… Ocean Harbor Group 0.97%. SAC, ¶ 76
>
> All Defendants except Ocean Harbor … are members of IIHS…. SAC, ¶ 361.[3]

10. The SAC contains no individualized allegations that Old Republic or Ocean Harbor ever created or maintained a DRP.

## MEMORANDUM OF LAW

### I. THE SECOND AMENDED COMPLAINT FAILS TO COMPLY WITH THE DISMISSAL ORDERS AND FAILS TO COMPLY WITH RULE 8.

Old Republic and Ocean Harbor should be dismissed with prejudice because the SAC fails to remedy the defects contained in the Complaint [ECF No. 1] and the Amended Complaint [ECF No. 167]. None of the SAC's 448 paragraphs contain a specific allegation describing the basis for including Old Republic and Ocean Harbor in this lawsuit. Moreover, none of the individualized allegations against Old Republic and Ocean Harbor referenced above can be read to assert a cause of action against either of them despite the Court's demand for individualized allegations in the Dismissal Orders.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), overruled on other grounds, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In order to comply with Federal Rule of Civil

---

[3] Although not contained in the four corners of the SAC, Old Republic is also not a member of IIHS.

Procedure 8, a plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555. Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The Supreme Court has held that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the SAC does not contain a single individualized allegation against either Old Republic or Ocean Harbor as required by the Dismissal Orders, Federal Rule of Civil Procedure 8, or *Twombly* and *Iqbal*.

**II. OLD REPUBLIC AND OCEAN HARBOR SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFFS REPEATEDLY FAILED TO REMEDY PLEADING DEFICIENCIES BY AMENDMENTS PREVIOUSLY ALLOWED AS REQUIRED BY THE DISMISSAL ORDERS.**

The Supreme Court has held that dismissal with prejudice is appropriate where plaintiffs repeatedly fail to cure deficiencies by amendments previously allowed. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit has held that one chance to amend is sufficient before a district court dismisses with prejudice. *See Bryant v. Dupree*, 252 F. 3d 1161, 1164 (11th Cir. 2001). Moreover, where plaintiffs have had three attempts to state a claim, but fail to do so, dismissal with prejudice is not an abuse of discretion. *See Anderson v. Vanguard Car*

*Rental USA, Inc.*, 304 Fed. Appx. 830, 832 (11th Cir. 2008)(holding that dismissal with prejudice was not an abuse of discretion where plaintiff was afforded two opportunities to amend complaint); *Terrell v. DIRECTV, LLC*, 2013 WL 3810619 (S.D. Fla. 2013)(denying motion for leave to amend to file a third amended complaint where plaintiff had ample opportunity to state a claim); *Fowler v. Towse*, 900 F.Supp. 454, 461 (S.D. Fla. 1995)(denying motion for leave to amend where plaintiff had failed to cure deficiencies contained in two previous complaints).

The Court has twice provided Plaintiffs with a roadmap to state a claim for relief against each Defendant. However, Plaintiffs have failed to comply with this mandate presumably because they cannot.

### CONCLUSION

For the reasons stated herein, it is requested that this Court enter an Order dismissing Old Republic and Ocean Harbor from the action with prejudice, reserving jurisdiction to determine Old Republic and Ocean Harbor's entitlement to attorneys' fees and costs, and granting such other and further relief as this Court deems just and proper.

Dated: March 4, 2015

Respectfully submitted,

| /s/ Dale L. Friedman | /s/ W Mason |
|---|---|
| Dale L. Friedman, Esquire | Amy S. Rubin, Esq. |
| Florida Bar No.: 854646 | Florida Bar No.: 476048 |
| dfriedman@conroysimberg.com | arubin@foxrothschild.com |
| Rebecca J. Williams, Esquire | wpbeservice@foxrothschild.com |
| Florida Bar No. 403733 | W Mason, Esq. |
| rwilliams@conroysimberg.com | Florida Bar No.: 66229 |
| Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A. | wmason@foxrothschild.com |
| | Fox Rothschild LLP |
| 3440 Hollywood Boulevard, Second Floor | Esperante Building, Suite 700 |
| Hollywood, FL 33021 | 222 Lakeview Avenue |
| (954) 961-1400 Broward | West Palm Beach, FL 33401 |
| (954) 967-8577 | (561) 804-4432 |
| *Attorneys for Ocean Harbor Casualty Insurance Company* | (561) 835-9602 (facsimile) |
| | *Attorneys for Old Republic Insurance Company* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of March, 2015, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

             /s/ W Mason
              W Mason, Esq.