IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

A & E AUTO BODY, INC., et al.,

      Plaintiffs,

VS.                                                   Case No:  6:14-cv-310-Orl-31TBS

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, et al.,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE TO MOTION FOR SANCTIONS**

Comes now, Plaintiffs in the above-captioned cause and submits this, their Response to Defendant Old Republic Insurance Company's Motion for Sanctions ("Motion for Sanctions") and states to the Court the following:

Defendant's Motion for Sanctions is not so much seeking sanctions but is a Rule 12 motion to dismiss despite its title.  Defendant, therefore and *inter alia*, failed to follow the established rule that pleadings seeking sanctions must be filed as a separate pleading from any other pleading as required by Rule 11 of the Federal Rules of Civil Procedure.

The arguments Defendant forwards are merely repetitions of those previously filed in this cause and which have been addressed by the Court. Plaintiffs are uncertain as to why Defendant would file for relief on arguments previously made and addressed by this Court by previous order of this Court.

To the extent Defendant's Motion for Sanctions actually addresses any portion of the legal analysis of a Rule 11 Motion, its arguments are predicated upon a misreading of the allegations of the pleadings filed with this Court by Plaintiffs, and otherwise are arguments

1

involving factual allegations that Plaintiffs dispute/deny consistent with the allegations in their pleadings. Defendant's motion lacks the necessary legal and factual foundation for purposes of substantiating a Rule 11 Motion, and is itself, frivolous.

## **PURPOSE OF RULE 11 SANCTIONS**

Rule 11 sanctions are intended to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. *Gehl v. Direct Transp., Ltd., 2013* U.S. Dist. LEXIS 14630, 2-3 (M.D. Fla. Feb. 4, 2013).

In considering a motion for sanctions, a court generally conducts a two-step inquiry; (1) whether the party's claims are objectively frivolous in view of the facts or law; and (2) whether the person who signed the pleadings should have been aware that they were frivolous, in other words, whether he would have been aware had he made a reasonable inquiry. *Id.*

## **DEFENDANT'S PURPORTED MOTION FOR SANCTIONS IS EFFECTIVELY A DUPLICATE OF ITS PREVIOUSLY FILED MOTIONS TO DISMISS**

The motion filed by Defendant may be titled a motion for sanctions but it is effectively a regurgitation of arguments it has previously made in its previous motions to dismiss.

As Defendant must be aware, the Court ruled on the motions to dismiss which were pending before it. The Court did not find any of the causes of action frivolous. The Court provided direction on filing amended complaints and indicated the additional facts the Court wished presented. The Plaintiffs have complied with this direction in good faith. If Defendant believes there still exists a legitimate ground for dismissal of any cause of action, it should be limited to relying on a proper motion to dismiss addressing the facts of the Second Amended Complaint as that is the pleading now before the Court.

Each of the asserted causes of action are legally cognizable and well-supported by the clear facts/factual allegations. As such, Defendant's assertion that claims against it are frivolous and lack reasonable evidentiary support is without merit. Just because Defendant is adamant in its denial of certain allegations does not thereupon transform such allegations that are merely being denied into sanctionable Rule 11 allegations. For that matter, consistent with Plaintiffs' pleadings, Plaintiffs adamantly disagree and dispute Defendant's adamant denials that involve any suggestion that Defendant is not a culpable party as part of the wrongs asserted against it in Plaintiffs' pleadings.

Thus, the crux of Defendant's argument actually appears to be predicated upon a general denial of the allegations of the complaints. In other words, Defendant appears to be arguing that because it says it did not do anything wrong, then Plaintiffs were required to dismiss it from the action and, by refusing to do so, Plaintiffs must be sanctioned. However, claiming that it did nothing wrong is the essence and partial purpose of a responsive Answer and Affirmative Defenses wherein such denials can be memorialized and, in a proper procedural fashion, represented to the Court. Such is not appropriate in the form of a Rule 11 Motion, and diligent research has not located any authority to support this apparent argument on the part of Defendant.

## **CONCLUSION**

Defendant's Motion for Sanctions is without legal or factual merit. It is effectively a regurgitation of arguments previously made and already ruled upon by the Court. The Motion fails to put forward any facts or authority to establish the allegations against Defendant are frivolous. Denied by Defendant? Yes. Frivolous? No. The Motion misrepresents the contents of Plaintiffs' pleadings when taken in their entirety and context. The Motion improperly seeks

multiple relief in violation of F.R.C.P. 11 requirements that motions for sanctions be separately pleaded. For these reasons, Plaintiffs respectfully submit the Motion for Sanctions should be denied in its entirety.

Respectfully submitted, this the 24<u>th</u> day of April, 2015.

**A & E AUTO BODY, INC., AMERICAN PAINT & BODY, INC., AUTO & COACH WORKS OF CENTRAL FLORIDA, INC., AUTO BODY CONCEPTS, INC., COLLISION CONCEPTS OF DELRAY, LLC, ELITE EURO CARS COLLISION SERVICES, INC., EXPRESS PAINT & BODY, GUNDER'S AUTO CENTER, INC., JUSTICE COLLISION, LLC,LONG WHOLESALE CONSULTANTS , MARSHALLS BODY MASTERS, OLD DIXIE PAINT AND BODY, LLC, ORLANDO AUTO BODY, INC., QUALITY COLLISION REPAIR, INC., REGAL PONTIAC, INC., SPS BUSINESS INVESTMENTS, INC., STEWART AGENCY INC., D/B/A/ EARL STEWART TOYOTA OF NORTH PALM BEACH, STEWART AUTO REPAIR, INC., STEWART COLLISION GROUP, LLC, D/B/A BERNIE'S BODY SHOP**

<u>BY:   /s/ Geohagan, A.B.</u>
A. Brent Geohagan, Esq.
Florida Bar No. 071927
Counsel for the Plaintiffs
Geohagan, P.A.
3001 Bartow Road
Lakeland, FL 33803
Telephone: (863) 665-6930
Fax: (863) 665-6935
Email: abrent@geohaganlaw.com

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 24, 2015, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send an electronic copy of this filing to all counsel of record.

**GEOHAGAN, P.A.**

/s/  *Geohagan, A.B.*
A. Brent Geohagan, Esq.
Florida Bar Number 071927
Trial Counsel for the Plaintiffs
Geohagan, P.A.
3001 Bartow Road
Lakeland, Florida 33803
Telephone: (863) 665-6930
Fax:  (863) 665-6935
E-mail:  abrent@geohaganlaw.com and
wavery@geohaganlaw.com
ATTORNEYS FOR PLAINTIFFS